MATTHEW W. TREU, ESQ.
Nevada Bar No. 10781
**LAW OFFICE OF MATTHEW W. TREU, P.C.**
7201 W. Lake Mead Blvd., Suite 108
Las Vegas, Nevada 89128
Tel: (702) 838-4580
Fax: (702) 552-6005

*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| BLUE MOON MARKETING, LLC, a Nevada limited-liability company, | Case No.: 2:13-cv-02238 |
| Plaintiff, | |
| v. | |
| SCOTT R. MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC, a Florida limited-liability company; 4 STAR HOLDINGS LLC, a Florida limited-liability company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual, PRESTIGE TRAVEL SYSTEMS, INC., a Florida corporation; RON LASCALA, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida limited-liability company; PHILLIP BREWER, an individual; WESTGATE RESORTS, LTD., a Florida limited partnership; WESTGATE RESORTS, L.L.C., a Florida limited-liability company; WESTGATE RESORTS, INC., a Florida corporation; RW ADVERTISING, INC., an Illinois corporation; REVENUE FRONTIER, LLC, a California foreign limited-liability company; CALL SERVICES INTERNATIONAL LLC, a Florida limited-liability company; and DOES 1-10,  inclusive, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT, TRADE SECRET THEFT, UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN, AND VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICE ACT**<br><br>**JURY TRIAL REQUESTED** |
| Defendants. | |

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

Plaintiff BLUE MOON MARKETING, LLC, by and through its counsel, Law Office of Matthew W. Treu, P.C. complains and alleges as follows against Defendants SCOTT R. MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC, a Florida limited-liability company; 4 STAR HOLDINGS LLC, a Florida limited-liability company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual, PRESTIGE TRAVEL SYSTEMS, INC., a Florida corporation, RON LASCALA, an individual, SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida limited-liability company, PHILLIP BREWER, an individual, WESTGATE RESORTS, LTD., a Florida limited partnership, WESTGATE RESORTS, L.L.C., a Florida limited-liability company, WESTGATE RESORTS, INC., a Florida corporation, RW ADVERTISING, INC., an Illinois corporation, REVENUE FRONTIER, LLC, a California foreign limited-liability company, CALL SERVICES INTERNATIONAL LLC, a Florida limited-liability company (hereinafter, "Defendants") on information and belief, that the following are and have been true at all time relevant to this lawsuit unless otherwise indicated specifically to the contrary:

## NATURE OF ACTION

1.     This is an action for direct copyright infringement under 17 U.S.C. § 501, contributory and vicarious copyright infringement, direct, vicarious and contributory trademark infringement under Section 43 of the Lanham Act, misappropriation of trade secrets under NRS § 600A.010, and violation of Nevada Deceptive Trade Practices Act.

## PARTIES

2.     Blue Moon Marketing, LLC ("BMM") is a Nevada limited-liability company having its principal place of business in Las Vegas, Nevada.

3.     Travel Excursion Network, LLC ("TEN") is a Florida limited-liability company with its principal place of business at 503 East Jackson St., Suite 139, Tampa, Florida 33602.

4.     4 Star Holdings, LLC ("4 Star") is a Florida limited-liability company with its principal place of business at 2081 N. Pointe Alexis Dr., Tarpon Springs, Florida 34689.

5.     Scott R. Matthews ("Matthews") is an individual with a principal place of residence at 7051 Bramlea Lane, Windermere, Florida 34786.  Upon information and belief,

LAW OFFICE OF
MATTHEW W. TREU, P.C.
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

Matthews acts as an agent for Defendants TEN and 4 Star, and has personally directed the unlawful activities of Defendants TEN and 4 Star.

6.      Allan R. Leffler ("Mr. Leffler") is an individual with a principal place of residence at 2081 N. Pointe Alexis Dr., Tarpon Springs, Florida 34689. Upon information and belief, Mr. Leffler acts as an agent for Defendants TEN and 4 Star, and has personally directed the unlawful activities of Defendants TEN and 4 Star.

7.      Tracy L. Leffler ("Mrs. Leffler;" collectively with TEN, 4 Star, Matthews, Mr. Leffler, and Mrs. Leffler the "TEN Defendants") is an individual with a principal place of residence at 2081 N. Pointe Alexis Dr., Tarpon Springs, Florida 34689. Upon information and belief, Mrs. Leffler acts as an agent for Defendants TEN and 4 Star, and has personally directed the unlawful activities of Defendants TEN and 4 Star.

8.      Prestige Travel Systems, Inc. ("Prestige Travel") is a Florida corporation with its principal place of business at 4802 Gunn Hwy., Suite 158, Tampa, Florida 33624.

