DAVID S. LEE, ESQ.
Nevada Bar No.: 6033
LEE, HERNANDEZ, LANDRUM,
GAROFALO & BLAKE
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128
(702) 880-9750
Fax; (702) 314-1210
dlee@lee-lawfirm.com

Attorneys for Defendant
REVENUE FRONTIER, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BLUE MOON MARKETING, LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT R. MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC; a Florida limited-liability company; 4 STAR HOLDINGS LLC, a Florida limited-liability company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual; PRESTIGE TRAVEL SYSTEMS, INC. a Florida corporation; RON LASCAL, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida limited-liability company; PHILLIP BREWER, an individual; WESTGATE RESORTS, LTD., a Florida limited partnership; WESTGATE RESORTS, LLC, a Florida limited-liability company; WESTGATE RESORTS, INC., a Florida corporation; RW ADVERTISING, INC., an Illinois corporation; REVENUE FRONTIER, LLC, a California foreign limited-liability company; CALL SERVICES INTERNATIONAL LLC, a Florida limited-liability company; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.: 2:13-cv-02238-JAD-GWF<br><br>**DEFENDANT REVENUE FRONTIER, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS** |

## DEFENDANT REVENUE FRONTIER, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

Defendant Revenue Frontier, LLC ("Revenue Frontier") respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff Blue Moon Marketing, LLC's ("BMM" or "Plaintiff") Complaint against Revenue Frontier for: (a) lack of personal jurisdiction over Revenue Frontier, pursuant to Fed. R. Civ. P. 12(b)(2); (b) improper venue, pursuant to Fed. R. Civ. P. 12(b)(3); and (c) failure to state a claim against Revenue Frontier, pursuant to Fed. R. Civ. P. 12(b)(6). Revenue Frontier incorporates by reference its Memorandum of Points and Authorities and accompanying exhibits, Dkts. 22–22-3.

## I. INTRODUCTION

Plaintiff's Complaint falls woefully short of federal pleading standards by failing to assert a cognizable basis for personal jurisdiction over Revenue Frontier, by failing to show how venue could be proper in this District, and, count by count, by failing to state a claim against Revenue Frontier; and Plaintiff's Opposition does nothing to cure even one of these several fatal flaws. The Motion to Dismiss should be granted without leave to amend.

With respect to personal jurisdiction, Plaintiff, in its Opposition, concedes that the Court does not have general jurisdiction over Revenue Frontier, and, therefore, that the allegations in its Complaint (asserting the Court's general jurisdiction over the Defendants) were incorrect. In addition, Plaintiff fails to meet its burden of demonstrating that specific jurisdiction applies to Revenue Frontier. Specific jurisdiction relies on a showing that the claims at issue are directly related to the activity of Revenue Frontier that was "*expressly aimed*" at the forum state, which Plaintiff has failed to show. Plaintiff appears to rest its claim of personal jurisdiction on the premise that Revenue Frontier, without any other meaningful relationship to Nevada, purchased nationwide airtime from a satellite television provider on which its client's allegedly infringing infomercial aired. *See* Compl. ¶¶ 54, 57. Finding specific jurisdiction under such circumstances leads to an absurd result and one that has been squarely rejected by the Ninth Circuit. To the contrary, the Ninth Circuit has held that nationwide advertising by a defendant's client, without

more, is sufficient to confer nationwide jurisdiction over a defendant. *See infra* Part A. Further, contrary to Plaintiff's assertion and as explained below, the facts here are far more similar to cases where the Ninth Circuit found that specific jurisdiction over a defendant was improper rather than the cases Plaintiffs cite.

Moreover, Plaintiff's Opposition does not even mention Revenue Frontier's Motion to Dismiss for Improper Venue under Fed. R. Civ. P. 12(b)(3), let alone offer a single argument against it. Therefore, Plaintiff has implicitly, if not explicitly, consented to the granting of the Motion on this basis.

With regard to Revenue Frontier's Motion to Dismiss for Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6), Plaintiff's Opposition once again is wholly inadequate just like the allegations in the Complaint. In response to Revenue Frontier's Motion to Dismiss the six different claims alleged against Revenue Frontier, the Opposition contains just one paragraph, comprising less than ten lines of text; and, as the Court can see, that paragraph contains only vague, conclusory, and inarticulate statements rather than supported arguments tied to the facts alleged in the Complaint. Lastly, Plaintiff's Opposition is replete with improper speculation, mischaracterizations of affiant testimony, and irrelevant and/or unattested proffering of facts, all of which should be disregarded by the Court.[1]

## II. ARGUMENT

### A. Lack of Personal Jurisdiction Over Revenue Frontier

Plaintiff rightfully concedes that the allegations in its Complaint were inaccurate in that "the Court likely does not have general jurisdiction over the Defendant." *Compare*, Opp'n, Dkt. 27, at 6, *with* Compl. ¶ 22 ("Defendants are subject to both specific and general personal jurisdiction.").

