MARK S. BRAUN, Esq.
Nevada Bar Number 7615
1600 S. Valley View Blvd. # 2132
Las Vegas, Nevada 89102
Tel: 702-287-2354
Fax: 866-509-3683
Forest4005@hotmail.com
Counsel for Plaintiffs/Counter-Defendants

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| BLUE MOON MARKETING, LLC;<br><br>Plaintiff,<br><br>vs.<br><br>SCOTT R. MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC, a Florida limited liability company; 4 STAR HOLDINGS, LLC., a Florida limited liability company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual; PRESTIGE TRAVEL SYSTEMS, INC., a Florida corporation; RON LASCAL, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC., a Florida limited liability company; PHILLIP BREWER, an individual; WESTGATE RESORTS, LLC., a Florida limited liability company; WESTGATE RESORTS, INC., a Florida Corporation; RW ADVERTISING, INC., an Illinois corporation; REVENUE FROTIER, LLC., a California foreign limited liability company; CALLS SERVICES INTERNATIONAL, LLC, a Florida limited liability company; and DOES 1-10, inclusive,<br><br>Defendants | Case No. 2:13-cv-02238-JAD-GWF<br><br>Hon. Jennifer A. Dorsey, United States District Judge<br><br>Hon. George Foley, Jr., United States Magistrate<br><br>**COUNTER-DEFENDANTS BLUE MOON MARKETING, LLC; BRIAN MacGREGOR, LEVEL 12, INC.; DARYL DUPREE's ANSWER TO COUNTERCLAIMANTS SCOTT R. MATHEWS AND TRAVEL SHOPPING NETWORK, LLC's COUNTERCLAIM** |

1

| | |
|---|---|
| 1 | |
| 2 | ----------- |
| 3 | SCOTT R. MATTHEWS, an individual; |
| 4 | TRAVEL SHOPPING NETWORK, LLC, a Nevada Limited Liability Company, |
| 5 | |
| 6 | Counterclaimants, |
| 7 | vs. |
| 8 | BLUE MOON MARKETING, LLC, a Nevada Limited Liability Company; BRIAN MACGREGOR, an Individual; DOES 1-5, Inclusive, and DOES, INC. 6-10, inclusive, |
| 11 | |
| 12 | Counter-Defendants |
| 13 | ----------------------- |
| 14 | SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida Limited Liability Company, |
| 15 | |
| 16 | Counterclaimant, |
| 17 | vs. |
| 18 | BLUE MOON MARKETING, LLC., a Nevada Limited Liability Company, |
| 20 | Counter-defendant |
| 21 | ----------------------- |
| 22 | SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida Limited Liability, Co., |
| 24 | Crossclaimant, |
| 25 | vs. |
| 27 | TRAVEL SHOPPING NETWORK, LLC., a Nevada Limited Liability Company; SCOTT R, |
| 28 | 2 |

MATTHEWS, an individual; BRIAN MacGREGOR, an individual,

Cross-defendants

**COMES NOW** Counter-defendants BLUE MOON MARKETING, LLC, BRIAN MacGREGOR, DARYL DuPREE and LEVEL-12, INCORPORATED, ("Answering Counter-defendants") by and through their counsel of record, MARK S. BRAUN, ESQ., and, prior to twenty-one (21) days having elapsed since the filing of Counterclaimant's FIRST AMENDED COUNTERCLAIM on March 3, 2014 and, based upon knowledge of their own actions and information and beliefs as to the actions of others, deny any allegations not specifically admitted herein, STATE and allege:

