1   ROBERT J. CALDWELL, ESQ.
    Nevada Bar No. 007637
2   JONATHAN D. BLUM, ESQ.
    Nevada Bar No. 009515
3   **KOLESAR & LEATHAM**
    400 South Rampart Boulevard, Suite 400
4   Las Vegas, Nevada 89145
    Telephone: (702) 362-7800
5   Facsimile: (702) 362-9472
    E-Mail:   rcaldwell@klnevada.com
6             jblum@klnevada.com

7   Attorneys for Defendants, Philip Brewer
    erroneously named as Phillip Brewer, & Summer
8   Bay Resorts Crown Club, LLC

9

10

11              **UNITED STATES DISTRICT COURT**

12                  **DISTRICT OF NEVADA**

13                          * * *

14  BLUE MOON MARKETING, LLC,              CASE NO. 2:13-cv-2238-JAD-GWF

15              Plaintiff,

16       vs.                               **STIPULATION AND ORDER
                                           FOR DEFENDANTS PHILIP
17  SCOTT MATTHEWS, an individual; TRAVEL  BREWER AND SUMMER BAY
    EXCURSION NETWORK, LLC, a Florida      RESORTS CROWN CLUB, LLC TO
    limited-liability company; 4 STAR      AMEND ANSWER,
18  HOLDINGS, LLC, a Florida Limited Liability  ASSERT COUNTER AND CROSS
    Company; ALLAN R. LEFFLER, an          CLAIMS AND FOR
19  individual; TRACY L. LEFFLER, an       INTERVENTION
    individual; PRESTIGE TRAVEL SYSTEMS,
20  INC., a Florida corporation; RON LASCALA,
    an individual; SUMMER BAY RESORTS
21  CROWN CLUB, LLC, a Florida limited
    liability company; PHILLIP BREWER, an
22  individual; WESTGATE RESORTS, LTD., a
    Florida limited partnership; WESTGATE
23  RESORTS, L.L.C., a Florida limited-liability
    company; WESTGATE RESORTS, INC., a
24  Florida corporation; RW ADVERTISING,
    INC., an Illinois corporation; REVENUE
25  FRONTIER, LLC, a California foreign limited-
    liability company; CALL SERVICES
26  INTERNATIONAL, LLC, a Florida Limited
    Liability Company; and DOES 1-10, inclusive,
27
                Defendants.
28
    AND RELATED COUNTERCLAIMS.

1594026 (8989-2)                Page 1 of 3

**STIPULATION AND ORDER FOR DEFENDANTS PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC TO AMEND ANSWER, ASSERT COUNTER AND CROSS CLAIMS AND FOR INTERVENTION**

Plaintiff Blue Moon Marketing, LLC, by and through its counsel Mark S. Braun, Esq., of the Braun Law Firm; Defendants Scott Matthews, Travel Excursion Network, LLC, 4 Star Holdings, LLC, Allan R. Leffler, Tracy L. Leffler, Prestige Travel Systems, Inc., RW Advertising, Inc. and Call Services International LLC, by and through their counsel Clyde DeWitt, Esq., of the Law Office of Clyde DeWitt; Defendants Summer Bay Resorts Crown Club, LLC and Philip Brewer, by and through their counsel Jonathan D. Blum, Esq. of the law firm Kolesar & Leatham; hereby stipulate and agree that Defendants Summer Bay Resorts Crown Club, LLC and Philip Brewer be granted leave to amend their initial pleading and file an Amended Answer, Counter Claim and Cross Claim, pursuant to FRCP 15(a) and for Intervention by Summer Bay Sales and Marketing, L.C. pursuant to FRCP 24(a)(2), a true and correct copy of which is attached hereto as Exhibit "A". Summer Bay Resorts Crown Club, LLC, Philip Brewer and Summer Bay Sales and Marketing, L.C. shall have until March 10, 2014 to file their amended pleading.

**IT IS SO STIPULATED.**

DATED this 26th day of February, 2014.       DATED this 26th day of February, 2014.

**BRAUN LAW FIRM**                          **LAW OFFICE OF CLYDE DEWITT**

By:/s/ Mark S. Braun, Esq.                   By:/s/ Clyde F. DeWitt, Esq.
   **MARK S. BRAUN, ESQ.**                  **CLYDE F. DEWITT, ESQ.**
   Nevada Bar No. 007615                    Nevada Bar No. 009791
   801 S. Rancho Drive, Suite 3900          2300 W. Sahara Avenue, Suite 100
   Las Vegas, Nevada 89106                  Las Vegas, Nevada 89102

   *Attorneys for Plaintiffs Blue Moon*     *Attorneys for Defendants Scott Matthews,*
   *Marketing, LLC*                         *Travel Excursion Network, LLC, 4 Star*
                                    *Holdings, LLC, Allan R. Leffler, Tracy L.*
                                     *Leffler, Prestige Travel Systems, Inc., RW*
                                     *Advertising, Inc. and Call Services*
                                     *International LLC*

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

DATED this 7th day of March, 2014.

**KOLESAR & LEATHAM**

By: _____
   ROBERT J. CALDWELL, ESQ.
   Nevada Bar No. 007637
   JONATHAN D. BLUM, ESQ.
   Nevada Bar No. 009515
   400 S. Rampart Blvd., Suite 400
   Las Vegas, Nevada 89145

   *Attorneys for Defendants Summer Bay*
   *Resorts Crown Club, LLC and Philip*
   *Brewer*

## ORDER

The Court, having reviewed the parties' Stipulation for Defendants Philip Brewer and Summer Bay Resorts Crown Club, LLC to Amend Answer, Assert Counter and Cross Claims, and for Intervention, and for good cause appearing, hereby grants leave for said Defendants to Amend their Answer, and Assert Counter and Cross Claims, and for Intervention by Summer Bay Sales and Marketing, L.C. The amended pleading must be filed by March 10, 2014.

