1  ROBERT J. CALDWELL, ESQ.
   Nevada Bar No. 007637
2  JONATHAN D. BLUM, ESQ.
   Nevada Bar No. 009515
3  **KOLESAR & LEATHAM**
   400 South Rampart Boulevard, Suite 400
4  Las Vegas, Nevada 89145
   Telephone: (702) 362-7800
5  Facsimile: (702) 362-9472
   E-Mail:    rcaldwell@klnevada.com
6             jblum@klnevada.com

7  *Attorneys for Defendants, Counterclaimants, and*
   *Crossclaimants, Philip Brewer and Summer Bay*
8  *Resorts Crown Club, LLC; and Plaintiff in*
   *Intervention Summer Bay Sales and Marketing,*
9  *L.C*

10

11

12

13                    **UNITED STATES DISTRICT COURT**

14                          **DISTRICT OF NEVADA**

                                  * * *
15
   BLUE MOON MARKETING, LLC.,              CASE NO. 2:13-cv-2238-JAD-GWF
16
                      Plaintiff,
17
          vs.
18                                         **PHILIP BREWER AND SUMMER**
   SCOTT MATTHEWS, an individual; TRAVEL   **BAY RESORTS CROWN CLUB,**
19 EXCURSION NETWORK, LLC, a Florida       **LLC'S AMENDED ANSWER TO**
   limited-liability company; 4 STAR       **COMPLAINT, COUNTERCLAIM**
20 HOLDINGS, LLC, a Florida Limited Liability  **AND CROSSCLAIM**
   Company; ALLAN R. LEFFLER, an
21 individual; TRACY L. LEFFLER, an          **and**
   individual; PRESTIGE TRAVEL SYSTEMS,
22 INC., a Florida corporation; RON LASCALA, **INTERVENOR SUMMER BAY**
   an individual; SUMMER BAY RESORTS       **SALES AND MARKETING, L.C.'S**
23 CROWN CLUB, LLC, a Florida limited       **COMPLAINT IN INTERVENTION**
   liability company; PHILLIP BREWER, an
24 individual; WESTGATE RESORTS, LTD., a
   Florida limited partnership; WESTGATE
25 RESORTS, L.L.C., a Florida limited-liability
   company; WESTGATE RESORTS, INC., a
26 Florida corporation; RW ADVERTISING,
   INC., an Illinois corporation; REVENUE
27 FRONTIER, LLC, a California foreign limited-
   liability company; CALL SERVICES
28 INTERNATIONAL, LLC, a Florida Limited

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1  Liability Company; and DOES 1-10, inclusive,

2                    Defendants.

3  SUMMER BAY RESORTS CROWN CLUB,
   LLC, a Delaware limited liability company,

4                    Counterclaimant,

5       vs.

6  BLUE MOON MARKETING, LLC.,

7                    Counterdefendants.

8  SUMMER BAY RESORTS CROWN CLUB,
9  LLC, a Delaware limited liability company; and
   PHILIP BREWER, an individual,

10                   Cross-Claimant,

11      vs.

12 SCOTT R. MATTHEWS, an individual ;
13 TRAVEL SHOPPING NETWORK, LLC;
   BRIAN MACGREGOR, an individual,

14                   Cross-Defendants.

15 SUMMER BAY SALES AND MARKETING,
16 LC, a Florida limited liability company,

17                   Intervenor,

18      vs.

19 BLUE MOON MARKETING, LLC; SCOTT
   R. MATTHEWS, an individual; TRAVEL
20 SHOPPING NETWORK, LLC; BRIAN
   MACGREGOR, an individual,

21                   Defendants.

22  AND RELATED CLAIMS

23

24  **PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S AMENDED
    ANSWER TO COMPLAINT**

25

26      Defendants, PHILIP BREWER ("BREWER"), erroneously named as PHILLIP

27 BREWER, and SUMMER BAY RESORTS CROWN CLUB, LLC ("SBRCC"), (collectively

28 "SBR Defendants"), by and through their attorneys, Kolesar & Leatham, in response to

Plaintiff's Complaint [Doc. 1], hereby submit their Amended Answer and allege as follows:

## NATURE OF ACTION

1. Paragraph 1 of the Complaint is not an allegation of fact that can be affirmed or denied. To the extend paragraph 1 can be affirmed or denied, SBR Defendants deny such allegations.

## PARTIES

2. In answering Paragraphs 2, 3, 4, 5, 6, 7, 8, 9, 12, 13, 14, 15, 16, 17, and 18 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in such paragraph pertaining to Plaintiff and its purported actions, and therefore deny said allegations.

3. SBR Defendants deny that Summer Bay Resorts Crown Club, LLC is a Florida limited liability company, but admit the remaining allegations of Paragraph 10.

4. In answering Paragraphs 11, SBR Defendants admit the allegations in the first two sentences, but deny all remaining allegations contained therein.

