Mark A. Addington, Esq.
Florida Bar No. 713430
*mark@addingtonlaw.com*
ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL  32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| BLUE MOON MARKETING, LLC, a Nevada limited liability corporation, | Case No.: 6:14-cv-02036 |
| Plaintiff, | Hon. Carlos E. Mendoza |
| vs. | United States District Court Judge |
| SCOTT R. MATTHEWS, an individual; TRAVEL EXCURSION NETWORK, LLC; 4 STAR HOLDINGS, LLC; ALLAN R. LEFFLER, an individual; TRACY L. LEFFLER, an individual; PRESTIGE TRAVEL SYSTEMS, INC.; RON LaSCALA, an individual; SUMMER BAY RESORTS CROWN CLUB, LLC; PHILIP BREWER, an individual; WESTGATE RESORTS, LTD.; WESTGATE RESORTS, LLC; WESTGATE RESORTS, INC.; RW ADVERTISING, INC.; REVENUE FRONTIER, LLC; and CALL SERVICES INTERNATIONAL, LLC | CASE MANAGEMENT REPORT |
| Defendants | |
| And related actions. | |

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

/ /

/ /

1

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(l) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | Parties have completed, and will supplement as necessary. |
| Certificate of Interested Persons and Corporate Disclosure Statement [each party who has not previously filed must file immediately) | Jan. 14, 2015 |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting) | Feb. 18, 2015 |
| Disclosure of Expert Reports           Plaintiff: Defendant: [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | Sep. 14, 2016 Oct. 17, 2016 |
| Discovery Deadline [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | Dec. 14, 2016 |
| Dispositive Motions, Daubert, and Markman Motions [Court requires 5 months or more before trial term begins) | Jan. 17, 2017 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [10 days before Joint Final Pretrial Statement) | Apr. 5, 2017 |
| Joint Final Pretrial Statement (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form) [Court recommends 6 weeks before Trial] | Apr. 17, 2017 |
| All Other Motions Including Motions In Limine, Trial Briefs | Apr. 17, 2017 |
| Trial Term Begins [Local Rule 3.05 ( c )(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first business day of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | Jun. 1, 2017 |
| Estimated Length of Trial [trial days] | 15 days (3 weeks) |

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

| Jury / Non-Jury | | Jury |
|---|---|---|
| Mediation | Deadline:<br>Mediator:<br>Address:<br><br>Telephone: | The parties request a 30-day deferral on setting the date. The parties are actively negotiating which mediator to use. |
| [Absent arbitration, mediation is mandatory; Court recommends either 2- 3 months after CMR meeting, or just after discovery deadline. If the parties do not select a mediator in the CMR, the Court will appoint one from its List of Certified Mediators.] | | |
| All Parties Consent to Proceed Before Magistrate Judge | | Yes __ No _x__<br><br>Likely to Agree in Future __ |

I.  **Meeting of Parties in Person**. Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise. Counsel will meet in the Middle District of Florida, unless counsel agree on a different location. Pursuant to Local Rule 3.0S(c)(2)(B) or (c)(3)(A),[1] a meeting was held TELEPHONICALLY on _Dec. 30, 2014_ (date) at _11:00 a.m. EST_ (time) at _TELEPHONICALLY_ (place) and was attended by:

| | |
|---|---|
| Mark A. Addington | Counsel for ___Blue Moon Marketing, Brian MacGregor__ |
| Michael Graves | Counsel for ___Blue Moon Marketing, Brian MacGregor__ |
| Patrick McDonnell | Counsel for ___Blue Moon Marketing, Brian MacGregor__ |

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL  32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

| | | | |
|---|---|---|---|
| 1 | Clyde DeWitt | Counsel for | Scott Matthews; Travel Excursion |
| 2 | | | Network, LLC; 4 Star Holdings |
| 3 | | | LLC; Allan R. Leffler; Tracy |
| 4 | | | Leffler; Prestige Travel Systems |
| 5 | | | Inc; Ron LaScala; RW Advertising; |
| 6 | | | Call Services Intl, LLC. |
| 8 | Bridget Hoy | Counsel for | Summer Bay Sales & Marketing; |
| 9 | | | Summer Bay Resorts Crown Club; |
| 10 | | | Philip Brewer |

