UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BLUE MOON MARKETING, LLC,

    Plaintiff,

v.                                                                    Case No. 6:14-cv-2036-Orl-41TBS

SCOTT R. MATTHEWS, TRAVEL
EXCURSION NETWORK, LLC, 4 STAR
HOLDINGS LLC, ALLAN R. LEFFLER,
TRACY L. LEFFLER, PRESTIGE TRAVEL
SYSTEMS, INC., RON LASCALA, SUMMER
BAY RESORTS CROWN CLUB, LLC,
PHILIP BREWER, WESTGATE RESORTS,
LTD., WESTGATE RESORTS, L.L.C.,
WESTGATE RESORTS, INC., RW
ADVERTISING, INC., and CALL SERVICES
INTERNATIONAL LLC,

    Defendants.
_____/

## ORDER

Pending before the Court is attorney Luke Lirot's Motion to Correct Order Re Withdrawal as Counsel (Doc. 144). The motion is subject to being denied without prejudice because Mr. Lirot has not complied with Local Rule 3.01(g). Still, for the reasons that follow, the motion is GRANTED to the extent provided below.

This case originated in the United States District Court for the District of Nevada. On December 9, 2014, the Nevada court transferred the venue of the case to the Middle District of Florida. (Doc. 118). When the case was transferred, attorney Clyde F. DeWitt was representing Defendants Scott R. Matthews, Travel Excursion Network, LLC, 4 Star Holdings LLC, Allan R. Leffler, Tracy L. Leffler, Prestige Travel Systems, Inc., Ron LaScala, RW Advertising, Inc., and Call Services International LLC (collectively the "Defendants"). Once the case was received by this Court, the Clerk

informed Mr. DeWitt that, pursuant to Local Rule 2.02, he had 14 days within to seek admission to appear pro hac vice. (Doc. 126). Instead of seeking leave to appear, Mr. DeWitt filed a motion to withdraw. (Doc. 142).

On January 12, 2015 the Court granted Mr. DeWitt's motion. (Doc. 143). The motion was granted in part, because CM/ECF listed both Mr. DeWitt and Mr. Lirot as counsel of record for the Defendants and thus, if the motion was granted, the Defendants would still be represented. Now, Mr. Lirot says he has never represented the Defendants and that Mr. DeWitt was his client. (Doc. 144). Upon receipt of Mr. Lirot's motion, the Court asked the Clerk to investigate. The Clerk advises that: "After a little research, it appears that Mr. Lirot added himself as counsel to several defendants when he used his login yesterday (Jan 12) to file the Motion at doc. 142. He may have done it incorrectly but he linked himself as counsel to those defendants."

The Court is satisfied that Mr. Lirot has not intentionally appeared on behalf of the Defendants. Accordingly, the Court finds that he is not counsel for the Defendants and the Clerk is directed to REMOVE Mr. Lirot from the CM/ECF service list.

Because the Court granted Mr. DeWitt leave to withdraw, the Defendants are currently unrepresented. Scott R. Matthews, Allan R. Leffler, Tracy L. Leffler, and Ron LaScala may engage new counsel or represent themselves. Travel Excursion Network, LLC, 4 Star Holdings LLC, Prestige Travel Systems, Inc., RW Advertising, Inc., and Call Services International LLC can only appear through counsel. Accordingly, unless and until they employ new counsel, Scott R. Matthews, Allan R. Leffler, Tracy L. Leffler, and Ron LaScala are deemed to be representing themselves. All pleadings and papers shall be served on these Defendants at the addresses at

which they were served with Plaintiff's summons and complaint. If any of these Defendants wish to be served at a different address, they must first notify all parties and the Court in writing of their new contact information.

Defendants Travel Excursion Network, LLC, 4 Star Holdings LLC, Prestige Travel Systems, Inc., RW Advertising, Inc., and Call Services International LLC must be represented by counsel. See Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985) ("The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel."); M.D. FLA. R. 2.03(e) (A corporation may not proceed pro se, and may "appear and be heard only through counsel admitted to practice in the Court." ). Each of these Defendants has 21 days from the rendition of this Order within to engage new counsel to represent them. If these Defendants do not engage new counsel, they will not be able to participate in the case and default and default judgment may be entered against them.

DONE AND ORDERED in Orlando, Florida, on January 16, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel