UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:14-CV-2036-CEM-TBS

BLUE MOON MARKETING, LLC,

    Plaintiff,

vs.

SCOTT R. MATTHEWS, et al.,

    Defendants.    /

## MOTION TO EXTEND THE AUTOMATIC STAY AS TO DEFENDANTS SUMMER BAY RESORTS CROWN CLUB, LLC AND PHILIP BREWER, AND INTERVENOR SUMMER BAY SALES AND MARKETING, L.C. AND REQUEST FOR ORAL ARGUMENT

COME NOW Defendants Summer Bay Resorts Crown Club, LLC, Philip Brewer, and Intervenor Summer Bay Sales and Marketing, L.C. (collectively "Summer Bay"), and for their Motion to Extend the Automatic Stay, state as follows:

1. On April 17, 2015, this Court granted a stay as to Defendant Scott Matthews ("Matthews") after he filed a Suggestion of Bankruptcy [ECF No. 163].

2. By all accounts, Matthews is the real party in interest in this case, although Plaintiff named another twelve defendants, including Summer Bay, in its pleading. Summer Bay has moved to dismiss that pleading. *See* Defendant's Motion for Judgment on the Pleadings [ECF No. 147], incorporated herein by reference.

3. Other than a ruling on that pending motion, Summer Bay seeks an order of this Court extending the stay to the claims against and by Summer Bay pursuant to the doctrine of unusual circumstances and to avoid inevitable and undue prejudice to Summer Bay if it is required to defend against the claims against it without contemporaneously being allowed to prosecute its indemnification, contribution, breach of contract, tortious interference, and breach

of the implied covenant of good faith and fair dealing cross-claims, and the claims in intervention, against Matthews.

4. A stay as to Summer Bay is warranted because an adverse verdict against Summer Bay would necessarily be an adverse verdict against Matthews, which circumvents the purpose of an automatic stay. Moreover, a stay as to Summer Bay is necessary because of the risk of inconsistent judgments, the judicial inefficiencies of continued litigation without the real party in interest fully engaged and liable, and the inevitable and undue prejudice to Summer Bay of having to proceed without being able to prove Matthews' primary liability as part of its defense. Matthews is indisputably an indispensable party and any judgment against Summer Bay without Matthews in the case would be inherently reflective of Matthews' wrongdoing, not Summer Bay's.

5. Neither Plaintiff Blue Moon Marketing, LLC ("Plaintiff") nor any of the other defendants would be prejudiced if the Court grants this Motion.

6. In further support of this Motion, Summer Bay incorporates the following Memorandum of Legal Authority.

7. <u>Certificate of Counsel</u>. Pursuant to Local Rule 3.01(g), counsel for Summer Bay conferred with Plaintiff's counsel, Michael Graves, and with Martin Sipple, counsel for co-defendants, on April 27, 2015, in a good faith effort to resolve the issues raised by this Motion. Plaintiff's counsel does not agree to the resolution of this Motion in light of activities in the Bankruptcy Court.

**MEMORANDUM OF LEGAL AUTHORITY**

**I.     INTRODUCTION**

To the extent any wrongdoing is found in this case, it necessarily stems from Scott Matthews. But, on April 17, 2015, this Court stayed this case as to Matthews after he filed a

Suggestion of Bankruptcy. This leaves Summer Bay in a peculiar position because Matthews represented in a contract that he had the rights to produce an infomercial, and further promised to indemnify Summer Bay if that representation was wrong, and all of the claims in this litigation against both Matthews and Summer Bay derive from that conduct. Without a further stay, prejudice, inefficiencies, and unusual circumstances will persist.

As detailed below, the allegations in Plaintiff's Complaint stem from the business deal gone wrong between Plaintiff and Matthews. Plaintiff hired Matthews to make connections in the travel industry to further what it calls a novel business concept involving an infomercial for certain travel deals. To that end, Matthews initiated contact with an affiliate of Summer Bay to market a cruise-based vacation. Matthews entered into a marketing agreement on behalf of Plaintiff with Summer Bay to feature certain Summer Bay properties in the infomercial. As a material term of this agreement, Matthews agreed to indemnify Summer Bay for any cause of action that might arise.