9.      Ron LaScala ("LaScala") is an individual with a principal place of residence at 5814 Schooner Way, Tampa, FL 33615. LaScala is a principal and officer of Defendant Prestige Travel. LaScala acts as an agent for Defendant Prestige Travel and has personally directed the unlawful activities of Defendant Prestige Travel as described herein.

10.      Summer Bay Resorts Crown Club, LLC ("Summer Bay"), is a Florida limited liability company with its principal place of business at 25 Town Center Blvd., Suite C, Clermont, Florida 34714.

11.      Phillip Brewer ("Brewer") is an individual with a principal place of residence at 9162 Bay Hill Blvd., Orlando, Florida 32819. Brewer is Director of Marketing at Defendant Summer Bay. Brewer acts as an agent for Defendant Summer Bay and has personally directed the unlawful activities of Defendant Summer Bay as described herein.

12.      Westgate Resorts, Ltd., is a Florida limited partnership with its principal place of business at 5601 Windhover Dr., Orlando, Florida 32819.

13.      Westgate Resorts, L.L.C., is a Florida limited-liability company with its principal place of business at 5601 Windhover Dr., Orlando, Florida 32819.

14.     Westgate Resorts, Inc. (Westgate Resorts, Inc., Westgate Resorts, Ltd. and Westgate Resorts, LLC are collectively referred to herein as "Westgate"), is a Florida corporation with its principal place of business at 5601 Windhover Dr., Orlando, Florida 32819.

15.     RW Advertising, Inc. ("RW") is an Illinois corporation with its principal place of business at 805 Forestwood Drive, Suite B, Romeoville, Illinois, 60446.

16.     Revenue Frontier, LLC ("Revenue Frontier"), is a California foreign limited-liability company with its principal place of business at 3350 Ocean Park Boulevard, Suite 100, Santa Monica, California 90405.

17.     Call Services International LLC is a Florida limited-liability company with its principal place of business at 7901 Kingspointe Parkway, Suite 15, Orlando, Florida 32819, and is a related or affiliated entity of TEN Defendants, but whose relationship with BMM and to the allegations herein are presently unknown.

18.     The Doe Defendants include persons and entities assisting or acting in concert with the other Defendants in connection with the acts complained herein.  All further references in this Complaint to "Defendant" or "Defendants" expressly include each fictitiously named Defendants.

## JURISDICTION AND VENUE

19.     This Court has jurisdiction over the subject matter of this action pursuant to 17 U.S.C. §§ 101 et al., 28 U.S.C. §§ 1331, 1338 and 1332 because there exists a Federal Question under Copyright law, in addition to the fact that there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest, attorney's fees and costs.

20.     This Court has supplemental jurisdiction over BMM's state law claims pursuant to 28 U.S.C. § 1367.

21.     This Court has personal jurisdiction over Defendants because the wrongful activity at issue in this case concerns Defendants' operation of commercial business through which Defendants knowingly solicited and transacted business, and entered into contracts with

individuals residing in the State of Nevada. Each of Defendants, therefore, has purposefully availed itself of the privilege of doing business in the State of Nevada, and critical elements of Defendants' wrongdoing occurred in Nevada.

22. Defendants are subject to both specific and general personal jurisdiction. Defendants market, sell, and support the accused infringing products throughout the United States by means of the World Wide Web, DirecTV and other national broadcasting networks. Further, Defendant Matthews is listed as a principal on at least 2 Nevada LLCs, one of which is the defendant in a pending state court action filed by BMM.

23. Venue is proper in this judicial district under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND FACTS

24. The infomercial industry is a multibillion-dollar specialty advertising industry that uses long form (30-minute) television programs to promote direct sales and build product branding. Traditional uses of infomercials include fitness products, health and beauty, and kitchen and household products. Infomercial marketing campaigns are a highly specialized method of promoting products and services and require a significant amount of capital to produce and launch. Statistically, fewer than 1 in 10 infomercials succeed, and with the average production costs in excess of $250,000.00 for each 30 minute television production, plus an additional $100,000.00 in media testing costs, an average marketer would need to invest more than $3.5 million dollars for a successful product launch. However, the payoff for a successful campaign can be enormous. Successful infomercial campaigns such as Guthy Renker's "ProActiv" acne system and Beach Body's "P90X" have each generated more than $100,000,000.00 in sales. A successful infomercial can turn an unknown product owner into a multi-million dollar corporate powerhouse literally overnight. However, infomercials have a relatively limited window of time to expose consumers to a new product or service before the market becomes saturated.

25. Las Vegas-based BMM was established specifically for the purpose of developing new and exciting products for launch in television infomercials. As a well-

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

established, fully integrated marketing company, BMM has been involved in multiple product launches focused on the travel industry over the past couple of years.