/ / /

/ / /

---

[1] For example, the responses of other Defendants to Plaintiff's Complaint, to which Plaintiff devotes an entire subsection of its Opposition (*see* Opp'n, Dkt. 27, at 4), are not remotely relevant to Revenue Frontier's Motion to Dismiss and should not be considered by the Court in deciding this Motion.

3

In addition, Plaintiff's arguments in support of specific jurisdiction over Revenue Frontier fall short. Plaintiff admits that one of the requirements for specific jurisdiction, which it bears the burden to prove,[2] is that Revenue Frontier "purposefully directed" its activities toward the forum state. *See* Opp'n, Dkt. 27, at 7. In analyzing purposeful direction, courts in the Ninth Circuit apply the "effects" test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984), which has been interpreted to require the defendant to have: (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm, the brunt of which is suffered and which the defendant knows is likely to be suffered in the forum state. *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1087 (9th Cir. 2000). Here, Plaintiff's Complaint fails to allege facts sufficient to meet prong two of the "effects" test.

With respect to the second prong of the "effects" test, the Ninth Circuit has explained that "something more than mere foreseeability is required in order to justify the assertion of personal jurisdiction," *Schwarzenegger v.* , 374 F.3d at 805. That "something more" has been interpreted by the Ninth Circuit to be activity "expressly aimed" toward the forum state. *See Pebble Beach*, 453 F.3d at 1156; *Bancroft*, 223 F.3d at 1087 ("We now conclude that 'something more' is what the Supreme Court described as "express aiming" at the forum state.").

Here, Plaintiff asserts that "the expressly aiming component [] is satisfied . . . because the Defendant's TV channel could count on reaching consumers in all fifty states and the TV channel cultivated its nationwide audience for commercial gain." Opp'n, Dkt. 27, at 9. The Ninth Circuit, however, has consistently held that allegations of nothing more than nationwide advertising[3] are not sufficient to meet the "expressly aiming" requirement. *See, e.g., Boschetto v. Hansing*, 539 F.3d 1011, 1022–23 (9th Cir. 2008) (J. Rymer Concurring) ("As we have previously held, merely advertising over the Internet is not sufficient to confer jurisdiction throughout the United States, even though the advertisement or website at issue may be viewed nationwide.") (citing *Pebble*

---

[2] *Sher v. Johnson*, 911 F.2d 1357, 1361 (9th Cir. 1990).

[3] The Ninth Circuit and district courts within the circuit have not applied the law of personal jurisdiction to nationwide television advertising or programming. Thus, most analogous to the present case, and to which this Reply cites, are opinions that deal with Internet websites (which, like nationwide television broadcasts, are accessible to consumers throughout the country).

4

*Beach Co. v. Caddy*, 453 F.3d 1151, 1157–58 (9th Cir. 2006) and *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419–20 (9th Cir. 1997)); *Pebble Beach*, 453 F.3d at 1157 ("[W]hen a website advertiser does nothing other than register a domain name and post an essentially passive website and nothing else is done to encourage residents of the forums state, there is no personal jurisdiction.") (internal quotation marks and citations omitted); *Cybersell*, 130 F.3d at 418–20 ("[N]o court has ever held that an Internet advertisement alone is sufficient to subject the advertiser to jurisdiction in the plaintiff's home state."); *see also Johnson v. Venzon*, No. C12-895RSL, 2012 WL 3778877, at *3 (W.D. Wash. Aug. 30, 2012) ("Plaintiff has plausibly alleged nothing more than that Defendants used their site to advertise widely. . . . This is not enough.") (citing *Cybersell*, 130 F.3d at 418–20).