### 1. INTRODUCTION

Counter-defendants deny that counter-Defendant Brian MacGregor is enjoined from all further telemarketing activities; that counter-Defendant Daryl DuPree was integrally involved with Brian MacGregor in 2007; that counter-Defendants are embarked on supposedly another fraudulent scheme; that Brian MacGregor created Counter-Defendant Blue Moon Marketing and that it was created for the purpose of alluding the FTC; that Daryl DuPree is a "nominee"; Counter-defendants deny that any of them are attempting to shield themselves from law enforcement authorities, taxing authorities and/or creditors; that Counter-Defendant Level-12, Incorporated was not created for the purpose of sheltering money to keep it out of the reach of the FTC and American courts; deny that Counter-claimant Matthews created Travel Shopping Network, LLC; the Counter-Defendants deny that the said FTC injunction prohibits Brian

3

MacGregor from being involved in telemarketing in any capacity; deny that Scott Matthews was a co-author of Blue Moon Marketing's TV infomercial; deny that "upselling" was done by the Counter-Defendants; deny that the Counter-Defendants, or any of them, perpetrated a hoax on the Office of the Nevada Secretary of State to attempt a takeover of Travel Shopping Network, LLC; deny that Daryl DuPree was fraudulently added as a Managing Member of Travel Shopping Network, LLC; deny that Counter-Defendants, or any one or a combination of them fraudulently created Travel Shopping Network for any fraudulent purpose; deny that Blue Moon Marketing, Daryl DuPree and Level-12 Corporation are fronts for Brian MacGregor; deny that the marketing campaign that Counter-Defendants were engaged in, directly or indirectly, was a fraud, blatant or otherwise; deny that any incorporation of Carnival Cruise Lines in any activities done by the Counter-Defendants was without the prior approval of Carnival Cruise Lines; deny that the Counterclaimants have a basis for the award of any injunctive or monetary relief.

2. **JURISDICTION AND VENUE**

  1, 2, 3 and 4: Counter-Defendants agree with the allegations contained therein.

3. **PARTIES**

  5. Counter-Defendants are without sufficient knowledge to admit or deny and, accordingly deny the allegations in Paragraph 5.

  6. Counter-Defendants deny the allegations in Paragraph 6, except to admit that Travel Shopping Network, LLC is a limited liability company organized and existing under the laws of the State of Nevada.

  7. Counter-Defendants admit the allegations contained in Paragraph 7, except they deny that Blue Moon Marketing, LLC is a sham alter ego of Brian MacGregor.

4

8. Counter-Defendants admit the allegations contained in Paragraph 8, except they deny that Level-12 Incorporated is a sham alter ego of Brian MacGregor.

9. Counter-Defendants admit that Brian MacGregor is a resident of Clark County, Nevada; deny that Brian MacGregor is deliberately creating circumstances to make his assets as difficult as possible to locate; deny that Brian MacGregor has situated assets outside the United States; deny that the FTC is attempting to collect a judgment against Brian MacGregor.

10. Counter-Defendants admit the allegation in Paragraph 10.

11. Counter-Defendants neither admit nor deny the allegation in Paragraph 11 because it is not an allegation contemplated by Rule 8 of the Federal Rules of Civil Procedure.

12. Counter-Defendants neither admit nor deny the allegations in Paragraph 12 because they are not allegations contemplated by Rule 8 of the Federal Rules of Civil Procedure.

**4.     FACTS COMMON TO ALL CLAIMS**

13. Counter-Defendants deny the allegations contained in Paragraph 13.

14. Counter-Defendants deny that all of them were/are agents, employees, conspirators and/or joint venturers of all of the other Counter-Defendants.

**5.     THE FEDERAL TRADE COMMISSION ACTION**

15. Counter-Defendants deny that the Court should take judicial notice of the judicial documents cited in this section of the counterclaim by the Counterclaimants because those documents are absolutely not relevant to the matters at hand in the instant cases and have the potential for unwarranted prejudicial effect.

16. Counter-Defendants admit the basic facts as alleged to have occurred in 2006 in Paragraph 16.

17. Counter-Defendants partially admit the allegations contained in Paragraph 17, except deny to the extent that Counterclaimants fail to state the provisions and exclusions in full and specifically omit the references back to the definitions and exclusions contained in the rules and regulations of the FTC.