IT IS SO ORDERED.

DATED this 10th day of _____March_____, 2014.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1594026 (8989-2)

EXHIBIT A

ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
**KOLESAR & LEATHAM**
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:    rcaldwell@klnevada.com
            jblum@klnevada.com

*Attorneys for Defendants, Counterclaimants, and
Crossclaimants, Philip Brewer and Summer Bay
Resorts Crown Club, LLC; and Plaintiff in
Intervention Summer Bay Sales and Marketing,
L.C*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BLUE MOON MARKETING, LLC., | CASE NO. 2:13-cv-2238-JAD-GWF |
| Plaintiff, | |
| vs. | |
| SCOTT MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC, a Florida limited-liability company; 4 STAR HOLDINGS, LLC, a Florida Limited Liability Company; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual; PRESTIGE TRAVEL SYSTEMS, INC., a Florida corporation; RON LASCALA, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC, a Florida limited liability company; PHILLIP BREWER, an individual; WESTGATE RESORTS, LTD., a Florida limited partnership; WESTGATE RESORTS, L.L.C., a Florida limited-liability company; WESTGATE RESORTS, INC., a Florida corporation; RW ADVERTISING, INC., an Illinois corporation; REVENUE FRONTIER, LLC, a California foreign limited-liability company; CALL SERVICES INTERNATIONAL, LLC, a Florida Limited | **PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S AMENDED ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSSCLAIM**<br><br>**and**<br><br>**INTERVENOR SUMMER BAY SALES AND MARKETING, L.C.'S COMPLAINT IN INTERVENTION** |

1     Liability Company; and DOES 1-10, inclusive,

2                 Defendants.

3     SUMMER BAY RESORTS CROWN CLUB,
LLC, a Delaware limited liability company,

4

5                Counterclaimant,

      vs.

6     BLUE MOON MARKETING, LLC.,

7                 Counterdefendants.

8

9     SUMMER BAY RESORTS CROWN CLUB,
LLC, a Delaware limited liability company,

10               Cross-Claimant,

11       vs.

12     SCOTT R. MATTHEWS, an individual ;
TRAVEL SHOPPING NETWORK, LLC;

13     BRIAN MACGREGOR, an individual,

14              Cross-Defendants.

15     SUMMER BAY SALES AND MARKETING,
LC, a Florida limited liability company,

16

17                Intervenor,

      vs.

18

19     BLUE MOON MARKETING, LLC; SCOTT
R. MATTHEWS, an individual; TRAVEL
SHOPPING NETWORK, LLC; BRIAN

20     MACGREGOR, an individual,

21               Defendants.

22     AND RELATED CLAIMS

23

24     **PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S AMENDED
ANSWER TO COMPLAINT**

25         Defendants, PHILIP BREWER ("BREWER"), erroneously named as PHILLIP

26    BREWER, and SUMMER BAY RESORTS CROWN CLUB, LLC ("SBRCC"), (collectively

27    "SBR Defendants"), by and through their attorneys, Kolesar & Leatham, in response to

28    Plaintiff's Complaint [Doc. 1], hereby submit their Amended Answer and allege as follows:

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NATURE OF ACTION**

1.　　Paragraph 1 of the Complaint is not an allegation of fact that can be affirmed or denied. To the extend paragraph 1 can be affirmed or denied, SBR Defendants deny such allegations.

**PARTIES**

2.　　In answering Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, and 18 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in such paragraph pertaining to Plaintiff and its purported actions, and therefore deny said allegations.

3.　　SBR Defendants deny that Summer Bay Resorts Crown Club, LLC is a Florida limited liability company, but admit the remaining allegations of Paragraph 10.

4.　　In answering Paragraphs 11, SBR Defendants admit the allegations in the first two sentences, but deny all remaining allegations contained therein.

**JURISDICTION AND VENUE**

5.　　In answering Paragraphs 19, 20, 21 and 22 of the Complaint, SBR Defendants deny all allegations contained therein.

**BACKGROUND FACTS**

6.　　In answering Paragraphs 24 through 45 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations.

7.　　In answering Paragraphs 46 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in the first, second, and sixth sentences pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations.　SBR Defendants deny the allegations set forth in the third, fourth and fifth lines of Paragraph 46.

8.　　In answering Paragraphs 47 through 52 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore

2    deny said allegations

3          9.     In answering Paragraphs 53 of the Complaint, SBR Defendants deny all

4    allegations contained therein.

5         10.    In answering Paragraphs 54 through 60 of the Complaint, SBR Defendants lack

6    knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

7    in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore

8    deny said allegations.

9         11.    In answering Paragraphs 61 of the Complaint, SBR Defendants lack knowledge or

10   information sufficient to form a belief as to the truth or veracity of the allegations set forth in the

11   first sentence pertaining to Plaintiff or others and their purported actions, and therefore deny said

12   allegations. SBR Defendants deny all remaining allegations contained therein.

13        12.    SBR Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

14        13.    In answering Paragraphs 63 through 66 of the Complaint, SBR Defendants lack

15   knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

16   in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore

17   deny said allegations. SBR Defendants deny all remaining allegations contained therein.