## JURISDICTION AND VENUE

5. In answering Paragraphs 19, 20, 21 and 22 of the Complaint, SBR Defendants deny all allegations contained therein.

## BACKGROUND FACTS

6. In answering Paragraphs 24 through 45 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations.

7. In answering Paragraphs 46 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in the first, second, and sixth sentences pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations. SBR Defendants deny the allegations set forth in the third, fourth and fifth lines of Paragraph 46.

8. In answering Paragraphs 47 through 52 of the Complaint, SBR Defendants lack

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations

9.    In answering Paragraphs 53 of the Complaint, SBR Defendants deny all allegations contained therein.

10.    In answering Paragraphs 54 through 60 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations.

11.    In answering Paragraphs 61 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations set forth in the first sentence pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations. SBR Defendants deny all remaining allegations contained therein.

12.    SBR Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

13.    In answering Paragraphs 63 through 66 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in these paragraphs pertaining to Plaintiff or others and their purported actions, and therefore deny said allegations. SBR Defendants deny all remaining allegations contained therein.

**FIRST CLAIM FOR RELIEF**
**DIRECT COPYRIGHT INFRINGEMENT**

14.    In answering Paragraph 67 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

15.    In answering Paragraphs 68 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations in this paragraph pertaining to Plaintiff and its purported actions, and therefore deny said allegations.

16.    SBR Defendants deny the allegations set forth in Paragraphs 69 through 76 of the Complaint.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

17.     In answering Paragraph 77 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

18.     SBR Defendants deny the allegations set forth in Paragraphs 78 through 82 of the Complaint.

## THIRD CLAIM FOR RELIEF
## VICARIOUS COPYRIGHT INFRINGEMENT

19.     In answering Paragraph 83 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

20.     SBR Defendants deny the allegations set forth in Paragraphs 84 through 89 of the Complaint.

## FOURTH CLAIM FOR RELIEF
## TRADEMARK INFRINGEMENT, VICARIOUS LIABILITY
## AND CONTRIBUTORY INFRINGEMENT

21.     In answering Paragraph 90 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

22.     SBR Defendants deny the allegations set forth in Paragraphs 91 through 105 of the Complaint.

## FIFTH CLAIM FOR RELIEF
## MISAPPROPRIATION OF TRADE SECRETS UNDER NRS 600A.101 ET SEQ.

23.     In answering Paragraph 106 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

24.     In answering Paragraphs 107 and 108 of the Complaint, SBR Defendants lack knowledge or information sufficient to form a belief as to the truth or veracity of the allegations

in these paragraphs pertaining to Plaintiff and its purported actions, and therefore deny said allegations. SBR Defendants deny all remaining allegations contained therein.

25. SBR Defendants deny the allegations set forth in Paragraphs 109 through 118 of the Complaint.

**SIXTH CLAIM FOR RELIEF**
**VIOLATION OF NEVADA DECEPTIVE TRADE PRACTICES ACT**

26. In answering Paragraph 119 of the Complaint, SBR Defendants specifically incorporate herein as if set forth in full their responses to the preceding paragraphs of the Complaint.

27. SBR Defendants deny the allegations set forth in Paragraphs 120 through 122 of the Complaint.

**AFFIRMATIVE DEFENSES**

SBR Defendants assert the following affirmative defenses to the Complaint, and the claims asserted therein, and SBR Defendants specifically incorporate into their Affirmative Defenses as if fully set forth herein their responses to the preceding paragraphs of the Answer herein.

1. Plaintiff fails to set forth facts sufficient to state a claim upon which relief may be granted against SBR Defendants and further fails to state facts sufficient to entitle Plaintiff to the relief sought, or any other relief whatsoever from SBR Defendants.

2. Plaintiff's claims are barred due to Plaintiff's unclean hands.

3. Plaintiff's claims are barred in whole or in part by the doctrines of waiver and laches.

4. Plaintiff is estopped by action of law or by conduct from maintaining the actions filed in this case.

5. As to each purported cause of action filed in this case, Plaintiff is barred from any recovery against SBR Defendants by reason of its own actions and conduct that constituted a ratification of the alleged actions and conduct of SBR Defendants.

6. Plaintiff's claims are barred because Plaintiff arbitrarily altered the course of

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

dealing between the parties.

7.     Plaintiff does not have capacity to sue or bring this action and this action is therefore barred.

8.     Plaintiff is not the real party in interest and/or duly authorized agent of same upon which Plaintiff's alleged claim is based, and therefore has no standing to bring this action.

9.     Plaintiff consented to or granted a license to SBR Defendants to engage in the acts complained of in the Complaint, and that said consent was express and/or implied.