## II. Pre-Discovery Initial Disclosures of Core Information
### Fed.R.Civ.P. 26(a)(l)(A)- (D) Disclosures

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties _x_ have exchanged __ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(l)(A)- (D)

_x_ on ___ by (check one) ___March 15, 2014___ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

Parties have exchanged emails, contracts, videos, and related materials.

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

III. **Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

<u>x</u> One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought.

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on

---

[2] See Generally: Rules Advisory Committee Notes to the 2006 Amendments to Rule 26 (f) and Rule 16.

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV.F. below on Confidentiality Agreements.

    H.    Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

<u>    Parties agree to Bates-Stamp each page, unless impractical, at which point the Parties agree to consult regarding solution.  Parties agree to use commonly readably format for information disclosed in electronic form.  Parties agree to use electronic form if number of pages makes it impractical for paper form, and if so, agree to discuss alternatives.  Parties agree not to delete metadata, and will produce metadata to the extent it exists.  Metadata will not be produced unless specifically requested, and if such a request is objected to, then only upon the Court's granting of a motion to compel production.</u>

If there are disputed issues specified above, or elsewhere in this report, then (check one):

    ___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a nonevidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing. **If a**

**ADDINGTON LAW**
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.

__x__   All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

**IV. Agreed Discovery Plan for Plaintiffs and Defendants**

    **A.**    **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of lnterested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper - including emergency motion - is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

____   Yes

__x__   No    Amended Certificate will be filed by __all_____(party) on or before __Jan. 14, 2014_____ (date).

    **B.**    **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL  32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

## C. Limits on Discovery

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed.R.Civ.P. 33(a); Local Rule 3 .03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed.R.Civ.P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

### 1. Depositions

Plaintiff and Counter-Defendants may collectively conduct up to 14 depositions. Defendant Summer Bay Resorts may conduct up to 10 depositions. The remaining defendants may collectively conduct up to 10 depositions. The length of any deposition is limited as per the rules, but a request for an extended deposition will not be refused unreasonably.

### 2. Interrogatories

25 from any one party to any other party.

### 3. Document Requests

25 from any one party to any other party.

### 4. Requests to Admit

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

No limit, other than as may be prescribed by the rules.

### 5. Supplementation of Discovery

As required by the rules.

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

<u>No additions</u>.

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

<u>No additions</u>.

### F. Confidentiality Agreements

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown* v. *Advantage Engineering, Inc.,* 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.,* 759 F.2d 1568 (lith Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties intend to draft new confidentiality agreements.

### G. Other Matters Regarding Discovery

The Federal District Court, District of Nevada, ordered a stay of all discovery activities in this case (Order dated May 5, 2014, Docket Entry No. 75) pending ruling on the pending Motion for Summary Judgment (Docket Document No. 50, March 24, 2014). When the District of Nevada Court ordered this case transferred to the Middle District of Florida Court, the District of Nevada Court simultaneously

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

ordered that, "Defendants' Motion for Summary Judgment and 103 Defendants' Motion for Judgment on the Pleadings are DENIED without prejudice to be refiled in the transferee court." (Order dated December 9, 2014, Docket Document No. 117.) While this order technically extinguished the stay, the parties believe that the stay should remain in effect until there is a ruling upon the merits of the soon-to-be renewed motion for summary judgment, unless the movants do not timely renew that motion.

### V. Settlement and Alternative Dispute Resolution.

#### A. Settlement

The parties agree that settlement is

_x_ likely ___ unlikely (check one)

The parties request a settlement conference before a United States Magistrate Judge.

___ yes ___ no __x__ likely to request in future

#### B. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

___ yes _x_ no ___ likely to agree in future
___ Binding ___ Non-Binding

#### C. Mediation

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov/forms/civil/mediatorlist.pdf .