Unbeknownst to Summer Bay, Matthews apparently (and according to Plaintiff's allegations) usurped Plaintiff's business concept to form shell companies with the purpose of producing and airing an infomercial nearly identical to Plaintiff's. Plaintiff filed the instant Complaint alleging violations of certain intellectual property rights and deceptive trade practices against fifteen defendants, including Matthews and Summer Bay. Matthews filed for bankruptcy and this case is stayed as to claims against him. Summer Bay asks this Court to extend the automatic stay as to it as well because of the unusual circumstances present, and to avoid the obvious prejudice.

## II. BACKGROUND FACTS

At the crux of Plaintiff's Complaint is its gone-sour relationship with Matthews. Plaintiff was established to develop products focused on the travel industry for launch in television infomercials, and it named its concept "Travel Shopping Network." (Complaint, at ¶¶ 25, 29). The venture at issue is a 30-minute travel infomercial involving a Carnival cruise package. (Complaint, at ¶ 28). On December 11, 2012, about four months after the travel infomercial first aired, Plaintiff hired Matthews as an outside sales representative to network and make contacts in the travel industry to expand its base of travel industry partners. (Complaint, at ¶ 34). Under an employment agreement, Matthews was not to compete with Plaintiff, nor was he to disclose any of Plaintiff's proprietary information. (Complaint, at ¶ 35).

In January, 2013, Matthews, on behalf of Travel Shopping Network, initiated contact with Philip Brewer, the Director of Marketing at Summer Bay, to discuss Plaintiff's concept involving cruise-based vacations. (Summer Bay's Counterclaim, at ¶ 23). In June, 2013, Summer Bay Sales and Marketing, LC—an affiliate of Summer Bay Crown Club Resorts—entered into an Infomercial Marketing Agreement ("Agreement") signed by Matthews as President of Travel Shopping Network. Plaintiff was neither a party to the Agreement nor involved in the negotiation of the Agreement. (Summer Bay's Counterclaim, at ¶¶ 29, 30). Pursuant to the Agreement, the infomercial was to offer a Carnival cruise as well as an upgraded vacation package that would include a stay at a Summer Bay affiliated property, and would require attendance at a timeshare presentation for a Summer Bay vacation ownership opportunity. (Summer Bay's Counterclaim, at ¶ 37). Travel Shopping Network was to be "solely responsible for all content within the infomercial and for ensuring that all statements,

4

representations, images, etc. are true, correct, and authorized and Summer Bay shall have no responsibility or liability for same." (Summer Bay's Counterclaim, at ¶ 38).

The Agreement, signed by Matthews as President of the Travel Shopping Network, further contains an indemnity provision in favor of Summer Bay. The indemnity provision states in part, "TSN covenants and warrants that it shall indemnify and hold Summer Bay, its Affiliates and their officers, directors, shareholders, attorneys, agents and employees . . . harmless from any and all damages, losses, claims, causes of action, costs and expenses, including actual attorneys' fees . . . ." (Counterclaim, at ¶ 87). The infomercial began running in August, 2013. Unbeknownst to Summer Bay, Matthews had allegedly conspired with the so-called "TEN Defendants," Tracy L. Leffler, Allan R. Leffler, and 4 Star Holdings, LLC, to form two shell companies through which he surreptitiously produced and aired an infomercial nearly identical to Plaintiff's. (Complaint, at ¶¶ 37-38).

On September 30, 2013, Plaintiff initiated a lawsuit in Nevada state court alleging that Matthews had fraudulently usurped Travel Shopping Network and that, "Blue Moon Marketing is the rightful owner of [TSN LLC]." (Summer Bay's Counterclaim, at ¶ 43). Plaintiff alleged that Matthews wrongfully deceived and defrauded Plaintiff in conjunction with its operation of TSN LLC. (Summer Bay's Counterclaim, at ¶ 44). Summer Bay and Philip Brewer were not named defendants in that state court action.

Plaintiff then filed the instant federal court Complaint on December 6, 2013, against fifteen defendants alleging various violations of its intellectual property and deceptive trade practices. Plaintiff concedes in its Complaint that Summer Bay became involved because "TEN Defendants contracted with the very same resorts (Westgate and Summer Bay) with whom BMM had initially contracted." (Complaint, at ¶ 46). Summer Bay Sales and Marketing, LC

intervened in the action, bringing its express indemnity claims against Matthews and Travel Shopping Network, among other things, as well. Because the factual allegations are directed to the TEN Defendants, and only lump Summer Bay and Mr. Brewer in through global, group-styled allegations, Summer Bay has also moved for Judgment on the Pleadings. *See* Defendant's Motion for Judgment on the Pleadings [ECF No. 147], incorporated herein by reference.