26.     Prior to BMM's entry into the travel industry, travel companies would not even consider using a 30-minute infomercial for their advertising.  Infomercials are single product specific and travel is generally a business filled with hundreds and thousands of product choices.  On the surface, travel would appear to be a virtually impossible product to promote through an infomercial.

27.     BMM had a unique concept whereby it would sell a specific, single travel product by creating a television program that was destination-specific.  BMM spent nearly a year working with Caribbean Cruise Lines and Gulf Coast Processing, a travel sales group in Tampa Bay, Florida, to create a Bahamas land and sea package, investing hundreds of thousands of dollars producing and testing a half-hour television program featuring a Grand Bahama Island land and sea vacation.  Against all odds, the show was successful, broadcasting on national television and generating millions of dollars in new travel sales for Caribbean Cruise Lines.

28.     BMM then began the painstaking process of producing the new 30-minute infomercial involving a Carnival cruise package.  A shooting script was created by one of BMM's infomercial experts and Carnival provided a quantity of artwork, logos and  "B roll" (existing footage) from their library of approved advertising partner footage.

29.     Over the course of the next 3 months, BMM spent thousands of hours, and hundreds of thousands of dollars producing the new television show, building the back-end fulfillment and infrastructure, and training dozens of employees in preparation for the forthcoming media test of the show.  It created a brand for its novel and groundbreaking travel infomercial concept and came up with its new brand name: "Travel Shopping Network."

30.     BMM had finished development and production for its original 28:30 television Infomercial featuring Carnival Cruise Lines titled "The 5 Day 5 Star Dream Vacation" ("BMM's Carnival Cruise Program") on or about April 2013.  Said infomercial first aired via DirecTV channel 86 on or about August 8, 2013.  BMM concurrently published a website

supporting BMM's Carnival Cruise Program with the URL: www.tvtraveldeal.com. The www.tvtraveldeal.com website was registered by BMM on May 24, 2013 and published on or about June 14, 2013.

31.     On or about October 7, 2013, BMM applied for registration of original works of authorship associated with BMM's Carnival Cruise Program with the United States Copyright Office (the "Copyrighted Works"). On or about October 18, 2013, a Certificate of Registration was issued to BMM by the Register of Copyrights for BMM's Carnival Cruise Program and bears registration number PA 1863875. A true and correct copy of the Certificate of Registration is attached hereto as Exhibit "1" and is incorporated by this reference.

32.     BMM is the owner of copyrights associated with the Copyrighted Works.

33.     Shortly after publication of BMM's Carnival Cruise Program, Cannella Response Television, Inc. ("Cannella"), the world's largest direct response media agency, recognized the high response rates, quality and uniqueness of BMM's Carnival Cruise Program and cleared it for immediate scheduling on its propriety Per Inquiry advertising platform with a national reach of nearly 60,000,000 households nationwide.

34.     Desiring to expand its base of travel industry partners, BMM hired Defendant Matthews as an outside sales representative via Golf Coast Processing, Inc., on or about December 11, 2012. Matthews was a broker hired by BMM for the purposes of networking and making contacts in the travel industry for BMM.

35.     As part of Matthews' contractual written agreement with BMM (the "Agreement"), he consented to a standard non-disclosure and non-competition clause preventing him from disclosing any proprietary information relative to his employment and further preventing him from accepting employment from any other competitor for a period of three months after termination of the Agreement. Matthews accepted the terms of the Agreement and was paid by electronic bank deposit in accordance with the terms of the Agreement on a weekly basis since December 11, 2013.

36.     On June 17, 2013, Matthews conspired with codefendants Allan R. Leffler and Tracy L. Leffler to form a shell company, Defendant 4 Star Holdings, LLC, for the purpose of

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

defrauding BMM and illegally replicating BMM's propriety marketing concepts by creating a long form infomercial which copied BMM's Carnival Cruise Program.

37.    On or about September 4, 2013, the TEN Defendants formed another shell company, Defendant Travel Excursion Network, LLC, for the purpose of producing and airing an 28:30 infomercial nearly identical to BMM's Carnival Cruise Program ("Defendants' Infringing Program").

38.    In an effort to elude detection and perpetrate the fraud, TEN Defendants did not list Matthews, Mr. Leffler, or Mrs. Leffler as an officer or manager of Travel Excursion Network, LLC, but instead listed 4 Star Holdings as the manager of Travel Excursion Network, LLC.

39.    In an effort to further mimic BMM's Carnival Cruise Program, as well as deceive and confuse prospective travel industry partners and customers, TEN Defendants registered and promoted Defendants' Infringing Program under the name "Travel Excursion Network, LLC," which is confusingly similar to BMM's commonly held companies and industry brands Travel Shopping Network, LLC and Travel Shopping Network, Inc. (collectively, "Travel Shopping Network")

40.    In a further effort to deceive and confuse prospective travel industry partners and customers, TEN Defendants registered a website name confusingly similar to www.tvtraveldeal.com, BMM's website used in conjunction with BMM's Carnival Cruise Program. Indeed, TEN Defendants registered URL is www.tvcruisedeal.com, which is used in conjunction with Defendants' Infringing Program that began airing in October 2013.