For example, in *Cybersell*, the Ninth Circuit affirmed the granting of the defendant's motion to dismiss for lack of personal jurisdiction where the plaintiff sought the District of Arizona to "exercise personal jurisdiction over an allegedly infringing Florida web site advertiser who ha[d] no contacts with Arizona other than maintaining a website home page that [was] accessible to Arizonans, and everyone else, over the Internet." *Cybersell*, 130 F.3d at 415. The court noted that "[w]hile there is no question that anyone, anywhere could access the home page and thereby learn about the services offered, we cannot see how from that fact alone it can be inferred that [defendant] deliberately directed its merchandising efforts toward Arizona residents." *Id.* at 419. Ultimately, the court held that the defendant's contacts were insufficient to confer personal jurisdiction over the Florida defendant "on the footing that [Plaintiff] has alleged trademark infringement over the Internet . . . on an essentially passive web page advertisement. Otherwise, every complaint arising out of alleged trademark infringement on the Internet would automatically result in personal jurisdiction wherever the plaintiff's principal place of business is located. That would not comport with traditional notions of what qualifies as purposeful activity invoking the benefits and protections of the forum state." *Id.* at 420.

Here, Plaintiff crucially misses the point on two counts. First, Revenue Frontier is not a nationwide advertiser. Rather, it is a media buying agency whose clients produce their own television infomercials; Revenue Frontier simply obtains from networks blocks of reserved

airtime, after which the networks run the clients' television infomercials at certain dates and times on certain channels. Durand Decl., Dkt. 22-2, ¶ 2. Nor is Revenue Frontier a network. Durand Decl. ¶ 2. Therefore, it is inaccurate for Plaintiff to refer to the selected airtime as "Defendant's TV channel" (Opp'n, Dkt. 27, at 8) and, in truth, Revenue Frontier's status as a media buying agency rather than an advertiser, makes personal jurisdiction over it even more tenuous.

Second, Plaintiff incorrectly applies the law to the facts. Contrary to Plaintiff's argument, the proper question is not whether consumption of the allegedly infringing infomercial by Nevada residents was foreseeable, but whether Revenue Frontier acted with "express aim" toward Nevada (separate and apart from the 49 other states where viewers who happen to tune-in to a particular satellite channel may see an advertisement for which airtime was purchased by Revenue Frontier). *See Pebble Beach*, at 1156 (noting that "we have warned courts not to focus too narrowly on the [*Calder*] test's third prong — the effects prong — holding that 'something more' is needed in addition to a mere foreseeable effect" and that defendant's registration of an allegedly infringing domain name and use of an allegedly infringing trademark on its website did not qualify as activity "aimed at [the forum state] and, regardless of foreseeable effect, [was] insufficient to establish jurisdiction"). Here, like in *Pebble Beach*, Revenue Frontier purchased nationwide airtime from a satellite network, which happened to broadcast its client's content in Nevada, as well as every other state. Certainly, this is not the type of activity that meets the Ninth Circuit's "expressly aimed" standard.

Moreover, the two cases on which Plaintiff primarily relies are inapposite. First, Plaintiff misstates the salient facts of *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011) (cited in Opp'n at 8), which are decidedly distinguishable from the facts here. In *Mavrix*, the plaintiff, a photo agency in the business of licensing and selling candid photographs of celebrities to celebrity news outlets, *e.g.*, *People* and *Us Weekly* magazines, sued the defendant, an Ohio corporation that operated a popular celebrity gossip website on grounds that the website owner allegedly published a series of infringing photographs in violation of the Copyright Act. Contrary to BMM's recitation of the case in its Opposition, however, the defendant and/or defendant's website in *Mavrix* had specific ties to California, including: (a) the use of third-party

6

advertisements on the website that specifically targeted California residents; (b) the defendant's website featured a link to a third-party website that sold tickets to nationwide concerts and events, some of which were in California; (c) a California advertising agency solicited buyers and placed advertisements on defendant's website; (d) a California vendor designed and hosted a mobile phone application for the defendant's website; (e) a California firm designed the defendant's website and performed site maintenance; (f) the defendant operated a website which specifically focused on the California-centered celebrity and entertainment industries; and (g) the defendant "anticipated, desired, and achieved a substantial California view base," as evidenced by data in the record, such that the California "audience [was] an integral component of [the Defendant's] business model and its profitability." *Id.* at 1222, 1230. It was these contacts, none of which have been alleged by Plaintiff here, that supported the Ninth Circuits determination that "it does not violate due process to hold [the Defendant] answerable in a California court for the contents of a website whose economic value turns, in significant measure, on its appeal to Californians." *Id.* at 1230.