18. Counter-Defendants partially admit the allegations contained in Paragraph 18, except they deny to the extent that Counterclaimants fail to state the provisions and exclusions in full and specifically omit references back to the definitions and exclusions contained in the rules and regulations of the FTC.

19. Counter-Defendants partially admit the allegations contained in Paragraph 19, except they deny to the extent that Counterclaimants fail to state the provisions and exclusions in full and specifically omit references back to the definitions and exclusions contained in the rules and regulations of the FTC.

20. Counter-Defendants partially admit the allegations contained in Paragraph 20, except they deny to the extent that Counterclaimants fail to state the provisions and exclusions in full and specifically omit references back to the definitions and exclusions contained in the rules and regulations of the FTC.

21. Counter-Defendants admit the allegations in paragraph 21,

22. Counter-Defendants admit the allegations in Paragraph 22.

23. Counter-Defendants admit that the Court of Appeals document is quoted accurately in Paragraph 23.

24. There is no Paragraph 24 in the Counterclaim.

25. Counter-Defendants deny the allegations in Paragraph 25.

26. Counter-Defendants deny the allegations in Paragraph 26.

27. Counter-Defendants deny the allegations in Paragraph 27.

5. **INFOMERCIAL BUSINESS MODELS**

28. Counter-Defendants admit the allegations contained in Paragraph 28, except they deny that DRTV models cannot be a novel or proprietary concept.

29. Counter-Defendants admit the allegations contained in Paragraph 29, except they deny that upselling was involved in the activities of the Counter-Defendants.

30. Counter-Defendants admit the allegations contained in Paragraph 30, except they deny that they were involved in "upselling."

31. Counter-Defendants deny the allegations contained in Paragraph 31.

6. **COUNTERDEFENDANTS' FRAUDULENT INFORMERCIAL ACTIVITIES – THE FRAUD AGAINST MATTHEWS AND TRAVEL SHOPPING NETWORK, LLC**

32. Counter-Defendants deny the allegations contained in Paragraph 32, except to admit that Daryl DuPree was neither a defendant in the FTC case nor named in the injunction.

33. Counter-Defendants are without sufficient information to either admit or deny the allegations, accordingly deny those allegations contained in paragraph 33.

34. Counter-Defendants deny the allegations contained in paragraph 34.

35. Counter-Defendants deny that Matthews gave substantial input into the said infomercial and that the infomercial involved up-selling.

36. Counter-Defendants are without sufficient information to either admit or deny the allegations contained in Paragraph 36, accordingly they deny those allegations.

37. Counter-Defendants deny the allegations contained in Paragraph 37.

38. Counter-Defendants deny the allegations contained in Paragraph 38.

7

## 7. SPECIFIC FRAUD ALLEGATIONS

39. Allegations contained in Paragraph 39 are neither admitted nor denied per Rule 8 of the FRCP.

40. Allegations in Paragraph 40 are denied, except that it is admitted that Daryl DuPree, on or about August 5, 2013, filed documents with the Nevada Secretary of State.

41. Allegations in Paragraph 41 are denied, except that it is admitted that Daryl DuPree, on or about August 5, 2013, filed documents with the Nevada Secretary of State.

42. Allegations in Paragraph 42 are denied by Counter-Defendants.

43. Allegations contained in Paragraph 43 are denied.

44. Allegations contained in Paragraph 44 are denied.

## 8. COUNTERDEFENDANTS' FRAUDULENT INFOMERCIAL ACTIVITIES--- THE FRAUD AGAINST THE DISTRIBUTORS, EXHIBITORS AND VIEWERS OF BLUE MOON'S INFOMERCIAL

45. The allegations contained in Paragraph 45 are denied by the Counter-Defendants.

46. The allegations contained in Paragraph 46 are denied by the Counter-Defendants.

47. The allegations contained in Paragraph 47 are denied by the Counter-Defendants.

48. The allegations contained in Paragraph 48 are denied by the Counter-Defendants.

49. The allegations contained in Paragraph 49 are denied.

## 9. COUNTERDEFENDANTS' USE OF COUNTERCLAIMANT'S NAME

50. The allegations contained in Paragraph 50 are denied by Counter-Defendants.

51. The allegation in Paragraph 51 is denied.

52. The allegations contained in Paragraph 52 are denied.

53. Counter-Defendants are without sufficient information and belief to admit or deny the allegations contained in Paragraph 53 and, accordingly deny those allegations except to specifically deny that Daryl DuPree committed any acts of fraud whatsoever, including fraudulent misrepresentation.