18   **FIRST CLAIM FOR RELIEF**
19   **DIRECT COPYRIGHT INFRINGEMENT**

20        14.    In answering Paragraph 67 of the Complaint, SBR Defendants specifically

21   incorporate herein as if set forth in full their responses to the preceding paragraphs of the

22   Complaint.

23        15.    In answering Paragraphs 68 of the Complaint, SBR Defendants lack knowledge or

24   information sufficient to form a belief as to the truth or veracity of the allegations in this

25   paragraph pertaining to Plaintiff and its purported actions, and therefore deny said allegations.

26        16.    SBR Defendants deny the allegations set forth in Paragraphs 69 through 76 of the

27   Complaint.

28   / / /

1593801_3 (8989-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**SECOND CLAIM FOR RELIEF**
**CONTRIBUTORY COPYRIGHT INFRINGEMENT**

17.    In answering Paragraph 77 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

18.    SBR Defendants deny the allegations set forth in Paragraphs 78 through 82 of the Complaint.

**THIRD CLAIM FOR RELIEF**
**VICARIOUS COPYRIGHT INFRINGEMENT**

19.    In answering Paragraph 83 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

20.    SBR Defendants deny the allegations set forth in Paragraphs 84 through 89 of the Complaint.

**FOURTH CLAIM FOR RELIEF**
**TRADEMARK INFRINGEMENT, VICARIOUS LIABILITY**
**AND CONTRIBUTORY INFRINGEMENT**

21.    In answering Paragraph 90 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

22.    SBR Defendants deny the allegations set forth in Paragraphs 91 through 105 of the Complaint.

**FIFTH CLAIM FOR RELIEF**
**MISAPPROPRIATION OF TRADE SECRETS UNDER NRS 600A.101 ET SEQ.**

23.    In answering Paragraph 106 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

24.    In answering Paragraphs 107 and 108 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

in these paragraphs pertaining to Plaintiff and its purported actions, and therefore deny said allegations. SBR Defendants deny all remaining allegations contained therein.

25. SBR Defendants deny the allegations set forth in Paragraphs 109 through 118 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT**

26. In answering Paragraph 119 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

27. SBR Defendants deny the allegations set forth in Paragraphs 120 through 122 of the Complaint.

**AFFIRMATIVE DEFENSES**

SBR Defendants assert the following affirmative defenses to the Complaint, and the claims asserted therein, and SBR Defendants specifically incorporate into their Affirmative Defenses as if fully set forth herein their responses to the preceding paragraphs of the Answer herein.

1. Plaintiff fails to set forth facts sufficient to state a claim upon which relief may be granted against SBR Defendants and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from SBR Defendants.

2. Plaintiff's claims are barred due to Plaintiff's unclean hands.

3. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and laches.

4. Plaintiff is estopped by action of law or by conduct from maintaining the actions filed in this case.

5. As to each purported cause of action filed in this case, Plaintiff is barred from any recovery against SBR Defendants by reason of its own actions and conduct that constituted a ratification of the alleged actions and conduct of SBR Defendants.

6. Plaintiff's claims are barred because Plaintiff arbitrarily altered the course of

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

dealing between the parties.

7.    Plaintiff does not have capacity to sue or bring this action and this action is therefore barred.

8.    Plaintiff is not the real party in interest and/or duly authorized agent of same upon which Plaintiff's alleged claim is based, and therefore has no standing to bring this action.

9.    Plaintiff consented to or granted a license to SBR Defendants to engage in the acts complained of in the Complaint, and that said consent was express and/or implied.

10.    Plaintiff's claims are barred by its own fraud or the fraudulent conduct of its agents.

11.    Plaintiff's claims are barred or its damages limited by Plaintiff's own failure to mitigate its damages.

12.    Plaintiff's claims against SBR Defendants are barred as a result of the intervening actions of others, over whom these answering SBR Defendants had no control or authority.

13.    Plaintiff's claims are barred by its own failure to act in good faith and deal fairly with SBR Defendants.

14.    The copyright application allegedly filed by Plaintiff is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

15.    SBR Defendants' alleged use of Plaintiff's alleged copyrighted material is lawful use based on agreements between Plaintiff and/or its agents acting under actual or apparent authority of Plaintiff and SBR Defendants.

16.    Plaintiff consented to SBR Defendants' use of Plaintiffs' alleged copyrighted material under agreements between Defendant Summer Bay Plaintiff and/or its agents acting under actual or apparent authority of Plaintiff.

17.    Plaintiff's claim for copyright infringement is barred by the doctrine of copyright misuse, as Plaintiff's actions constitute a breach of its agreement with Defendant Summer Bay.

18.    Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because Plaintiff did not obtain a copyright registration relevant to any claims within three months after the first publication of the allegedly infringing work as required by 17 U.S.C.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

§ 412.

19. Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

20. Plaintiff's claim for unfair competition is barred based on the agreement between Plaintiff and Defendant Summer Bay.

21. Plaintiff's state law claims are pre-empted in whole or in part by federal law.

22. Plaintiff's copyright claims against SBR Defendants are barred because Plaintiff does not own a valid copyright, is not the author of the alleged copyright, and/or the subject matter of the copyright is not original or copyrightable.