10.     Plaintiff's claims are barred by its own fraud or the fraudulent conduct of its agents.

11.     Plaintiff's claims are barred or its damages limited by Plaintiff's own failure to mitigate its damages.

12.     Plaintiff's claims against SBR Defendants are barred as a result of the intervening actions of others, over whom these answering SBR Defendants had no control or authority.

13.     Plaintiff's claims are barred by its own failure to act in good faith and deal fairly with SBR Defendants.

14.     The copyright application allegedly filed by Plaintiff is invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

15.     SBR Defendants' alleged use of Plaintiff's alleged copyrighted material is lawful use based on agreements between Plaintiff and/or its agents acting under actual or apparent authority of Plaintiff and SBR Defendants.

16.     Plaintiff consented to SBR Defendants' use of Plaintiffs' alleged copyrighted material under agreements between Defendant Summer Bay Plaintiff and/or its agents acting under actual or apparent authority of Plaintiff.

17.     Plaintiff's claim for copyright infringement is barred by the doctrine of copyright misuse, as Plaintiff's actions constitute a breach of its agreement with Defendant Summer Bay.

18.     Plaintiff's claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because Plaintiff did not obtain a copyright registration relevant to any claims within three months after the first publication of the allegedly infringing work as required by 17 U.S.C.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

§ 412.

19.    Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

20.    Plaintiff's claim for unfair competition is barred based on the agreement between Plaintiff and Defendant Summer Bay.

21.    Plaintiff's state law claims are pre-empted in whole or in part by federal law.

22.    Plaintiff's copyright claims against SBR Defendants are barred because Plaintiff does not own a valid copyright, is not the author of the alleged copyright, and/or the subject matter of the copyright is not original or copyrightable.

23.    SBR Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

WHEREFORE, SBR Defendants pray as follows:

1.    That Plaintiff takes nothing by virtue of the Complaint herein and that this action is dismissed in its entirety;

2.    For attorneys' fees and costs of suit herein incurred; and

3.    For such other and further relief as the Court may deem just and proper.

## COUNTERCLAIM
## AGAINST BLUE MOON MARKETING, LLC

SBRCC, by and through its attorneys, Kolesar & Leatham, for its counterclaim against BLUE MOON, complains and alleges as follows:

## PARTIES

1.    SBRCC is a Delaware limited liability company, authorized to transact business in Florida and an operator of timeshare resorts.  SBRCC's principal place of business is in Florida.

2.    Upon information and belief, BLUE MOON is a Nevada limited liability company with its principal place of business in Nevada.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

3. Upon information and belief, BLUE MOON's Managing Member is non-party Darryl Dupree ("DUPREE").

4. Upon information and belief, Defendant Scott R. Matthews ("MATTHEWS") is a resident of Florida.

5. Upon information and belief, Travel Excursion Network, LLC ("TEN") is a Florida limited liability company with its principal place of business in Florida.

6. Upon information and belief, 4 Star, LLC is a Florida limited liability company with its principal place of business in Florida.

7. Upon information and belief, Allan R. Leffler is a resident of Florida.

8. Upon information and belief, Tracy L. Leffler is a resident of Florida.

9. Upon information and belief, Prestige Travel Systems, Inc. is a Florida corporation with its principal place of business in Florida.

10. Upon information and belief, Ron Lascala is a resident of Florida.

11. Defendant Philip Brewer ("BREWER") is Director of Marketing at SBRCC and a resident of Florida.

12. Upon information and belief, RW Advertising, Inc. is an Illinois corporation with its principal place of business in Illinois.

13. Upon information and belief, Revenue Frontier, LLC is a Delaware Limited Liability Company with its principal place of business in California.

14. Upon information and belief, Call Services International LLC is a Florida Limited Liability Company with its principal place of business in Florida.

15. On information and belief, third party Defendant Brian MacGREGOR ("MacGREGOR") is a resident of Nevada.

16. Summer Bay Sales and Marketing, L.C. ("SBSM") is a Florida limited liability company, with its principal place of business in Florida, and the sales and marketing affiliate of Summer Bay Resorts.

17. Intervenor, nominal counterclaimant, Travel Shopping Network, LLC ("TSN LLC") is a Nevada Limited Liability Company.

18. According to the Nevada Secretary of State's website, TSN LLC's Managing Member is MATTHEWS.

## JURISDICTION AND VENUE

19. This Court has subject matter jurisdiction for this counterclaim pursuant to 28 USC § 1367 as it consists of, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

20. Upon information and belief, Plaintiff BLUE MOON is organized under the laws of Nevada with its principal place of business in Nevada. Defendants are entities organized under the laws of Florida, Delaware, Illinois and California, with principal places of business in those states, and individuals who are citizens of Florida. The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over the entire action pursuant to 28 U.S.C. § 1332.

21. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise the claims in this case occurred in this judicial district.