<u>The parties request a 30-day deferral on setting the date. The parties are actively negotiating which mediator to use.</u>

### D. Other Alternative Dispute Resolution

The parties intend to pursue the following other methods of alternative dispute resolution:

<u>None.</u>

Date: Dec. 31, 2014

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

                         ADDINGTON LAW

                         <u>/s/Mark A. Addington</u>
                         Mark A. Addington, Esq.
                         Florida Bar No. 713430
                         *mark@addingtonlaw.com*
                         11250-15 Old St. Augustine Rd., Ste. 141
                         Jacksonville, FL 32257
                         +1.904.248.2429 (ph)
                         +1.888.886.7752 (fax)
                         *Attorneys for PLAINTIFF and BRIAN MACGREGOR*

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

RAINEY LEGAL GROUP, PLLC
*pro hac vice*

/s/ Michael Graves_____
Michael Graves, Esq.
Nevada Bar No. 11144
*michael@raineylegal.com*
Patrick McDonnell, Esq.
Nevada Bar No. 13188
*patrick@raineylegal.com*
9340 W. Martin Ave.
Las Vegas, NV 89148
+1.702.425.5100 (ph)
+1-888.867.5734 (fax)
*Attorneys for PLAINTIFF and BRIAN MACGREGOR*


LAW OFFICES OF CLYDE DEWITT, PC

/s/Clyde Dewitt_____
Clyde DeWitt, Esq.
Nevada Bar No. 09791
*clydedewitt@earthlink.net*
800 US Bank Building
2300 West Sahara Avenue
Las Vegas, NV 89102-4397
　　　Postal Address:
Post Office Box 26185
Las Vegas, NV 89126-0185
+1.702.386.1756 (ph)
1.702.441.0308 (fax)
*Attorney for SCOTT R. MATTHEWS; TRAVEL EXCURSION NETWORK, LLC; 4 STAR HOLDINGS, LLC; ALLAN R. LEFFLER; TRACY L. LEFFLER; PRESTIGE TRAVEL SYSTEMS, INC.; RON LASCALA; RW ADVERTISING, INC; and CALL SERVICES INTERNATIONAL, LLC.*

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)

| | |
|---|---|
| 1 | LEWIS RICE FINGERSH |
| 2 | *Pro hac vice* |
| 3 | */s/* Bridget Hoy_____ |
| 4 | Winthrop Reed, Esq.<br>Missouri Bar No. 42840 |
| 5 | *wreed@lewisrice.com*<br>Bridget Hoy, Esq. |
| 6 | Missouri Bar No. 50733 |
| 7 | *bhoy@lewisrice.com*<br>600 Washington Avenue, Suite 2500 |
| 8 | St. Louis, Missouri 63101-1311<br>+1.314.444.7837 (ph) |
| 9 | +1.314.612.7837 (fax) |
| 10 | *Attorneys for SUMMER BAY SALES &*<br>*MARKETING; SUMMER BAY RESORTS* |
| 11 | *CROWN CLUB; PHILIP BREWER* |
| 12 | |
| 13 | LOWNDES DROSDICK DOSTER |
| 14 | */s/* Matthew Brenner_____ |
| 15 | Matthew Brenner, Esq.<br>Florida Bar No. 515681 |
| 16 | *matt.brenner@lowndes-law.com* |
| 17 | PO Box 2809<br>Orlando, FL 32802-2809 |
| 18 | +1.407.843.4600 (ph)<br>+1.407.843.4444 (fax) |
| 19 | *Attorneys for SUMMER BAY SALES &* |
| 20 | *MARKETING; SUMMER BAY RESORTS*<br>*CROWN CLUB; PHILIP BREWER* |

ADDINGTON LAW
11250-15 Old St. Augustine Rd., Ste. 141
Jacksonville, FL 32257
+1.904.248.2429 (ph)
+1.888.886.7752 (fax)