Matthews, the real party in interest, cannot be extracted from this litigation without prejudice to Summer Bay. He filed a Suggestion of Bankruptcy and this Court has stayed the case as to him, however. Because of the unusual circumstances and prejudice present by continued litigation against Summer Bay, Summer Bay respectfully requests that this Court extend the stay (to the extent the claims against Summer Bay are not dismissed with prejudice for Plaintiff's pleading deficiencies) to all claims by and against Summer Bay.

## III. DISCUSSION

A suggestion of bankruptcy generally stays the lawsuit as to the debtor only. *Jerome v. Hertz Corp.*, No. 2:12-CV-610-FTM, 2013 WL 6815907, at *1 (M.D. Fla. Dec. 24, 2013). Courts in the Eleventh Circuit, however, have adopted an exception to the general rule that stays matters against non-debtor defendants upon a finding of unusual circumstances. *Id.*; *In re Steven P. Nelson,* 140 B.R. 814, 816–17 (Bankr. M.D. Fla. 1992). Unusual circumstances arise when there is "such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." *Hertz Corp*, WL 6815907, at *1 (citing *A.H. Robins Co., Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986). *A.H. Robins Co., Inc.* provides an illustration of such an unusual circumstance: "a suit against a third-party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against them in

the case." *Id*. Courts have frequently found that unusual circumstances exist where the debtor would be forced to indemnify its codefendants in the event of an adverse verdict. *McCartney v. Integra Nat. Bank N.*, 106 F.3d 506, 510-11 (3d Cir. 1997); *In re Family Health Servs., Inc.,* 105 B.R. 937, 942–43 (Bankr. C.D. Cal. 1989).

### A. **The Unusual Circumstances of this Case Warrant a Stay as to Summer Bay.**

The facts underlying Plaintiff's Complaint quintessentially present the kind of unusual circumstances that warrant a stay as to non-debtor Summer Bay as Matthews is the real party in interest. Summer Bay only bargained to have certain properties featured in Travel Shopping Network's infomercials and for any upgraded vacation packages to require a timeshare presentation for a Summer Bay vacation ownership opportunity. Matthews, on the other hand, was the leader of the TEN Defendants who conspired to form two shell companies with the purpose of illegally replicating Plaintiff's proprietary marketing concepts. (Complaint, at ¶ 50). It was Scott Matthews who is alleged to have "usurped relationships [Plaintiff] had with Westgate and Summer Bay, causing [Plaintiff's] relationships with these resorts to be terminated." (Complaint, at ¶ 46). Matthews, not Summer Bay, is alleged to have "tortiously interfered" with Plaintiff's supplier of cruises, "wrongfully diverting customers and revenue." (Complaint, at ¶ 56). At best, Matthews took advantage of Summer Bay as well as Plaintiff. Summer Bay would be greatly prejudiced if this case is not stayed as to it because Matthews is an indispensable party and any verdict against Summer Bay is reflective of Matthews' wrongdoing.

Not only is Plaintiff's dispute here against Matthews—not Summer Bay—but Matthews, on behalf of Travel Shopping Network, has agreed to indemnify and hold Summer Bay and its affiliates harmless from any cause of action that might arise out of their business dealings. The

7

law is clear—a right to indemnification constitutes unusual circumstances to warrant extending an automatic stay to non-debtors[1]. *A.H. Robins Co. Inc.*, 788 F.2d at 999; *In re Family Health Servs., Inc.,* 105 B.R. 937, 942-43 (Bankr. C.D. Cal. 1989) (staying collection actions against non-debtor members of debtor HMO because judgments against the non-debtors would trigger claims for indemnification from the debtor HMO); *In re Ionosphere Clubs, Inc.,* 111 B.R. 423, 434-35 (Bankr. S.D.N.Y. 1990) (the court enjoined an action against the debtor airline's co-defendants, including the chairman of the board of directors, because a finding of liability as to the co-defendants could extend to the airline and collateral estoppel could prevent it from litigating factual and legal issues critical to its defense in other proceedings); *In re Philadelphia Newspapers, LLC*, 407 B.R. 606, 616 (E.D. Pa. 2009) (finding unusual circumstances for extending a stay "because the Debtors owe potential contractual and common law duties to indemnify the Non-Debtors, [such that] the interests of the Debtors and Non-Debtors in the state action are identical.").