41.    Defendants' Infringing Program is nearly identical to BMM's Carnival Cruise Program. Indeed, Defendants' Infringing Program follows the exact same format as BMM's Carnival Cruise Program, using a male and female spokesperson of similar age and appearance as the spokespersons in BMM's Carnival Cruise Program.

42.    The offer within Defendants' Infringing Program is identical to BMM's Carnival Cruise Program: to wit, a "5-day Land and Sea Vacation" featuring Carnival Cruise

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

lines in conjunction with the very same Orlando-based resorts contracted by BMM via Matthews.

43.     The $149.00 price point of the travel package offered in Defendants' Infringing Program is identical to BMM's Carnival Cruise Program.

44.     The destinations offered by Defendants' Infringing Program are identical to BMM's Carnival Cruise Program: Cozumel, Belize, Roatan and the Cayman Islands. The specific Carnival Cruise offered is also identical.  Indeed, Defendants replicated the exact offer developed by BMM for its Carnival Cruise Program.

45.     BMM, through painstaking efforts, and an introduction by Matthews, its paid contractor, developed a relationship with Carnival Cruise Lines for the purpose of developing a land and sea vacation offer for $149.00 to Cozumel, Mexico, with an upgraded cruise to the western Caribbean including Belize, Roatan, and Grand Cayman; all in conjunction with a timeshare resort tour which was offered with various land-based upgrades including additional days.  Matthews used his position as paid contractor of BMM to develop a relationship with Carnival Cruise Lines' designated travel Agency: Prestige Travel.  Matthews subsequently abused his fiduciary powers to conspire with LaScala and Prestige Travel to provide a duplicate cruise offer as part of Defendants' infringing Program.

46.     The primary source of revenue derived from the vacation package offered by BMM's Carnival Cruise Program is facilitated through the upgraded vacation packages that are tied to a timeshare tour.  Even the means of facilitating upgraded vacations utilized by Defendants' Infringing Program is identical to BMM's Carnival Cruise Program.  Defendants' Infringing Program not only replicates the exact upsell packages offered in BMM's Carnival Cruise Program, but TEN Defendants contracted with the very same resorts (Westgate and Summer Bay) with whom BMM had initially contracted.  Matthews usurped the relationships BMM had with Westgate and Summer Bay, causing BMM's relationships with these resorts to be terminated.  Matthews then conspired with Brewer and Summer Bay to duplicate the upgraded vacation packages offered in BMM's Carnival Cruise Program.  Indeed, Westgate and Summer Bay resorts are prominently displayed on TEN Defendants' website

www.tvcruisedeal.com as part of the upgraded packages that customers may elect to take advantage of in conjunction with Defendants' Infringing Program.

47.     The show set used in Defendants' Infringing Program is nearly identical to BMM's Carnival Cruise Program: a green screen background with similar tropical backdrops.

48.     The script used in Defendants' Infringing Program is almost identical to the proprietary script developed by BMM's writers.  It is obvious that extensive portions of BMM's original script were simply copied by Defendants.  In fact, certain portions of BMM's original script for the Carnival Cruise Program which never made it into the final cut of BMM's Carnival Cruise Program actually appear in Defendants' Infringing Program.

49.     Another aspect of the Copyrighted Works that was copied by Defendants' Infringing Program was the actual B-roll footage (existing footage) utilized in BMM's Carnival Cruise Program.  BMM utilized a combination of more than 6 hours of B-roll provided by Carnival Cruise Lines and thousands of hours of B-roll footage available through commercial stock footage providers.  Defendants incorporated B-roll footage throughout their infringing show that was identical to the B-roll utilized in BMM's Carnival Cruise Program.   Given the volume of choices available for B-roll, it would have been virtually impossible for Defendants to select the exact footage contained in BMM's Carnival Cruise Program without directly copying the creative choices made by BMM.   The B-Roll footage utilized in BMM's Carnival Cruise Program has been duplicated by Defendants in an effort to replicate BMM's Carnival Cruise Program and confuse the public.

50.     The URL used within the infringing infomercial is virtually identical to the URL used within BMM's Carnival Cruise Program.  The look, feel and net impression of Defendants' Infringing Program are designed for the specific purpose of exactly replicating BMM/Travel Shopping Network's infomercial and brand, resulting in consumer confusion.