Second, *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104 (9th Cir. 2002) (cited in Opp'n at 9) is also distinguishable from the present case. The defendants in *Dole* were former employees holding managerial positions of a foreign division of the plaintiff who had allegedly engaged in an elaborate scheme to defraud the plaintiff by convincing its managers to implement a new importing arrangement which provided an improper monetary benefit to the defendants at the plaintiff's expense. The plaintiff sued the defendants in California. The Ninth Circuit affirmed specific personal jurisdiction over the defendants on the basis that, *inter alia*, the defendants allegedly communicated directly with plaintiff's California managers via telephone, fax, and mail for the specific purpose of inducing them to implement the new importing system. Therefore, the court found that "[Defendants'] fraudulent communications were not 'untargeted negligence,' but rather were 'performed for the very purpose of having their consequences felt in the forum state.'" *Id.* at 1112.

Here, without any factual evidence or testimony in support, Plaintiff improperly proffers in its Opposition that Las Vegas is "incredibly tied into the travel industry. People who live in

7

Las Vegas and Nevada are prime targets for marketing efforts aimed at selling travel packages to consumers." Opp'n, Dkt. 27, at 9. These factual allegations are not contained in Plaintiff's Complaint and regardless are unpersuasive as they offer no legitimate basis for finding that Revenue Frontier acted with "express aim" toward Nevada residents. It is uncontroverted that Revenue Frontier: (a) is a Delaware Limited Liability Company with a principal place of business in Santa Monica, California; (b) has no offices in Nevada; (c) has had no dealings with Plaintiff in Nevada (or elsewhere); (d) as relevant to this case, contracted with Defendant Travel Excursion Network, LLC who had contact information in Florida and Illinois, not Nevada; (e) has not, at any time, employed or authorized any agents residing in or operating in Nevada; and (f) has not, at any time, been obligated to pay taxes in Nevada (and has not paid taxes in Nevada). Durand Decl., Dkt. 22, ¶¶ 3–6, 8–10.

Lastly, Plaintiff relies on the fact that Revenue Frontier, as a result of the cease and desist letter sent by Plaintiff (*see* Durand Decl. at Ex. 1, Dkt. 22-3), allegedly knew that Plaintiff was in Nevada and, therefore, that economic loss in Nevada was foreseeable. *See* Opp'n, Dkt. 27, at 10. Again, foreseeability is not the proper inquiry—"expressly aimed" activity is the issue that the Court must address. And, the Ninth Circuit has regularly found that knowledge of a plaintiff's location alone is not sufficient to establish purposeful direction sufficient to confer personal jurisdiction over the defendant. *See, e.g., Schwarzenegger*, 374 F.3d at 807 (finding that despite the unquestionable fact that the defendants knew that the plaintiff was a California resident when they allegedly misappropriated his likeness, that alone was not enough; rather "something more" was required, *i.e.*, "individualized targeting of California, or the type of wrongful conduct, that could be construed as being directed at the forum state"); *Pebble Beach*, 453 F.3d at 1158 ("The fact that [the Defendant] once lived in California and therefore has knowledge of the [Plaintiff's] Pebble Beach golf resort goes to the foreseeable effect prong of the 'effects test' and is not an independent act that can be interpreted as being expressly aimed at California.").

In short, Plaintiff's Complaint fails to allege a basis for this Court's personal jurisdiction over Revenue Frontier and its Opposition does nothing to rectify those deficiencies in the

Complaint. Therefore, because the Court lacks personal jurisdiction over Revenue Frontier, the case should be dismissed against Revenue Frontier pursuant to Fed. R. Civ. P. 12(b)(2).

### B. Improper Venue

Plaintiff's Opposition does not so much as mention Revenue Frontier's Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3). As the Court is aware, the Local Rules require all motions and oppositions to be supported by a memorandum of points and authorities, and "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2(d). Because Plaintiff has failed to provide any kind of response to Revenue Frontier's Motion to Dismiss for Improper Venue, let alone a formal memorandum of points and authorities, the Court may interpret the same as a consent to the granting of the Motion. *See Nebab v. Bank of Am., N.A.*, No. 2:10-cv-01865-KJD-GWF, 2012 WL 2860660 (D. Nev. July 11, 2012) ("Plaintiff's opposition to the Motion to Dismiss does not address Defendants' arguments here regarding [several claims asserted in the Complaint]. Plaintiff has thus consented to the granting of Defendants' Motion to Dismiss this cause of action by failing to file points and authorities in opposition. *See* LR 7-2(d)."). And, the "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).