54. Counter-Defendants deny the allegations contained in Paragraph 54.

55. Counter-Defendants deny the allegations contained in Paragraph 55.

56. Counter-Defendants deny the allegations contained in Paragraph 56.

57. Counter-Defendants deny the allegations contained in Paragraph 57.

58. Counter-Defendants deny the allegations contained in paragraph 58.

## 10. FIRST CLAIM FOR RELIEF, VIOLATIONS OF RICO

59. Counter-Defendants neither admit nor deny the allegations in Paragraph 59 because they are not contemplated by Rule 8 of the FRCP.

60. Counter-Defendants deny the allegations contained in Paragraph 60.

61. Counter-Defendants deny the allegations contained in Paragraph 61.

62. Counter-Defendants deny the allegations contained in Paragraph 62.

63. Counter-Defendants deny the allegations contained in Paragraph 63.

64. Counter-Defendants deny the allegations contained in Paragraph 64.

65. Counter-Defendants deny the allegations contained in Paragraph 65.

66. Counter-Defendants deny the allegations contained in Paragraph 66 and

Paragraph 66(a)(b)(c)

67. Counter-Defendants deny the allegations contained in Paragraph 67 and Paragraph 676(a)(b)(c).

68. Counter-Defendants deny the allegations contained in Paragraph 68.

69. Counter-Defendants deny the allegations contained in Paragraph 69.

70. Counter-Defendants are without sufficient information and belief to admit or deny the allegations in Paragraph 70 and, accordingly, deny those allegations.

71. Counter-Defendants deny the allegations contained in Paragraph 71.

**11.   SECOND CLAIM FOR RELIEF – VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT**

72. The allegations contained in Paragraph 72 are neither admitted nor denied because they are not contemplated by Rule 8 FRCP.

73. The allegations contained in Paragraph 73 are denied.

74. The allegations contained in Paragraph 74 are denied.

75. The allegations contained in Paragraph 75 are denied.

76. The allegations contained in Paragraph 76 are denied.

**12.   THIRD CLAIM FOR RELIEF – DECLARATORY JUDGMENT**

77. The allegations contained in Paragraph 77 are neither admitted nor denied because they are not contemplated by Rule 8 FRCP.

78. The allegations contained in Paragraph 78 are denied.

79. The allegations contained in Paragraph 79 are denied.

80. The allegations contained in Paragraph 80 are admitted.

81. The allegations contained in Paragraph 81 are admitted.

10

82. The allegations contained in Paragraph 82 are admitted.

13. **FOURTH CLAIM FOR RELIEF – FRAUD**

83. The allegations in Paragraph 83 are neither admitted nor denied because they are allegations not contemplated by Rule 8 FRCP.

84. The allegations in Paragraph 84 are denied.

85. The allegations in Paragraph 85 are denied.

86. The allegations in Paragraph 86 are denied.

87. The allegations in Paragraph 87 are denied, except that it is admitted that Daryl DuPree had interactions with a company called Incorp Services, Inc. for filing purposes with the Nevada Secretary of State.

88. The allegations in Paragraph 88 are denied, except that it is admitted that Daryl DuPree filed a consent with the Nevada Secretary of State.

89. The allegations in Paragraph 89 are denied.

14. **FIFTH CLAIM FOR RELIEF – COMMON-LAW UNFAIR COMPETITION**

90. The allegations contained in Paragraph 90 are neither admitted nor denied because they are not contemplated by Rule 8 FRCP.