23. SBR Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

WHEREFORE, SBR Defendants pray as follows:

1. That Plaintiff takes nothing by virtue of the Complaint herein and that this action is dismissed in its entirety;

2. For attorneys' fees and costs of suit herein incurred; and

3. For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM
## AGAINST BLUE MOON MARKETING, LLC

SBRCC, by and through its attorneys, Kolesar & Leatham, for its counterclaim against BLUE MOON, complains and alleges as follows:

## PARTIES

1. SBRCC is a Delaware limited liability company, authorized to transact business in Florida and an operator of timeshare resorts. SBRCC's principal place of business is in Florida.

2. Upon information and belief, BLUE MOON is a Nevada limited liability company with its principal place of business in Nevada.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3.     Upon information and belief, BLUE MOON's Managing Member is non-party Darryl Dupree ("DUPREE").

4.     Upon information and belief, Defendant Scott R. Matthews ("MATTHEWS") is a resident of Florida.

5.     Upon information and belief, Travel Excursion Network, LLC ("TEN") is a Florida limited liability company with its principal place of business in Florida.

6.     Upon information and belief, 4 Star, LLC is a Florida limited liability company with its principal place of business in Florida.

7.     Upon information and belief, Allan R. Leffler is a resident of Florida.

8.     Upon information and belief, Tracy L. Leffler is a resident of Florida.

9.     Upon information and belief, Prestige Travel Systems, Inc. is a Florida corporation with its principal place of business in Florida.

10.    Upon information and belief, Ron Lascala is a resident of Florida.

11.    Defendant Philip Brewer ("BREWER") is Director of Marketing at SBRCC and a resident of Florida.

12.    Upon information and belief, RW Advertising, Inc. is an Illinois corporation with its principal place of business in Illinois.

13.    Upon information and belief, Revenue Frontier, LLC is a Delaware Limited Liability Company with its principal place of business in California.

14.    Upon information and belief, Call Services International LLC is a Florida Limited Liability Company with its principal place of business in Florida.

15.    On information and belief, third party Defendant Brian MacGREGOR ("MacGREGOR") is a resident of Nevada.

16.    Summer Bay Sales and Marketing, L.C. ("SBSM") is a Florida limited liability company, with its principal place of business in Florida, and the sales and marketing affiliate of Summer Bay Resorts.

17.    Intervenor, nominal counterclaimant, Travel Shopping Network, LLC ("TSN LLC") is a Nevada Limited Liability Company.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

18.     According to the Nevada Secretary of State's website, TSN LLC's Managing Member is MATTHEWS.

<h3 align="center">JURISDICTION AND VENUE</h3>

19.     This Court has subject matter jurisdiction for this counterclaim pursuant to 28 USC § 1367 as it consists of, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

20.     Upon information and belief, Plaintiff BLUE MOON is organized under the laws of Nevada with its principal place of business in Nevada.  Defendants are entities organized under the laws of Florida, Delaware, Illinois and California, with principal places of business in those states, and individuals who are citizens of Florida.  The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over the entire action pursuant to 28 U.S.C. § 1332.

21.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise the claims in this case occurred in this judicial district.

22.     Venue is also proper as to BLUE MOON since it brought suit in this district and has thus has submitted itself to the jurisdiction and venue of this court.  See Manley v. Engram, 755 F.2d 1463(11th Cir. 1985).

<h3 align="center">BACKGROUND FACTS</h3>

23.     In or about January, 2013, MATTHEWS introduced himself to Defendant BREWER via www.linkedin.com .

24.     In or about January, 2013, MATTHEWS introduced MacGREGOR to BREWER.  MacGREGOR approached SBRCC, through MATTHEWS, to discuss an infomercial marketing concept involving cruise-based vacations.

25.     In the first half of 2013, Summer Bay, MATTHEWS and MacGREGOR discussed and negotiated a contract that would govern the relationship between specific entities.

26.     On or about June 27, 2013 SBSM entered into an Infomercial Marketing

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1 | Agreement (the "Agreement") with TSN LLC.

2 |     27.    According to the Agreement, TSN LLC is a Nevada Limited Liability Company,

3 | with offices at 5401 S. Kirkman Rd., Suite 310, Orlando, FL 32819.

4 |     28.    The Agreement was executed by MATTHEWS, as President of TSN LLC.

5 |     29.    BLUE MOON is not a party to the Agreement.

6 |     30.    BLUE MOON was not involved in the negotiation of the Agreement.

7 |     31.    DUPREE was not involved in the negotiation of the Agreement.

8 |     32.    MacGREGOR and MATTHEWS had input on the terms of the Agreement.

9 |     33.    MATTHEWS was the primary point of contact for Summer Bay prior to and after

10 | the execution of the Agreement.

11 |     34.    MacGREGOR knew that MATTHEWS signed the Agreement on behalf of TSN

12 | LLC.

13 |     35.    MacGREGOR authorized MATTHEWS to sign the Agreement on behalf of TSN

14 | LLC.

15 |     36.    The Agreement states, at Par. 17, "<u>Authority; Counterparts</u>: Each party to this

16 | Agreement represents and warrants to the other party that the individual executing this

17 | Agreement on its behalf is duly authorized to do so."

18 |     37.    The Agreement sets forth the details of the planned infomercial. The infomercial

19 | was to offer a Carnival cruise, as well as an upgraded vacation package that would include a stay

20 | at an SBRCC affiliated property, and would require attendance at a timeshare presentation for an

21 | SBRCC vacation ownership opportunity.

22 |     38.    The Agreement further states, "TSN shall be solely responsible for all content

23 | within the infomercial and for ensuring that all statements, representations, images, etc. are true,

24 | correct, and authorized and Summer Bay shall have no responsibility or liability for same." <u>See</u>

25 | Agreement at Par. 2.2.