22. Venue is also proper as to BLUE MOON since it brought suit in this district and has thus has submitted itself to the jurisdiction and venue of this court. See Manley v. Engram, 755 F.2d 1463(11th Cir. 1985).

## BACKGROUND FACTS

23. In or about January, 2013, MATTHEWS introduced himself to Defendant BREWER via www.linkedin.com .

24. In or about January, 2013, MATTHEWS introduced MacGREGOR to BREWER. MacGREGOR approached SBRCC, through MATTHEWS, to discuss an infomercial marketing concept involving cruise-based vacations.

25. In the first half of 2013, Summer Bay, MATTHEWS and MacGREGOR discussed and negotiated a contract that would govern the relationship between specific entities.

26. On or about June 27, 2013 SBSM entered into an Infomercial Marketing

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

Agreement (the "Agreement") with TSN LLC.

27. According to the Agreement, TSN LLC is a Nevada Limited Liability Company, with offices at 5401 S. Kirkman Rd., Suite 310, Orlando, FL 32819.

28. The Agreement was executed by MATTHEWS, as President of TSN LLC.

29. BLUE MOON is not a party to the Agreement.

30. BLUE MOON was not involved in the negotiation of the Agreement.

31. DUPREE was not involved in the negotiation of the Agreement.

32. MacGREGOR and MATTHEWS had input on the terms of the Agreement.

33. MATTHEWS was the primary point of contact for Summer Bay prior to and after the execution of the Agreement.

34. MacGREGOR knew that MATTHEWS signed the Agreement on behalf of TSN LLC.

35. MacGREGOR authorized MATTHEWS to sign the Agreement on behalf of TSN LLC.

36. The Agreement states, at Par. 17, "Authority; Counterparts: Each party to this Agreement represents and warrants to the other party that the individual executing this Agreement on its behalf is duly authorized to do so."

37. The Agreement sets forth the details of the planned infomercial. The infomercial was to offer a Carnival cruise, as well as an upgraded vacation package that would include a stay at an SBRCC affiliated property, and would require attendance at a timeshare presentation for an SBRCC vacation ownership opportunity.

38. The Agreement further states, "TSN shall be solely responsible for all content within the infomercial and for ensuring that all statements, representations, images, etc. are true, correct, and authorized and Summer Bay shall have no responsibility or liability for same." See Agreement at Par. 2.2.

39. The infomercial began running in August, 2013.

40. On September 11, 2013, MacGREGOR contacted BREWER and indicated there were "internal issues" with TSN LLC and that he wanted Summer Bay to withhold further

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

payments to TSN LLC. MacGREGOR further stated that the issues should be worked out within a day or two. This contact was the first occasion on which Summer Bay learned of any "internal issues" with TSN LLC.

41.     Later that same day, MacGREGOR contacted BREWER via email indicating that the "internal issues," which he indicated were issues with MATTHEWS, had been resolved.

42.     On September 30, 2013, BLUE MOON initiated a lawsuit in the Eighth Judicial District of Nevada, Clark County, Case Number A-13-689489 (the "State Court Action"). MATTHEWS, TSN LLC, among many others, are named as Defendants. Neither Summer Bay nor BREWER were named as defendants in the State Court Action.

43.     BLUE MOON alleges in the State Court Action that MATTHEWS fraudulently usurped TSN LLC, and that, "Blue Moon Marketing is the rightful owner of [TSN LLC]." See State Court Action Complaint at Par. 77.

44.     BLUE MOON alleges in the State Court Action that MATTHEWS wrongfully deceived and defrauded BLUE MOON in conjunction with its operation of TSN LLC. See State Court Action Complaint at Par. 23 - 94.

45.     In early October, 2013, MacGREGOR called BREWER and alleged that MATTHEWS had, "stolen the company" and engaged in copyright and trade mark infringement.

46.     BLUE MOON sent a letter to BREWER (the "Cease and Desist Letter"), dated October 14, 2013, enclosing a copy of the Complaint in the State Court Action. The Cease and Desist letter alleges that Summer Bay wrongfully conducted business with MATTHEWS and/or his entities, including Travel Excursion Network ("TEN"), and that Summer Bay and MATTHEWS, "helped facilitate the television broadcast" which it characterized as infringing on Blue Moon's "copyrights and other intellectual property rights." BREWER received the letter on or about October 21, 2013.

47.     MacGREGOR asked BREWER and Summer Bay to cease dealing with MATTHEWS, and instead deal with him or his company. BREWER, SBRCC and SBSM were then placed in the middle of a dispute between MacGREGOR and MATTHEWS.

48.     BREWER explained to MacGREGOR that he would need a release from

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

MATTHEWS, since SBSM was contractually bound to TSN LLC under the Agreement. BREWER sought MacGREGOR's approval for this approach, but received no response.