Because an adverse verdict against Summer Bay would necessarily be an adverse verdict against Matthews due to the indemnification agreement, this Court should stay the case as to Defendants Summer Bay and Philip Brewer.

---

[1] *Sudbury, Inc. v. H. Escott*, 140 B.R. 461 (Bankr. N.D. Ohio 1992) (finding that the debtor is inextricably involved in actions against third parties); *In re Lomas Fin. Corp.*, 117 B.R. 64, 68 (Bankr. S.D.N.Y. 1990) (staying the case as to non-debtors as the debtor's corporate charter contained an indemnification clause obligating it to indemnify its officers for all legal claims arising out of acts performed in their capacity as officers); *In re American Film Technologies, Inc.,* 175 B.R. 847, 855 (Bankr. D. Del. 1994) (staying prosecution of wrongful discharge claims against former and present directors of debtor corporation because of debtor's indemnification obligations and its possible exposure to collateral estoppel prejudice).

B.  **This Court, in its Discretion, Should Stay this Case in Furtherance of the Interests of Judicial Efficiency, Consistency and Justice.**

Even if this Court finds the unusual circumstance doctrine inapplicable, it should exercise its inherent power to grant a stay in the interests of judicial efficiency, consistency, and justice. Without a stay, Plaintiff would proceed through discovery and trial as to Summer Bay, and then have to repeat the process as to Matthews once the stay is lifted. This is extraordinarily inefficient and would lead to redundancies of effort on the part of the litigants and this Court. There is also a non-trivial risk of inconsistent judgments that is not to be missed. *Gulfmark Offshore, Inc. v. Bender Shipbuilding & Repair Co.*, No. CIV. A. 09-0249-WS-N, 2009 WL 2413664, at *3 (S.D. Ala. Aug. 3, 2009). If there is an adverse verdict against Summer Bay and somehow Matthews is later absolved of all wrongdoing, Summer Bay may be estopped from asserting claims it has against Matthews, resulting in grave prejudice. Further, because of the automatic stay as to Matthews, Summer Bay may be restricted in directing essential discovery requests to Matthews, which would also prejudice Summer Bay. No prejudice would accrue if the case was stayed as to Summer Bay in favor of litigating these issues simultaneously.

IV.  **CONCLUSION**

For the foregoing reasons, Summer Bay respectfully requests that this Court grant its Motion to Extend the Automatic Stay, save a ruling on the pending Motion for Judgment on the Pleadings, because of the unusual circumstances of this case and the prejudice caused by a stay as to Matthews only. The stay requested includes: Summer Bay's counterclaims against Plaintiff for intentional interference with contractual relations and declaratory relief; its cross-claim against Matthews, Travel Shopping Network, and Brian MacGregor for declaratory relief, intentional interference with contractual relations, express indemnity, equitable indemnity, and contribution; and Summer Bay Sales and Marketing, LC's complaint in intervention against

Matthews, Travel Shopping Network, and Brian Macgregor for breach of contract, express indemnity, equitable indemnity, contribution, breach of the implied covenant of good faith and fair dealing, intentional interference with contractual relations, and declaratory relief.

## V. REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 3.01(j), Summer Bay requests oral argument on this Motion, if the Court would find such helpful, and estimates thirty minutes for the same.

Dated: April 28, 2015

Respectfully submitted,

**LEWIS RICE LLC**

By: _/s/ Bridget G. Hoy_
 Winthrop B. Reed, III, *by special admission*
 wreed@lewisrice.com
 Bridget G. Hoy, *by special admission*
 bhoy@lewisrice.com
 600 Washington Avenue, Suite 2500
 St. Louis, Missouri 63101
 Telephone: (314) 444-7600
 Fax: (314) 612-7617

**LOWNDES, DROSDICK, DOSTER, KANTOR & REED, P.A.**

 Matthew Brenner, Florida Bar No. 515681
 matt.brenner@lowndes-law.com
 215 North Eola Drive
 Orlando, Florida 32801
 Telephone: (407)418-6352
 Fax: (407)843-4444

 *Attorneys for Defendants Summer Bay Resorts Crown Club, LLC and Philip Brewer and Intervenor Summer Bay Sales and Marketing, LC*

## **CERTIFICATE OF SERVICE**

       The undersigned hereby certifies that a true and accurate copy of the foregoing document was filed and served via the Court's electronic filing system on all counsel of record registered therein this 28th day of April, 2015.

                                        */s/ Bridget G. Hoy*