51.     TEN Defendants, in violation of Matthews' employment contract with BMM, have contracted with Defendant Prestige Travel—a former proprietary BMM/Travel Shopping Network contracted supplier of Carnival Cruises—in an effort to clone BMM's Carnival Cruise Program and unfairly compete and continue to wrongfully divert customers and revenue from

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

BMM. Prestige Travel, and its President LaScala, is actively providing travel products/services, facilitating sales for Defendants' Infringing Program, and helping to facilitate the television broadcast of Defendants' Infringing Program.

52. TEN Defendants, in violation of Matthews' employment contract with BMM, have contracted with Westgate—a former proprietary BMM/Travel Shopping Network contracted supplier of timeshare tours and land-based accommodations—in an effort to clone BMM's Carnival Cruise Program and unfairly compete and continue to wrongfully divert customers and revenue from BMM. Westgate is actively purchasing leads and/or facilitating and processing sales from TEN Defendants.

53. TEN Defendants, in violation of Matthews' employment contract with BMM, have contracted with Summer Bay, a proprietary BMM/Travel Shopping Network contracted supplier of timeshare tours and land-based accommodations in an effort to clone the Copyrighted Works and unfairly compete and continue to wrongfully divert customers and revenue from BMM. Defendant Summer Bay, and its Director of Marketing Brewer, is actively purchasing leads and processing and otherwise facilitating sales from Defendants' Infringing Program while knowing that Defendants' Infringing Program infringed upon BMM's Carnival Cruise Program.

54. TEN Defendants, in violation of Matthews' employment contract with BMM, have contracted with Defendants RW and Revenue Frontier, using proprietary BMM sales data and trade secrets to secure airtime on a Per Inquiry basis on DirecTV and other national and local television broadcast channels only accessible with proprietary sales and response data illegally shared with RW and Revenue Frontier in an effort to wrongfully divert customers and revenue from BMM. Defendants RW and Revenue Frontier assisted TEN Defendants in broadcasting Defendants' Infringing Program. Moreover, Defendant RW actively assisted TEN Defendants in producing Defendants' Infringing Program and purchasing media for Defendants' Infringing Program while knowing that Defendants' Infringing Program infringed upon BMM's Carnival Cruise Program.

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

55.     TEN Defendants, in violation of Matthews' employment contract with BMM, have replicated the sales offers, upsells and sales scripts associated with BMM's proprietary infomercial marketing campaign, in an effort to wrongfully divert customers and revenue from BMM.

56.     By mid-September of 2013, Matthews had tortiously interfered with BMM's supplier of cruises (Prestige Travel) and prevented a vital resort operator (Westgate) from participating in BMM's infomercial campaign and wrongfully diverting customers and revenue from BMM.

57.     On or about October 4, 2013, executives at Cannella notified BMM that "an exact replica" of the Copyrighted Works had aired on DirecTV and that said infringing infomercial was scheduled for heavy nationwide rotation on a DirecTV channel controlled by Defendant Revenue Frontier, throughout the weekend and into the following week.  The DirecTV channel which aired Defendants' Infringing Program is available to cable and satellite viewers nationwide, including in Nevada and this judicial district.

58.     Thereafter, executives at Cannella placed phone calls to BMM and informed BMM of the infringing infomercial (Defendants' Infringing Program) and explained that Defendants' Infringing Program even included "B-Roll" that was identical or indistinguishable from BMM's Copyrighted Works.

59.     On or about November 5, 2013, Cannella was contacted by Defendant RW about airing Defendants' Infringing Program.  Cannella indicated that it would not air Defendants' Infringing Program because it was similar to BMM's Carnival Cruise Program. The contact at RW responded by stating that he understood Cannella's position but clarified that the programs were not just similar, "they were essentially the same."

60.     Since discovering the infringing show, Defendants' Infringing Program has been observed being aired numerous times a day during the month of October 2013, on multiple national television channels throughout the United States.  According to BMM's media agency, Defendants' Infringing Program was aired as much as 17% of the total available air time on Defendant Revenue Frontier's national DirecTV channel during the first weeks the Infringing

Show began broadcasting. These examples do not represent an exhaustive and complete account of Defendants' airing of Defendants' Infringing Program.

61. TEN Defendants are engaged in the willful and systematic infringement of the intellectual property rights of BMM. Moreover, Defendants have either facilitated or assisted and participated in the infringement of BMM's intellectual property rights.

62. On or about October 2013, BMM, by way of written notice, asked Defendants Summer Bay, Westgate, Brewer, Prestige Travel, LaScala, RW and Revenue Frontier (collectively "Noticed Defendants") to cease and desist from said infringing conduct. However, Noticed Defendants continue to facilitate or participate in the infringing conduct. Moreover, Noticed Defendants continue to profit from and provide critical support to the infringing conduct.