Moreover, as explained in Revenue Frontier's Memorandum of Points and Authorities in Support of its Motion to Dismiss, which Plaintiff has not disputed, Plaintiff's Complaint fails to allege proper grounds for venue in this District and, therefore, should be dismissed. *See* Motion to Dismiss, Dkt. 22, at 8–9.

### C. Plaintiff Fails To State a Claim Against Revenue Frontier

Plaintiff's Complaint alleges six separate causes of action against all fifteen Defendants collectively, and Revenue Frontier has moved to dismiss all claims asserted against it. Plaintiff offers only one paragraph in substantive response[4] to Revenue Frontier's Motion, which does not

---

[4] Plaintiff's Opposition also includes a recitation of the federal pleading standards and the standard of review for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See* Opp'n, Dkt. 27, at 10–11. Here, Plaintiff quotes case law that has been abrogated by the Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*,

9

cite to a single case or recite the elements of any of the causes of action. *See* Opp'n at 11. Plaintiff's paragraph merely alludes in a conclosury fashion to "factual allegations" that support its Complaint, without specifying which facts support which claims. Even after Plaintiff's Opposition, Revenue Frontier is still left without an answer as to precisely which claims Plaintiff intends to assert against it. Plaintiff's feigned attempt to oppose Revenue Frontier's Motion is nothing short of a consent to the granting of the Motion and certainly fails to follow the spirit of Local Rule 7-2(d). *See Chattem v. BAC Home Loan Servicing LP*, No. 2:11-cv-01727-KJD-RJJ, 2012 WL 4795663 (D. Nev. Oct. 9, 2012) (dismissing plaintiff's claim and finding that because the plaintiff did not offer a response to one of the arguments raised in the defendants' motion to dismiss he violated Local Rule 7-2).

As Revenue Frontier explained in great detail in its Motion, Dkt. 22, at 9–19, and which remains uncontroverted by Plaintiff, the Complaint fails to state a claim against Revenue Frontier for direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, direct, contributory, or vicarious trademark infringement, misappropriation of trade secrets, and violation of Nevada Deceptive Trade Practices Act. Therefore, Plaintiff's Complaint against Revenue Frontier should be dismissed.

### D. Plaintiff's Complaint Should Be Dismissed With Prejudice

Plaintiff has failed to provide a substantive response to Revenue Frontier's Motion to Dismiss for Failure to State a Claim. Therefore, even if the Court finds that it has personal jurisdiction over Revenue Frontier and that venue is proper in this District, the Court should nonetheless dismiss Plaintiff's claims against Revenue Frontier with prejudice. It is against the interest of justice and judicial economy for Plaintiff to receive a second bite at the apple when it is not willing to put forth anything more than a modicum of effort in responding to Revenue

---

550 U.S. 544, 555 (2007). *See* Opp'n at 11 (quoting *Van Buskirk v. Cable News Network*, 284 F.2d 977, 980 (9th Cir. 2002) for the proposition that "a complaint 'should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief"; quoting *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) for the proposition that "[t]he issue is not whether plaintiff will ultimately prevail, but whether claimant is entitled to offer evidence to support the claim"). After *Twombly* and *Iqbal*, the proper inquiry on a motion to dismiss for failure to state a claim is whether, from looking only at the well-pled factual allegations in a complaint, those assertions allege a plausible claim for relief. *See Iqbal*, 556 U.S. at 678. Contrary, to Plaintiff's Opposition, mere conceivability is not sufficient. *Twombly*, 550 U.S. at 570.

10

Frontier's Motion to Dismiss for Failure to State a Claim. Plaintiff's lackadaisical approach to this litigation should not be rewarded with an opportunity to replead, thereby opening the door to the unnecessary expenditure of more resources on the part of both the Court and Revenue Frontier.

### III. CONCLUSION

For the foregoing reasons, as well as those included in Revenue Frontier's Motion to Dismiss, Dkts. 22–22-3, Plaintiff has failed to establish personal jurisdiction over Revenue Frontier, show that venue is proper in this District, or state a cause of action against Revenue Frontier, and the Complaint against Revenue Frontier should be dismissed in its entirety.

DATED this __27__ day of February, 2014.

LEE, HERNANDEZ, LANDRUM,
GAROFALO & BLAKE

By _____
DAVID S. LEE, ESQ.
Nevada Bar No. 6033
7575 Vegas Drive, Suite 150
Las Vegas, NV 89128
(702) 880-9750

Attorneys for REVENUE FRONTIER, LLC