91. Counter-Defendants are without sufficient information and belief to admit or deny the allegations in Paragraph 91 and, accordingly, deny those allegations.

92. The allegations in Paragraph 92 are denied.

93. The allegations contained in Paragraph 93 are denied.

94. The allegations contained in Paragraph 94 are denied.

95. The allegations contained in Paragraph 95 are denied.

11

96. The allegations contained in Paragraph 96 are denied.

97. The allegations contained in Paragraph 97 are denied.

98. The allegations contained in Paragraph 98 are denied.

**15. SIXTH CLAIM FOR RELIEF – UNFAIR COMPETITION**

99. Counter-Defendants neither admit nor deny the allegations contained in Paragraph 99 because they are not contemplated by Rule 8 FRCP.

100. The allegations contained in Paragraph 100 are denied.

**16. SEVENTH CLAIM FOR RELIEF – UNJUST ENRICHMENT**

101. Counter-Defendants neither admit nor deny the allegations contained in Paragraph 101 because they are not within the contemplation of Rule 8 FRCP.

102. The allegations contained in Paragraph 102 are denied.

103. The allegations contained in Paragraph 103 are denied.

104. The allegations contained in Paragraph 104 are denied.

105. The allegations contained in Paragraph 105 are denied.

**17. GENERAL ALLEGATIONS**

106. The allegations contained in Paragraph 106 are denied.

107. The allegations contained in Paragraph 107 are denied.

**DEFENSES**

In advancing the following defenses, the Answering Counter-Defendants do not concede that any of them have the burden of proof.

**First Defense**

As to each Claim, the Counterclaimants fail to state a claim(s) upon which relief can be granted.

**Second Defense**

The claims for punitive/exemplary damages in the Counterclaim are barred or limited by the Eighth and Fourteenth Amendments of the U.S. Constitution and NRS 42.0005.

**Third Defense**

Counterclaimants' claims are all barred based on the Doctrine of Unclean Hands.

**Fourth Defense**

Counterclaimants are not entitled to injunctive relief because any alleged injury to Counterclaimants is not immediate or irreparable, and Counterclaimants have an adequate remedy at law.

**Reservation**

Answering Counter-Defendants reserve the opportunity to assert additional defenses as investigation and discovery reveal their existence.

## PRAYER FOR RELIEF

Wherefore, the aforesaid Counter-Defendants pray that a judgment be entered in favor of Counter-Defendants against the Counterclaimants; that said Counterclaimants take nothing; that all costs and reasonable attorneys fees pursuant to 17 U.S.C. 505 be awarded in favor of said

///

///

///

///

///

///

///

13

Counter-Defendants and against the Counterclaimants; and any and all other relief warranted by the proof.

Dated: March 10, 2014.

Respectfully Submitted,

/s/ Mark S. Braun

Mark S. Braun

Counsel for Counter-Defendants BLUE MOON MARKETING, LLC., DARYL DuPREE, BRIAN MacGREGOR, LEVEL-12, INCORPORATED

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2014 I served the foregoing COUNTER-DEFENDANTS BLUE MOON MARKETING, LLC; LEVEL-12, INCORPORATED; DARYL DuPREE and BRIAN MacGREGORS' ANSWER TO COUNTERCLAIMANTS SCOTT R. MATTHEWS and TRAVEL SHOPPING NETWORK, LLC's COUNTERCLAIMS on:

JONATHAN BLUM, ESQ.
400 S. Rampart Blvd.
# 400
Las Vegas, NV 89145

CLYDE De WITT, Esq.
800 US Bank Building
2300 W. Sahara Avenue
Las Vegas, NV 89102

By causing a full, true and correct copy thereof to be sent by mailing in a first-class-postage-paid envelope, and deposited with the US Postal Service in Las Vegas, Nevada.

/s/ Mark S. Braun

15