26 |     39.    The infomercial began running in August, 2013.

27 |     40.    On September 11, 2013, MacGREGOR contacted BREWER and indicated there

28 | were "internal issues" with TSN LLC and that he wanted Summer Bay to withhold further

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   payments to TSN LLC. MacGREGOR further stated that the issues should be worked out within

2   a day or two. This contact was the first occasion on which Summer Bay learned of any "internal

3   issues" with TSN LLC.

4       41.    Later that same day, MacGREGOR contacted BREWER via email indicating that

5   the "internal issues," which he indicated were issues with MATTHEWS, had been resolved.

6       42.    On September 30, 2013, BLUE MOON initiated a lawsuit in the Eighth Judicial

7   District of Nevada, Clark County, Case Number A-13-689489 (the "State Court Action").

8   MATTHEWS, TSN LLC, among many others, are named as Defendants. Neither Summer Bay

9   nor BREWER were named as defendants in the State Court Action.

10      43.    BLUE MOON alleges in the State Court Action that MATTHEWS fraudulently

11  usurped TSN LLC, and that, "Blue Moon Marketing is the rightful owner of [TSN LLC]." See

12  State Court Action Complaint at Par. 77.

13      44.    BLUE MOON alleges in the State Court Action that MATTHEWS wrongfully

14  deceived and defrauded BLUE MOON in conjunction with its operation of TSN LLC. See State

15  Court Action Complaint at Par. 23 - 94.

16      45.    In early October, 2013, MacGREGOR called BREWER and alleged that

17  MATTHEWS had, "stolen the company" and engaged in copyright and trade mark infringement.

18      46.    BLUE MOON sent a letter to BREWER (the "Cease and Desist Letter"), dated

19  October 14, 2013, enclosing a copy of the Complaint in the State Court Action. The Cease and

20  Desist letter alleges that Summer Bay wrongfully conducted business with MATTHEWS and/or

21  his entities, including Travel Excursion Network ("TEN"), and that Summer Bay and

22  MATTHEWS, "helped facilitate the television broadcast" which it characterized as infringing on

23  Blue Moon's "copyrights and other intellectual property rights." BREWER received the letter on

24  or about October 21, 2013.

25      47.    MacGREGOR asked BREWER and Summer Bay to cease dealing with

26  MATTHEWS, and instead deal with him or his company. BREWER, SBRCC and SBSM were

27  then placed in the middle of a dispute between MacGREGOR and MATTHEWS.

28      48.    BREWER explained to MacGREGOR that he would need a release from

1593801_3 (8989-2)

1  MATTHEWS, since SBSM was contractually bound to TSN LLC under the Agreement.

2  BREWER sought MacGREGOR's approval for this approach, but received no response.

3      49.    On October 29, 2013, counsel for Summer Bay responded to Blue Moon's

4  October 14, 2013 letter stating:

> While it is apparent that Blue Moon Marketing, LLC ("BMM") has a
> serious dispute with Mr. Matthews, Travel Shopping Network, LLC, and
> perhaps others, it is not clear either from your letter or the lawsuit what
> rights of BMM that my client is alleged to have violated or infringed.
> Your letter mixes together concepts from Copyright Act and the Lanham
> Act (and perhaps others) in a way that makes it impossible to determine
> what rights your client actually owns, what acts my client has done in the
> past that allegedly violate those purported rights, and what acts my client
> is supposed to refrain from doing in the future. While my client respects
> the legitimate intellectual property rights of others, we remain unaware of
> any rights of BMM that have been violated by my client's acts, and thus
> there is no activity for my client to cease doing. If you have any other
> information that you would like to bring to our attention, we would be
> happy to consider it.

13      50.    BLUE MOON did not respond to Summer Bay's October 29, 2013 letter and

14  provided no further insight, analysis, or argument as to the allegedly infringing material and/or

15  conduct.

16      51.    Notwithstanding BLUE MOON'S failure to respond to Summer Bay's letter, by

17  December, 2013, Summer Bay had stopped receiving calls as a result of the infomercial.

18      52.    Summer Bay did not enter into any agreements with MATTHEWS.

19      53.    Summer Bay did not enter into any agreements with TEN.

20  **FIRST CLAIM FOR RELIEF**

21  **(Intentional Interference with Contractual Relations – against BLUE MOON)**

22      54.    SBRCC repeats and realleges each and every allegation contained in the

23  preceding paragraphs as if the same were fully set forth at length and incorporates them herein

24  by reference.

25      55.    The Agreement between SBSM and TSN LLC is, and was, at all material times, a

26  valid contract.

27      56.    SBRCC is a third party beneficiary of the Agreement.

28      57.    At all material times, BLUE MOON knew of the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

58.     BLUE MOON committed intentional acts, including but not limited to sending the Cease and Desist Letter, that were intended or designed to disrupt the contractual relationship set forth in the Agreement.

59.     There was an actual disruption of the Agreement.

60.     SBRCC sustained damages as a result of BLUE MOON'S wrongful interference with the Agreement.

61.     It has been necessary for SBRCC to retain the services of attorneys to prosecute this action, and SBRCC has been damaged thereby.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief– against BLUE MOON)

62.     SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

63.     BLUE MOON alleges that it is the rightful owner of TSN LLC.

64.     BLUE MOON further alleges that MATTHEWS wrongfully usurped control of TSN LLC.

65.     SBRCC's rights, status and legal relations are affected by the Agreement.

66.     Pursuant to NRS 30.040, SBRCC is entitled to, and hereby seeks, a declaration of the parties' and third party beneficiaries' rights, status or other legal relations under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, SBRCC demands judgment as follows:

1.     Compensatory damages in an amount to be proven at trial;

2.     For a declaration of SBRCC's rights, status and legal relations under the Agreement.

3.     An award of SBRCC's attorneys' fees and costs;

4.     Prejudgment and post-judgment interest as provided by law; and,

1        5.     Any other relief this Court deems just.