49. On October 29, 2013, counsel for Summer Bay responded to Blue Moon's October 14, 2013 letter stating:

> While it is apparent that Blue Moon Marketing, LLC ("BMM") has a serious dispute with Mr. Matthews, Travel Shopping Network, LLC, and perhaps others, it is not clear either from your letter or the lawsuit what rights of BMM that my client is alleged to have violated or infringed. Your letter mixes together concepts from Copyright Act and the Lanham Act (and perhaps others) in a way that makes it impossible to determine what rights your client actually owns, what acts my client has done in the past that allegedly violate those purported rights, and what acts my client is supposed to refrain from doing in the future. While my client respects the legitimate intellectual property rights of others, we remain unaware of any rights of BMM that have been violated by my client's acts, and thus there is no activity for my client to cease doing. If you have any other information that you would like to bring to our attention, we would be happy to consider it.

50. BLUE MOON did not respond to Summer Bay's October 29, 2013 letter and provided no further insight, analysis, or argument as to the allegedly infringing material and/or conduct.

51. Notwithstanding BLUE MOON'S failure to respond to Summer Bay's letter, by December, 2013, Summer Bay had stopped receiving calls as a result of the infomercial.

52. Summer Bay did not enter into any agreements with MATTHEWS.

53. Summer Bay did not enter into any agreements with TEN.

## FIRST CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations – against BLUE MOON)

54. SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

55. The Agreement between SBSM and TSN LLC is, and was, at all material times, a valid contract.

56. SBRCC is a third party beneficiary of the Agreement.

57. At all material times, BLUE MOON knew of the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

58.     BLUE MOON committed intentional acts, including but not limited to sending the Cease and Desist Letter, that were intended or designed to disrupt the contractual relationship set forth in the Agreement.

59.     There was an actual disruption of the Agreement.

60.     SBRCC sustained damages as a result of BLUE MOON'S wrongful interference with the Agreement.

61.     It has been necessary for SBRCC to retain the services of attorneys to prosecute this action, and SBRCC has been damaged thereby.  As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief– against BLUE MOON)

62.     SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

63.     BLUE MOON alleges that it is the rightful owner of TSN LLC.

64.     BLUE MOON further alleges that MATTHEWS wrongfully usurped control of TSN LLC.

65.     SBRCC's rights, status and legal relations are affected by the Agreement.

66.     Pursuant to NRS 30.040, SBRCC is entitled to, and hereby seeks, a declaration of the parties' and third party beneficiaries' rights, status or other legal relations under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, SBRCC demands judgment as follows:

1.     Compensatory damages in an amount to be proven at trial;

2.     For a declaration of SBRCC's rights, status and legal relations under the Agreement.

3.     An award of SBRCC's attorneys' fees and costs;

4.     Prejudgment and post-judgment interest as provided by law; and,

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

5. Any other relief this Court deems just.

**PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S CROSSCLAIM AGAINST SCOTT R. MATTHEWS, TRAVEL SHOPPING NETWORK, LLC AND BRIAN MACGREGOR**

SBRCC and BREWER, by and through their attorneys Kolesar & Leatham, for their Crossclaim against MATTHEWS, TSN LLC and MacGREGOR, complain and allege as follows:

## PARTIES

67. SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

## JURISDICTION AND VENUE

68. This Court has subject matter jurisdiction over this crossclaim pursuant to 28 USC § 1367 as it consists of, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

69. Upon information and belief, Plaintiff BLUE MOON is organized under the laws of Nevada with its principal place of business in Nevada. Defendants are entities organized under the laws of Florida, Delaware, Illinois and California, with principal places of business in those states, and individuals who are citizens of Florida. The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over the entire action pursuant to 28 U.S.C. § 1332.

70. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise the claims in this case occurred in this judicial district.

71. Venue is also proper as to BLUE MOON since it brought suit in this district, and has thus have submitted themselves to the jurisdiction and venue of this court. See Manley v. Engram, 755 F.2d 1463(11th Cir. 1985).

/ / /

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## BACKGROUND FACTS

72.     SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief against TSN LLC)

73.     SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

74.     BLUE MOON alleges that it is the rightful owner of TSN LLC.

75.     BLUE MOON further alleges that MATTHEWS wrongfully usurped control of TSN LLC.

76.     SBRCC's rights, status and legal relations are affected by the Agreement.

77.     Pursuant to NRS 30.040, SBRCC is entitled to, and hereby seeks, a declaration of the parties' and third party beneficiaries' rights, status or other legal relations under the Agreement.

## SECOND CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations – against MACGREGOR)

78.     SBRCC repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

79.     The Agreement between SBSM and TSN LLC is a valid contract.

80.     SBRCC is a third party beneficiary to the Agreement.

81.     MacGREGOR knew of the Agreement.

82.     MacGREGOR committed intentional acts, including but not limited to sending the Cease and Desist Letter, that were intended or designed to disrupt the contractual relationship.