63. Defendants copied the physical and operational aspects of BMM's Carnival Cruise Program by directly copying the concept, offer and components of the program's timeshare vacation package, along with trademark, trade name, scripts and creative elements associated with the program.

64. TEN Defendants had absolutely no prior experience with the infomercial marketing industry prior to creating Defendants' Infringing Program. Matthews abused his access to BMM's collective twenty-five (25) years of infomercial marketing experience, in clear and calculated violation of his contract, to extract and steal vital trade secrets that enabled Defendants to gain an unfair advantage and directly replicate BMM's Carnival Cruise Program.

65. Defendants' Infringing Program is continuously being broadcast over YouTube's Travel Excursion Network channel, and is likely scheduled to continue running at an aggressive pace in the immediate future on national television, causing further damage to BMM and unjust enrichment to Defendants. At no time did BMM authorize any Defendant to reproduce, adapt, or distribute any portion of the Copyrighted Works.

66. Defendants have copied BMM's proprietary infomercial, trade mark, trade dress, and most importantly, illegally misappropriated all trade secrets, sales data, scripts and

sales processes accumulated over two years of campaign development to wrongfully divert customers and revenue from BMM.

## FIRST CLAIM FOR RELIEF

## DIRECT COPYRIGHT INFRINGEMENT

67. BMM incorporates, repeats, and realleges every allegation set forth above.

68. BMM owns all rights, title and interest in and to valid copyrights in the original elements comprising its Copyrighted Works, and the original combination of such elements. BMM's Copyrighted Works contain original material owned by BMM and constitute copyrightable subject matter under U.S. law.

69. Due to the repeated airing of BMM's Carnival Cruise Program via DirecTV, as well as Matthews' direct access to the Copyrighted Works as a result of his employment relationship with BMM, Defendants have had access to BMM's Copyrighted Works and the elements thereof.

70. Defendants have copied the constituent elements of BMM's Copyrighted Works, and the combination, selection, arrangement, and coordination thereof, and have otherwise infringed BMM's copyright in and to its Copyrighted Works.

71. Defendants willfully engaged in copyright infringement of BMM's Copyrighted Works by copying the Copyrighted Works, and the constituent elements thereof, with full knowledge of BMM's interest in and to its Copyrighted Works.

72. BMM has sustained actual damages as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such damages pursuant to 17 U.S.C. § 504(a)(1).

73. Defendants have profited as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such profits pursuant to 17 U.S.C. § 504(a)(1).

74. BMM has been required to retain an attorney to prosecute this action, and Defendants are liable to BMM for BMM's attorney fees pursuant to 17 U.S.C. § 505.

75. BMM has incurred costs of suit in connection with bringing this action, and Defendants are liable to BMM for those costs of suit pursuant to 17 U.S.C. § 505.

Law Office of
**Matthew W. Treu, P.C.**
7201 W. Lake Mead Blvd., Suite 108
(702) 838-4580 Fax: (702) 552-6005

76.     Defendants' acts have irreparably harmed BMM and threaten further irreparable harm to BMM with each continued use of Defendants' Infringing Program.  To halt further irreparable injury, BMM hereby requests that the Court issue temporary, preliminary and permanent injunctive relief, restraining Defendants from the use of Defendants' Infringing Program or otherwise infringing or violating BMM's rights in the Copyrighted Works.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

77.     BMM incorporates, repeats, and realleges every allegation set forth above.

78.     Defendants have knowingly induced, caused, encouraged, and assisted others to infringe, and or materially contributed to the infringement by others of the Copyrighted Works, as set forth above.

79.     BMM has sustained actual damages as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such damages pursuant to 17 U.S.C. § 504(a)(1).

80.     Defendants have profited as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such profits pursuant to 17 U.S.C. § 504(a)(1).

81.     BMM has been required to retain an attorney to prosecute this action, and Defendants are liable to BMM for BMM's attorney fees pursuant to 17 U.S.C. § 505.

82.     BMM has incurred costs of suit in connection with bringing this action, and Defendants is liable to BMM for those costs of suit pursuant to 17 U.S.C. § 505.

## THIRD CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT

83.     BMM incorporates, repeats, and realleges every allegation set forth above.

84.     Defendants profited and continue to profit from infringement of the Copyrighted Work.

85.     Defendants have the ability to stop or limit infringement by an employee or independent contractor of Defendants, with respect to the Copyrighted Work, but Defendants have declined to meaningfully exercise that ability.

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

86. BMM has sustained actual damages as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such damages pursuant to 17 U.S.C. § 504(a)(1).

87. Defendants have profited as a result of Defendants' acts as alleged herein, and Defendants are liable to BMM for such profits pursuant to 17 U.S.C. § 504(a)(1).