2    **PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S**
3    **CROSSCLAIM AGAINST SCOTT R. MATTHEWS, TRAVEL SHOPPING NETWORK, LLC AND BRIAN MACGREGOR**

4        SBRCC and BREWER, by and through their attorneys Kolesar & Leatham, for their

5    Crossclaim against MATTHEWS, TSN LLC and MacGREGOR, complain and allege as

6    follows:

7                       **PARTIES**

8        67.    SBRCC and BREWER repeat and reallege each and every allegation contained in

9    the preceding paragraphs as if the same were fully set forth at length and incorporates them

10   herein by reference.

11             **JURISDICTION AND VENUE**

12       68.    This Court has subject matter jurisdiction over this crossclaim pursuant to 28 USC

13   § 1367 as it consists of, "all other claims that are so related to claims in the action within such

14   original jurisdiction that they form part of the same case or controversy under Article III of the

15   United States Constitution."

16       69.    Upon information and belief, Plaintiff BLUE MOON is organized under the laws

17   of Nevada with its principal place of business in Nevada.  Defendants are entities organized

18   under the laws of Florida, Delaware, Illinois and California, with principal places of business in

19   those states, and individuals who are citizens of Florida.  The amount in controversy, without

20   interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over

21   the entire action pursuant to 28 U.S.C. § 1332.

22       70.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a

23   substantial part of the events or omissions giving rise the claims in this case occurred in this

24   judicial district.

25       71.    Venue is also proper as to BLUE MOON since it brought suit in this district, and

26   has thus have submitted themselves to the jurisdiction and venue of this court.  See Manley v.

27   Engram, 755 F.2d 1463(11th Cir. 1985).

28   / / /

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1593801_3 (8989-2)          

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## BACKGROUND FACTS

72.    SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief against TSN LLC)

73.    SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

74.    BLUE MOON alleges that it is the rightful owner of TSN LLC.

75.    BLUE MOON further alleges that MATTHEWS wrongfully usurped control of TSN LLC.

76.    SBRCC's rights, status and legal relations are affected by the Agreement.

77.    Pursuant to NRS 30.040, SBRCC is entitled to, and hereby seeks, a declaration of the parties' and third party beneficiaries' rights, status or other legal relations under the Agreement.

## SECOND CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations – against MACGREGOR)

78.    SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

79.    The Agreement between SBSM and TSN LLC is a valid contract.

80.    SBRCC is a third party beneficiary to the Agreement.

81.    MacGREGOR knew of the Agreement.

82.    MacGREGOR committed intentional acts, including but not limited to sending the Cease and Desist Letter, that were intended or designed to disrupt the contractual relationship.

83.    There was an actual disruption of the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

84.     SBRCC sustained damages as a result of MacGREGOR's wrongful interference with the Agreement.

85.     It has been necessary for SBRCC to retain the services of attorneys to prosecute this action, and SBRCC has been damaged thereby.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit.

## THIRD CLAIM FOR RELIEF

### (Express Indemnity – against TSN, LLC and MATTHEWS)

86.     SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

87.     The Agreement contains an indemnity provision in favor of SBRCC. The indemnity provision, at Paragraph 15, states in part, "TSN covenants and warrants that it shall indemnify and hold Summer Bay, its Affiliates and their officers, directors, shareholders, attorneys, agents and employees…harmless from any and all damages, losses, claims, causes of action, costs and expenses, including actual attorneys' fees …."

88.     The Agreement also states that TSN LLC is solely responsible for all content of the infomercial, and that Summer Bay shall have no responsibility or liability for same.  See Agreement at Par. 2.2.

89.     As a result of the acts and/or omissions of other parties, including, but not limited to, TSN LLC and MATTHEWS, claims have been made against SBRCC and BREWER.

90.     Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of TSN LLC and MATTHEWS.

91.     To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive to the primary and active liability of TSN LLC and MATTHEWS.

92.     To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and/or BREWER are entitled to express indemnity from TSN LLC and MATTHEWS pursuant to the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

93.     It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby.  As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

### FOURTH CLAIM FOR RELIEF

### (Equitable Indemnity – Against TSN LLC and MATTHEWS)

94.     SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

95.     Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

96.     To the extent that any liability is assigned to SBRCC and/ or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive to the primary and active liability of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

97.     To the extent that any liability is assigned to SBRCC and/ or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and BREWER are entitled to equitable indemnity from such other defending parties, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

98.     It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby.  As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

### FIFTH CLAIM FOR RELIEF

### (Contribution – Against TSN LLC and MATTHEWS)

99.     SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them

herein by reference.

100.    As a result of the acts and/or omissions of other parties, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, claims have been made against SBRCC and BREWER.