83.     There was an actual disruption of the Agreement.

84. SBRCC sustained damages as a result of MacGREGOR's wrongful interference with the Agreement.

85. It has been necessary for SBRCC to retain the services of attorneys to prosecute this action, and SBRCC has been damaged thereby. As such, Plaintiff is entitled to recover reasonable attorneys' fees and costs of suit.

### THIRD CLAIM FOR RELIEF

### (Express Indemnity – against TSN, LLC and MATTHEWS)

86. SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

87. The Agreement contains an indemnity provision in favor of SBRCC. The indemnity provision, at Paragraph 15, states in part, "TSN covenants and warrants that it shall indemnify and hold Summer Bay, its Affiliates and their officers, directors, shareholders, attorneys, agents and employees…harmless from any and all damages, losses, claims, causes of action, costs and expenses, including actual attorneys' fees …."

88. The Agreement also states that TSN LLC is solely responsible for all content of the infomercial, and that Summer Bay shall have no responsibility or liability for same. <u>See</u> Agreement at Par. 2.2.

89. As a result of the acts and/or omissions of other parties, including, but not limited to, TSN LLC and MATTHEWS, claims have been made against SBRCC and BREWER.

90. Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of TSN LLC and MATTHEWS.

91. To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive to the primary and active liability of TSN LLC and MATTHEWS.

92. To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and/or BREWER are entitled to express indemnity from TSN LLC and MATTHEWS pursuant to the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

93.    It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby.  As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

### (Equitable Indemnity – Against TSN LLC and MATTHEWS)

94.    SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

95.    Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

96.    To the extent that any liability is assigned to SBRCC and/ or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive to the primary and active liability of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

97.    To the extent that any liability is assigned to SBRCC and/ or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and BREWER are entitled to equitable indemnity from such other defending parties, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

98.    It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby.  As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### (Contribution – Against TSN LLC and MATTHEWS)

99.    SBRCC and BREWER repeat and reallege each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them

herein by reference.

100. As a result of the acts and/or omissions of other parties, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, claims have been made against SBRCC and BREWER.

101. Any and all damages alleged by any party to this action are the result, in whole or in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or individuals.

102. To the extent that any liability is assigned to SBRCC and/or BREWER by way of any direct claim, counterclaim, third-party claim, or crossclaim, SBRCC and BREWER are entitled to contribution from these other defending parties in this action, including, but not limited to, TSN LLC and MATTHEWS and/or as yet unknown other parties, as set forth in NRS 17.225, *et seq*.

103. It has been necessary for SBRCC and BREWER to retain the services of attorneys to prosecute this action, and SBRCC and BREWER have been damaged thereby. As such, SBRCC and BREWER are entitled to recover reasonable attorneys' fees and costs of suit.

## **PRAYER FOR RELIEF**

WHEREFORE, SBRCC and BREWER demand judgment as follows:

1. Compensatory damages in an amount to be proven at trial;

2. For a declaration of SBRCC's rights, status and legal relations under the Agreement;

3. For contribution pursuant to NRS 17.225;

4. For indemnity for all damages that any claimant may recover against SBRCC and/or BREWER by way of judgment, order, settlement, or verdict;

5. For attorneys' fees and costs of suit;

6. Prejudgment and post-judgment interest as provided by law; and

7. For such other relief as the Court deems reasonable and proper.

///

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## SUMMER BAY SALES AND MARKETING, LC'S COMPLAINT IN INTERVENTION AGAINST SCOTT R. MATTHEWS, TRAVEL SHOPPING NETWORK, LLC, AND BRIAN MACGREGOR

Intervenor, SBSM, a Florida limited liability company, by and through its attorneys, Kolesar & Leatham, for its complaint in intervention against MATTHEWS, TSN LLC, and MacGREGOR, complains and alleges as follows:

### PARTIES

104.    SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

### JURISDICTION AND VENUE

105.    This Court has subject matter jurisdiction for this complaint in intervention pursuant to 28 USC § 1367 as it comprises, "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

106.    Upon information and belief, Plaintiff BLUE MOON is organized under the laws of Nevada with its principal place of business in Nevada. Defendants are entities organized under the laws of Florida, Delaware, Illinois and California, with principal places of business in those states, and individuals who are citizens of Florida. The amount in controversy, without interest and costs, exceeds the sum of $75,000.00 and this Court has diversity jurisdiction over the entire action pursuant to 28 U.S.C. § 1332.

107.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise the claims in this case occurred in this judicial district.

108.    Venue is also proper as to BLUE MOON since it brought suit in this district, and has thus have submitted themselves to the jurisdiction and venue of this court. See Manley v. Engram, 755 F.2d 1463(11th Cir. 1985).