88. BMM has been required to retain an attorney to prosecute this action, and Defendants are liable to BMM for BMM's attorney fees pursuant to 17 U.S.C. § 505.

89. BMM has incurred costs of suit in connection with bringing this action, and Defendants is liable to BMM for those costs of suit pursuant to 17 U.S.C. § 505.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT, VICARIOUS LIABILITY
## AND CONTRIBUTORY INFRINGEMENT

90. BMM refers to and incorporates paragraphs 1 to 83 above as though fully set forth herein.

91. BMM markets BMM's Carnival Cruise Program under the mark "Travel Shopping Network" (the "Mark"). The Mark consists of the words in a stylized format.

92. BMM first adopted and began using the Mark in or around August 8th, 2013 when it launched BMM's Carnival Cruise Program and the Mark is protected under common law. BMM is in the process of obtaining formal trademark registration of the Mark.

93. BMM has continuously used the Mark since August 8, 2013 to identify its BMM's Carnival Cruise Program and the Mark is intended to identify this infomercial across different media and networking platforms.

94. BMM has acquired significant rights in the Mark through their adoption, use, and the significant sales and advertising of the Mark and the products and services sold and/or provided under the Mark.

95. For the reasons alleged herein, the Mark has become associated with, distinctive of and consequently identifies, BMM, its goods and no other goods.

96. Defendants improper use of the mark "Travel Excursion Network" is likely to mislead, deceive and confuse consumers into believing that the Travel Excursion Network's

LAW OFFICE OF
MATTHEW W. TREU, P.C.
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

products and services are those of BMM's Travel Shopping Network, or that the Travel Excursion Network and its services are otherwise endorsed, authorized, sponsored or licensed by the Travel Shopping Network.

97.     Defendants have used their infringing mark in connection with Defendants' Infringing Program to sell competing products without authorization from BMM.

98.     Defendants have used their infringing mark and infringing infomercial in connection with their unlawful use of the Mark and BMM's Copyrighted Works in interstate commerce so as to be likely to cause confusion or mistake among the public as to the true origin, source, sponsorship, approval, authorization, association or affiliation of Defendants' products, all to Defendants' profit and Plaintiff's damage of its business.

99.     Defendants are knowingly inducing, causing, and materially contributing to the trademark infringing conduct described herein.  Defendants had the right and ability to supervise and/or to control the infringing content and receive direct financial benefit from the infringing activity described herein.

100.    Defendants are providing critical support to those who are improperly making use of the infringing mark Travel Excursion Network.

101.    Defendants are liable for inducing infringement or contributory infringement of the Mark, and/or are vicariously liable, by reason of the uses alleged herein.  Defendants are also liable as co-conspirators for the acts of trademark infringement described herein.

102.    Defendants' unlawful actions were willful, and were committed in bad faith with the intent to injure and infringe upon BMM's rights.

103.    As a direct result of Defendants' violation of 15 U.S.C. §§ 1125(a) *et seq*., ("Lanham Act"), BMM has sustained, and will continue to sustain, substantial and irreparable injury.

104.    BMM is entitled to a permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them  from engaging in the conduct described herein that violates the Lanham Act.

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

105.    BMM is further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of their violation of the Lanham Act. BMM is at present unable to ascertain the full extent of the gains, profits, and advantages Defendants have obtained by reason of their acts of trademark infringement, but such damages are substantial.

**FIFTH CLAIM FOR RELIEF**

**MISAPPROPRIATION OF TRADE SECRETS UNDER NRS 600A.010 *ET SEQ.***

106.    BMM refers to and incorporates paragraphs 1 to 83 above as though fully set forth herein.

107.    At all relevant times to the allegations in this dispute, BMM maintained numerous trade secrets as part of their business, including, but not limited to, formulas, patterns, compilations, programs, devices, methods, techniques, products, systems, processes, designs, prototypes, procedures, and programming which derive independent economic value from not being generally known to, and not being readily ascertainable by, proper means by the public or by any other persons who could obtain commercial or economic value from their disclosure or use.

108.    At all relevant times to the allegations in this dispute, BMM took adequate measures and maintained the foregoing information and technology as trade secrets. Defendants intentionally, or with reason to believe that their actions would cause actual injury to Plaintiffs, misappropriated and exploited BMM's trade secret information for the Defendants' own personal use and gain.

109.    Defendants misappropriated BMM's trade secret information with willful, wanton and/or reckless disregard of the rights of BMM.

110.    At all times relevant hereto, the Defendants knew, or should have known, that the trade secrets were owned by Plaintiffs and by no one else and further that BMM derived independent economic value from the trade secrets.

111.    Defendants misappropriated by improper means and for their own use the trade secrets without the approval of, or consent of Plaintiffs, whether written, oral or implied.