101.    Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

102.    To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and BREWER are entitled to contribution from these other defending parties in this action, including, but not limited to, TSN LLC and MATTHEWS and/or as yet unknown other parties, as set forth in NRS 17.225, *et seq.*

103.    It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby.   As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, SBRCC and BREWER demand judgment as follows:

1.      Compensatory damages in an amount to be proven at trial;

2.      For a declaration of SBRCC's rights, status and legal relations under the Agreement;

3.      For contribution pursuant to NRS 17.225;

4.      For indemnity for all damages that any claimant may recover against SBRCC and/or BREWER by way of judgment, order, settlement, or verdict;

5.      For attorneys' fees and costs of suit;

6.      Prejudgment and post-judgment interest as provided by law; and

7.      For such other relief as the Court deems reasonable and proper.

/ / /

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

**SUMMER BAY SALES AND MARKETING, LC'S COMPLAINT IN INTERVENTION AGAINST SCOTT R. MATTHEWS, TRAVEL SHOPPING NETWORK, LLC, AND BRIAN MACGREGOR**

Intervenor, SBSM, a Florida limited liability company, by and through its attorneys, Kolesar & Leatham, for its complaint in intervention against MATTHEWS, TSN LLC, and MacGREGOR, complains and alleges as follows:

**PARTIES**

104.    SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

**JURISDICTION AND VENUE**

105.    This Court has subject matter jurisdiction for this complaint in intervention pursuant to 28 USC § 1367 as it comprises, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

106.    Upon information and belief, Plaintiff BLUE MOON is organized under the laws of Nevada with its principal place of business in Nevada.  Defendants are entities organized under the laws of Florida, Delaware, Illinois and California, with principal places of business in those states, and individuals who are citizens of Florida.  The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over the entire action pursuant to 28 U.S.C. § 1332.

107.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise the claims in this case occurred in this judicial district.

108.    Venue is also proper as to BLUE MOON since it brought suit in this district, and has thus have submitted themselves to the jurisdiction and venue of this court.  See Manley v. Engram, 755 F.2d 1463(11th Cir. 1985).

**BACKGROUND FACTS**

109.    SBSM repeats and realleges each and every allegation contained in the preceding

paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against MATTHEWS and TSN LLC)

110. SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

111. The Agreement is a valid and binding contract.

112. SBSM performed under the Agreement and/or was excused from performance.

113. TSN LLC and MATTHEWS breached the contract by, inter alia, representing that TSN LLC had rights to the infomercial, when according to BLUE MOON, it did not.

114. In the Agreement, MATTHEWS represented and warranted that he had authority to enter the Agreement. According to BLUE MOON, MATTHEWS did not have such authority, or lost such authority.

115. As a result of TSN LLC's and MATTHEWS' breaches of the Agreement, SBSM incurred damages.

116. It has been necessary for SBSM to retain the services of attorneys to prosecute this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Express Indemnity – against TSN LLC and MATTHEWS)

117. SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

118. The Agreement contains an indemnity provision in favor of SBSM. The indemnity provision, at Paragraph 15, states in part, "TSN covenants and warrants that it shall indemnify and hold Summer Bay, its Affiliates and their officers, directors, shareholders, attorneys, agents and employees…harmless from any and all damages, losses, claims, causes of

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    action, costs and expenses, including actual attorneys' fees ...."

2    119.    The Agreement also states that TSN LLC is solely responsible for all content of

3    the infomercial, and that Summer Bay shall have no responsibility or liability for same.  See

4    Agreement at Par. 2.2.

5    120.    As a result of the acts and/or omissions of other parties, including, but not limited

6    to, TSN LLC and MATTHEWS, claims have been made against SBSM.

7    121.    Any and all damages alleged by any party to this action are the result, in whole or

8    in part, of the acts and/or omissions of TSN LLC and MATTHEWS.

9    122.    To the extent that any liability is assigned to SBSM by way of any direct claim,

10    counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive

11    to the primary and active liability of TSN LLC and MATTHEWS.

12    123.    To the extent that any liability is assigned to SBSM by way of any direct claim,

13    counterclaim, third-party claim, or crossclaim, SBSM is entitled to express indemnity from TSN

14    LLC and MATTHEWS pursuant to the Agreement.

15    124.    It has been necessary for SBSM to retain the services of attorneys to prosecute

16    this action, and SBSM has been damaged thereby.    As such, SBSM is entitled to recover

17    reasonable attorneys' fees and costs of suit.

18                        **THIRD CLAIM FOR RELIEF**

19              **(Equitable Indemnity – Against TSN LLC and MATTHEWS)**

20    125.    SBSM repeats and realleges each and every allegation contained in the preceding

21    paragraphs as if the same were fully set forth at length and incorporates them herein by

22    reference.

23    126.    Any and all damages alleged by any party to this action are the result, in whole or

24    in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not

25    limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

26    individuals.

27    127.    To the extent that any liability is assigned to SBSM by way of any direct claim,

28    counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    to the primary and active liability of other parties, entities, or individuals, including, but not

2    limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

3    individuals.

4         128.    To the extent that any liability is assigned to SBSM by way of any direct claim,

5    counterclaim, third-party claim, or crossclaim, SBSM is entitled to equitable indemnity from

6    such other defending parties, including, but not limited to, TSN LLC and MATTHEWS, and/or

7    as yet unknown other parties, entities, or individuals.

8         129.    It has been necessary for SBSM to retain the services of attorneys to prosecute

9    this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover

10    reasonable attorneys' fees and costs of suit.

11 **FIFTH CLAIM FOR RELIEF**

12 **(Contribution – Against TSN LLC and MATTHEWS)**

13         130.    SBSM repeats and realleges each and every allegation contained in the preceding

14    paragraphs as if the same were fully set forth at length and incorporates them herein by

15    reference.

16         131.    As a result of the acts and/or omissions of other parties, including, but not limited

17    to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, claims have been made

18    against SBSM.