### BACKGROUND FACTS

109.    SBSM repeats and realleges each and every allegation contained in the preceding

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract – Against MATTHEWS and TSN LLC)

110.    SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

111.    The Agreement is a valid and binding contract.

112.    SBSM performed under the Agreement and/or was excused from performance.

113.    TSN LLC and MATTHEWS breached the contract by, inter alia, representing that TSN LLC had rights to the infomercial, when according to BLUE MOON, it did not.

114.    In the Agreement, MATTHEWS represented and warranted that he had authority to enter the Agreement. According to BLUE MOON, MATTHEWS did not have such authority, or lost such authority.

115.    As a result of TSN LLC's and MATTHEWS' breaches of the Agreement, SBSM incurred damages.

116.    It has been necessary for SBSM to retain the services of attorneys to prosecute this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover reasonable attorneys' fees and costs of suit.

## SECOND CLAIM FOR RELIEF

### (Express Indemnity – against TSN LLC and MATTHEWS)

117.    SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

118.    The Agreement contains an indemnity provision in favor of SBSM. The indemnity provision, at Paragraph 15, states in part, "TSN covenants and warrants that it shall indemnify and hold Summer Bay, its Affiliates and their officers, directors, shareholders, attorneys, agents and employees…harmless from any and all damages, losses, claims, causes of

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

1    action, costs and expenses, including actual attorneys' fees ...."

2        119.    The Agreement also states that TSN LLC is solely responsible for all content of

3    the infomercial, and that Summer Bay shall have no responsibility or liability for same. <u>See</u>

4    Agreement at Par. 2.2.

5        120.    As a result of the acts and/or omissions of other parties, including, but not limited

6    to, TSN LLC and MATTHEWS, claims have been made against SBSM.

7        121.    Any and all damages alleged by any party to this action are the result, in whole or

8    in part, of the acts and/or omissions of TSN LLC and MATTHEWS.

9        122.    To the extent that any liability is assigned to SBSM by way of any direct claim,

10    counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive

11    to the primary and active liability of TSN LLC and MATTHEWS.

12        123.    To the extent that any liability is assigned to SBSM by way of any direct claim,

13    counterclaim, third-party claim, or crossclaim, SBSM is entitled to express indemnity from TSN

14    LLC and MATTHEWS pursuant to the Agreement.

15        124.    It has been necessary for SBSM to retain the services of attorneys to prosecute

16    this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover

17    reasonable attorneys' fees and costs of suit.

18        **<u>THIRD CLAIM FOR RELIEF</u>**

19        **(Equitable Indemnity – Against TSN LLC and MATTHEWS)**

20        125.    SBSM repeats and realleges each and every allegation contained in the preceding

21    paragraphs as if the same were fully set forth at length and incorporates them herein by

22    reference.

23        126.    Any and all damages alleged by any party to this action are the result, in whole or

24    in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not

25    limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

26    individuals.

27        127.    To the extent that any liability is assigned to SBSM by way of any direct claim,

28    counterclaim, third-party claim, or crossclaim, such liability was strictly secondary and passive

1  to the primary and active liability of other parties, entities, or individuals, including, but not

2  limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

3  individuals.

4      128.   To the extent that any liability is assigned to SBSM by way of any direct claim,

5  counterclaim, third-party claim, or crossclaim, SBSM is entitled to equitable indemnity from

6  such other defending parties, including, but not limited to, TSN LLC and MATTHEWS, and/or

7  as yet unknown other parties, entities, or individuals.

8      129.   It has been necessary for SBSM to retain the services of attorneys to prosecute

9  this action, and SBSM has been damaged thereby.  As such, SBSM is entitled to recover

10  reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### (Contribution – Against TSN LLC and MATTHEWS)

13      130.   SBSM repeats and realleges each and every allegation contained in the preceding

14  paragraphs as if the same were fully set forth at length and incorporates them herein by

15  reference.

16      131.   As a result of the acts and/or omissions of other parties, including, but not limited

17  to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, claims have been made

18  against SBSM.

19      132.   Any and all damages alleged by any party to this action are the result, in whole or

20  in part, of the acts and/or omissions of other parties, entities, or individuals, including, but not

21  limited to, TSN LLC and MATTHEWS, and/or as yet unknown other parties, entities, or

22  individuals.

23      133.   To the extent that any liability is assigned to SBSM by way of any direct claim,

24  counterclaim, third-party claim, or crossclaim, SBSM is entitled to contribution from these other

25  defending parties in this action, including, but not limited to, TSN LLC and MATTHEWS and/or

26  as yet unknown other parties, as set forth in NRS 17.225, *et seq*.

27      134.   It has been necessary for SBSM to retain the services of attorneys to prosecute

28  this action, and SBSM has been damaged thereby.  As such, SBSM is entitled to recover

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

reasonable attorneys' fees and costs of suit.