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

112.     At all times relevant hereto, Defendants knew, or had reason to know, that the trade secrets belonged to BMM and that they were acquiring Plaintiffs' trade secrets by improper means and methods.

113.     Defendants intended to injure BMM or had reason to know that their actions would injure BMM as the owners of the trade secrets.

114.     Based upon the foregoing and pursuant to NRS 600A.040, BMM is entitled to injunctive relief in enjoining and restraining the Defendants from the further use and/or dissemination of the trade secrets which belong to BMM herein.

115.     Based on the foregoing and pursuant to NRS 600A.050, BMM is entitled to damages for the Defendants' misappropriation of trade secrets, including, but not limited to, any and all losses and unjust enrichment caused by the Defendants' misappropriation of the Plaintiffs' trade secrets.

116.     Defendants' action were willful, wanton, malicious, oppressive and in reckless disregard of Plaintiffs' rights, thereby entitling BMM herein to exemplary damages pursuant to NRS 600A.050 and attorney's fees as permitted by NRS 600A.060.

117.     As a legal and proximate cause of the Defendants' misappropriation of the trade secrets of BMM, BMM has sustained actual damages.

118.     BMM is entitled to an order for compensatory and punitive damages according to statute and the disgorgement of profits received by Defendants herein.

## SIXTH CLAIM FOR RELIEF

## VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT

119.     BMM refers to and incorporates paragraphs 1 to 83 above as though fully set forth herein.

120.     Defendants' unlawful copying and use of Plaintiff's Copyrighted Works and trademark infringement constitute deceptive trade practices under Nevada Deceptive Trade Practices Act, NRS 598.0903 *et seq.*

121.     The public is likely to be substantially damaged as a result of Defendants' deceptive trade practices.

LAW OFFICE OF
**MATTHEW W. TREU, P.C.**
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005

122.     Unless preliminary and, thereafter, permanently enjoined by this Court, Defendants will continue said deceptive trade practices, thereby deceiving the public and continuing to cause BMM immediate and irreparable injury for which it has no adequate remedy at law.

### **PRAYER FOR RELIEF**

BMM prays for judgment against Defendants as follows:

1.     For judgment in favor of BMM and against Defendants, jointly and severally, for direct copyright infringement, vicarious copyright infringement, contributory copyright infringement, direct, vicarious and contributory trademark infringement, misappropriation of trade secrets under NRS 600A.010 *et seq.*, and violation of Nevada Deceptive Trade Practices Act, in an amount to be proven at trial.

2.     For a preliminary and permanent injunction enjoining Defendants and all persons acting in concert with them from producing, distributing, adapting, displaying, advertising,  promoting, offering for sale and/or selling, or performing any materials that are substantially similar to BMM's Carnival Cruise Program, and to deliver to the Court for destruction or other reasonable disposition all materials and means for producing the same in Defendants' possession or control;

3.     For a preliminary and permanent injunction, enjoining Defendants and all persons acting in concert with them from using the name "Travel Shopping Network" or "Five Day Five Star Dream Vacation"  in connection with any infomercial, website or form otherwise using BMM's mark, "Travel Shopping Network" or "Five Day, Five Star Dream Vacation", or any confusingly similar mark thereof, in any way causing the likelihood of confusion, deception, or mistake as to the source, nature, or quality of Defendants' products and to deliver to the Court for destruction or other reasonable disposition all materials bearing the infringing mark in Defendants' possession or control;

4.      For a preliminary and permanent injunction restraining and enjoining Defendants, and all persons acting in concert with them from continuing to misappropriate BMM's confidential information and trade secrets and/or its operational documents, conducting

any business operations utilizing in any manner whatsoever BMM's confidential information and trade secrets and/or its operations documents, and aiding and abetting the improper disclosure by any other party of BMM's confidential information and trade secrets and/or its operational documents;

5.      For any and all damages sustained by BMM as a result of the unlawful activity described herein;

6.      For Defendants to disgorge profits wrongfully derived as a result of the unlawful activity described herein;

7.      For compensatory damages as alleged herein;

8.      For punitive and exemplary damages;

9.      For attorneys' fees and costs of suit incurred herein;

10.     For any other relief this Court may deem proper.

## DEMAND FOR JURY TRIAL

BMM hereby requests trial by jury on all causes of action set forth in this Complaint.

Respectfully submitted this 6th day of December, 2013.

LAW OFFICE OF MATTEW W. TREU, P.C.

By   /s/ Matthew W. Treu

MATTHEW W. TREU
Nevada Bar No. 10781
7201 W. Lake Mead Blvd., Suite 108
Las Vegas, Nevada 89128

LAW OFFICE OF
MATTHEW W. TREU, P.C.
7201 W. LAKE MEAD BLVD., SUITE 108
(702) 838-4580 FAX: (702) 552-6005