19         132.    Any and all damages alleged by any party to this action are the result, in whole or

20    in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not

21    limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

22    individuals.

23         133.    To the extent that any liability is assigned to SBSM by way of any direct claim,

24    counterclaim, third-party claim, or crossclaim, SBSM is entitled to contribution from these other

25    defending parties in this action, including, but not limited to, TSN LLC and MATTHEWS and/or

26    as yet unknown other parties, as set forth in NRS 17.225, *et seq*.

27         134.    It has been necessary for SBSM to retain the services of attorneys to prosecute

28    this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1   reasonable attorneys' fees and costs of suit.

2   **FOURTH CLAIM FOR RELIEF**

3   **(Breach Of The Implied Covenant Of Good Faith And Fair Dealing– Against TSN LLC and MATTHEWS)**

4

5       135.   SBSM repeats and realleges each and every allegation contained in the preceding

6   paragraphs as if the same were fully set forth at length and incorporates them herein by

7   reference.

8       136.   The Agreement is a valid and binding contract between SBSM and TSN LLC.

9       137.   TSN LLC and MATTHEWS owed a duty of good faith to SBSM.

10      138.   TSN LLC and MATTHEWS breached that duty by performing in a manner that

11   was unfaithful to the purpose of the contract.

12      139.   SBSM's justified expectations were thus denied.

13      140.   SBSM has sustained damages as a result of the breach of the duty of good faith

14   and fair dealing.

15      141.   It has been necessary for SBSM to retain the services of attorneys to prosecute

16   this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover

17   reasonable attorneys' fees and costs of suit.

18   **FIFTH CLAIM FOR RELIEF**

19   **(Intentional Interference with Contractual Relations – against MACGREGOR)**

20      142.   SBSM repeats and realleges each and every allegation contained in the preceding

21   paragraphs as if the same were fully set forth at length and incorporates them herein by

22   reference.

23      143.   The Agreement between SBSM and TSN LLC is a valid contract.

24      144.   MacGREGOR knew of the Agreement.

25      145.   MacGREGOR committed intentional acts, including but not limited to directing

26   BLUE MOON to send the Cease and Desist Letter, that were intended or designed to disrupt the

27   contractual relationship.

28      146.   There was an actual disruption of the Agreement.

1593801_3 (8989-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1     147.    SBSM sustained damages as a result of MacGREGOR's wrongful interference

2  with the Agreement.

3     148.    It has been necessary for SBSM to retain the services of attorneys to prosecute

4  this action, and SBSM has been damaged thereby.    As such, SBSM is entitled to recover

5  reasonable attorneys' fees and costs of suit.

6                        **SIXTH CLAIM FOR RELIEF**

7                   **(Declaratory Relief – Against TSN LLC)**

8     149.    SBSM repeats and realleges each and every allegation contained in the preceding

9  paragraphs as if the same were fully set forth at length and incorporates them herein by

10  reference.

11    150.    BLUE MOON alleges that it is the rightful owner of Travel Shopping Network.

12    151.    BLUE MOON further alleges that MATTHEWS wrongfully usurped control of

13  TSN LLC.

14    152.    SBSM's rights, status and legal relations are affected by the Agreement.

15    153.    Pursuant to NRS 30.040, SBSM is entitled to, and hereby seeks, a declaration of

16  the parties' and third party beneficiaries' rights, status or other legal relations under the

17  Agreement.

18                        **PRAYER FOR RELIEF**

19    WHEREFORE, SBSM demands judgment as follows:

20    1.    Compensatory damages in an amount to be proven at trial;

21    2.    For a declaration of SBSM's rights, status and legal relations under the

22  Agreement;

23    3.    For contribution pursuant to NRS 17.225;

24    4.    For indemnity for all damages that any claimant may recover against SBSM by

25  way of judgment, order, settlement, or verdict;

26    5.    For attorneys' fees and costs of suit; and

27    6.    Prejudgment and post-judgment interest as provided by law; and

28  / / /

7.     For such other relief as the Court deems reasonable and proper.

DATED this ___7___ day of March, 2014.

KOLESAR & LEATHAM

By _____
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendants
Philip Brewer and Summer Bay Resorts Crown
Club, LLC; and Plaintiff in Intervention
Summer Bay Sales and Marketing, LC

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham and that on the _____ day of March, 2014, I caused to be served a true and correct copy of foregoing **PHILIP BREWER, ERRONEOUSLY NAMED AS PHILLIP BREWER, AND SUMMER BAY RESORTS CROWN CLUB, LLC'S AMENDED ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSSCLAIM and INTERVENOR SUMMER BAY SALES AND MARKETING, L.C.'S COMPLAINT IN INTERVENTION** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5(D) of the Nevada Rules of Civil Procedure, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Clyde DeWitt, Esq.
Law Offices of Clyde DeWitt
2300 West Sahara Avenue
Suite 800
Las Vegas, Nevada 89102-4397

*Attorneys for Defendants*
*Scott R. Matthews, Travel Excursion Network,*
*LLC, 4 Star Holdings LLC,*

Mark S. Braun, Esq.
1600 S. Valley View Blvd., #2132
Las Vegas, Nevada 89102

*Attorneys for Plaintiff*
*Blue Moon Marketing, LLC*

David S. Lee, Esq.
Lee, Hernandez, Landrum, Garofolo & Blake
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

*Attorneys for Defendant*
*Revenue Frontier, LLC*

_____
An Employee of KOLESAR & LEATHAM

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472