## FOURTH CLAIM FOR RELIEF

### (Breach Of The Implied Covenant Of Good Faith And Fair Dealing– Against TSN LLC and MATTHEWS)

135. SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

136. The Agreement is a valid and binding contract between SBSM and TSN LLC.

137. TSN LLC and MATTHEWS owed a duty of good faith to SBSM.

138. TSN LLC and MATTHEWS breached that duty by performing in a manner that was unfaithful to the purpose of the contract.

139. SBSM's justified expectations were thus denied.

140. SBSM has sustained damages as a result of the breach of the duty of good faith and fair dealing.

141. It has been necessary for SBSM to retain the services of attorneys to prosecute this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover reasonable attorneys' fees and costs of suit.

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations – against MACGREGOR)

142. SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

143. The Agreement between SBSM and TSN LLC is a valid contract.

144. MacGREGOR knew of the Agreement.

145. MacGREGOR committed intentional acts, including but not limited to directing BLUE MOON to send the Cease and Desist Letter, that were intended or designed to disrupt the contractual relationship.

146. There was an actual disruption of the Agreement.

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

147. SBSM sustained damages as a result of MacGREGOR's wrongful interference with the Agreement.

148. It has been necessary for SBSM to retain the services of attorneys to prosecute this action, and SBSM has been damaged thereby. As such, SBSM is entitled to recover reasonable attorneys' fees and costs of suit.

## SIXTH CLAIM FOR RELIEF

### (Declaratory Relief – Against TSN LLC)

149. SBSM repeats and realleges each and every allegation contained in the preceding paragraphs as if the same were fully set forth at length and incorporates them herein by reference.

150. BLUE MOON alleges that it is the rightful owner of Travel Shopping Network.

151. BLUE MOON further alleges that MATTHEWS wrongfully usurped control of TSN LLC.

152. SBSM's rights, status and legal relations are affected by the Agreement.

153. Pursuant to NRS 30.040, SBSM is entitled to, and hereby seeks, a declaration of the parties' and third party beneficiaries' rights, status or other legal relations under the Agreement.

## PRAYER FOR RELIEF

WHEREFORE, SBSM demands judgment as follows:

1. Compensatory damages in an amount to be proven at trial;

2. For a declaration of SBSM's rights, status and legal relations under the Agreement;

3. For contribution pursuant to NRS 17.225;

4. For indemnity for all damages that any claimant may recover against SBSM by way of judgment, order, settlement, or verdict;

5. For attorneys' fees and costs of suit; and

6. Prejudgment and post-judgment interest as provided by law; and

/ / /

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

7. For such other relief as the Court deems reasonable and proper.

DATED this ___ day of March, 2014.

KOLESAR & LEATHAM

By _____
ROBERT J. CALDWELL, ESQ.
Nevada Bar No. 007637
JONATHAN D. BLUM, ESQ.
Nevada Bar No. 009515
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145

Attorneys for Defendants
Philip Brewer and Summer Bay Resorts Crown
Club, LLC; and Plaintiff in Intervention
Summer Bay Sales and Marketing, LC

1593801_4 (8989-2)

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472

## CERTIFICATE OF SERVICE

I hereby certify that I am an employee of Kolesar & Leatham and that on the _1/th_ day of March, 2014, I caused to be served a true and correct copy of foregoing **PHILIP BREWER AND SUMMER BAY RESORTS CROWN CLUB, LLC'S AMENDED ANSWER TO COMPLAINT, COUNTERCLAIM AND CROSSCLAIM and INTERVENOR SUMMER BAY SALES AND MARKETING, L.C.'S COMPLAINT IN INTERVENTION** in the following manner:

(ELECTRONIC SERVICE) Pursuant to Rule 5(D) of the Nevada Rules of Civil Procedure, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

(UNITED STATES MAIL) By depositing a copy of the above-referenced document for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, to the parties listed below at their last-known mailing addresses, on the date above written:

Clyde DeWitt, Esq.
Law Offices of Clyde DeWitt
2300 West Sahara Avenue
Suite 800
Las Vegas, Nevada 89102-4397

*Attorneys for Defendants*
*Scott R. Matthews, Travel Excursion Network,*
*LLC, 4 Star Holdings LLC,*

Mark S. Braun, Esq.
1600 S. Valley View Blvd., #2132
Las Vegas, Nevada 89102

*Attorneys for Plaintiff*
*Blue Moon Marketing, LLC*

David S. Lee, Esq.
Lee, Hernandez, Landrum, Garofolo & Blake
7575 Vegas Drive, Suite 150
Las Vegas, Nevada 89128

*Attorneys for Defendant*
*Revenue Frontier, LLC*

_____
An Employee of KOLESAR & LEATHAM

KOLESAR & LEATHAM
400 South Rampart Boulevard, Suite 400
Las Vegas, Nevada 89145
Tel: (702) 362-7800 / Fax: (702) 362-9472