UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BLUE MOON MARKETING, LLC,**

    **Plaintiff,**

v.                     Case No:  6:14-cv-2036-Orl-41TBS

**SCOTT R. MATTHEWS, TRAVEL EXCURSION NETWORK, LLC, 4 STAR HOLDINGS LLC, ALLAN R. LEFFLER, TRACY L. LEFFLER, PRESTIGE TRAVEL SYSTEMS, INC., RON LASCALA, SUMMER BAY RESORTS CROWN CLUB, LLC, PHILLIP BREWER, RW ADVERTISING, INC., CALL SERVICES INTERNATIONAL LLC and DOES 1-10,**

    **Defendants.**
_____/

# ORDER

THIS CAUSE is before the Court on the Joint Motion for Order Dismissing Claims ("Motion to Dismiss," Doc. 167). The following parties to this action seek relief: Blue Moon Marketing, LLC ("Blue Moon"); Brian MacGregor; Summer Bay Resorts Crown Club, LLC ("Crown Club"); Philip Brewer[1]; and Summer Bay Sales and Marketing, LC ("Summer Bay"). For the reasons set forth herein, the Motion to Dismiss will be granted.

    **I.**     **PROCEDURAL BACKGROUND**

---

[1] The Complaint (Doc. 1) brings claims against "Phillip Brewer," (*see id.* at 1), and therefore, this case is captioned accordingly. In his Amended Answer (Doc. 40), this party clarifies that his name is actually "Philip Brewer." This Order will use the latter spelling.

Plaintiff, Blue Moon, filed this case in the United States District Court for the District of Nevada on December 6, 2013. (*See* Compl., Doc. 1, at 1, 21). The Complaint asserts claims for: direct, vicarious, and contributory copyright infringement; trademark infringement; misappropriation of trade secrets; and violations of the Nevada Deceptive Trade Practices Act, against various individual and business entity Defendants. (*Id.* at 14–20). Defendants Scott Matthews, Travel Excursion Network, LLC, 4 Star Holdings LLC, Allan Leffler, Tracey Leffler, Prestige Travel Systems, Inc., Ron LaScala, RW Advertising, Inc., and Call Services International LLC jointly filed an Amended Answer. (Matthews Am. Answer & Countercl., Doc. 33, at 2). Additionally, Defendant Matthews and Counterclaimant Travel Shopping Network, LLC purport to assert counterclaims against Blue Moon, MacGregor, Level-12, Inc., Daryl Dupree, and Does 1-10. (*Id.* at 41). Brewer and Crown Club also filed an Amended Answer to the Complaint. (Brewer Am. Answer, Countercl., & Cross-cl., Doc. 40, at 2). In conjunction, Crown Club purports to assert a counterclaim against Blue Moon, (*id.* at 8), and both Brewer and Crown Club purport to bring cross-claims against Matthews, Travel Shopping Network, LLC, and MacGregor, (*id.* at 15). Summer Bay filed a Complaint in Intervention (Doc. 41) against Matthews, Travel Shopping Network, LLC, and MacGregor, (*id.* at 20).

On December 9, 2014, the Nevada District Court granted Defendants' Motion to Transfer Venue (Doc. 100) and ordered this case transferred to the Middle District of Florida, (Dec. 9, 2014 Order, Doc. 118, at 1). Thereafter, Crown Club and Brewer moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Mot. J. on Pleadings, Doc. 147). Blue Moon responded and, in the alternative, moved to amend. (Resp. & Mot. to Amend, Doc. 155). On June 26, 2015, the moving parties notified this Court that all claims between them had been settled. (Notice of Settlement, Doc. 166, at 1). The moving parties now seek a court order, pursuant to

Federal Rules of Civil Procedure 41(a)(2) and 41(c), dismissing the claims with prejudice. (Mot. to Dismiss at 1–2). No other party to this action has either responded to the Motion to Dismiss or otherwise objected to the requested relief.

## II. ANALYSIS

Federal Rule of Civil Procedure 41(a)(2) allows voluntary dismissal upon motion and "by court order, on terms that the court considers proper." The same "rule applies to a dismissal of any counterclaim, cross[-]claim, or third-party claim." Fed. R. Civ. P. 41(c). "The plaintiff's right to a voluntary dismissal without prejudice is not absolute," but "in most cases a dismissal should be granted unless the defendant will suffer some legal harm." *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976).[2] In considering whether the defendant would suffer some legal prejudice, "the Court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence . . . in prosecuting the action, insufficient explanation for . . . a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Pezold Air Charters v. Phoenix Corp.*, 192 F.R.D. 721, 728 (M.D. Fla. 2000) (quotation omitted).

There is no indication than any party will be prejudiced by the dismissal of the specified claims. All the claims that the moving parties seek to dismiss are asserted against each other. Accordingly, all the relevant parties have consented and agreed to the dismissal of the specified claims. Furthermore, no party will be fully dismissed from the action as a result of the dismissal of the requested claims, and therefore, no claims by or against any nonmoving party will be affected by the dismissal of the requested claims. Thus, the Court, seeing no basis to deny the requested relief, will grant the Motion to Dismiss.

---

[2] Decisions of the Fifth Circuit entered before October 1, 1981, are binding on the courts of the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

### III. CONCLUSION

In accordance with the foregoing, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. The Joint Motion for Order Dismissing Claims (Doc. 167) is **GRANTED**.

2. All claims that Blue Moon Marketing, LLC has asserted against Summer Bay Resorts Crown Club, LLC and Philip Brewer are **DISMISSED with prejudice**.

3. Summer Bay Resorts Crown Club, LLC's counterclaim against Blue Moon Marketing, LLC is **DISMISSED with prejudice**.

4. Summer Bay Resorts Crown Club, LLC and Philip Brewer's cross-claim against Brian MacGregor is **DISMISSED with prejudice**.

5. Summer Bay Sales and Marketing, LC's claim in intervention against Brian MacGregor is **DISMISSED with prejudice**.

6. The Motion for Judgment on the Pleadings (Doc. 147) is **DENIED as moot**.

7. Plaintiff's Response and Motion to Amend (Doc. 155) is **DENIED as moot**.

8. The Motion to Extend the Automatic Stay (Doc. 164) is **DENIED as moot**.

**DONE** and **ORDERED** in Orlando, Florida on August 20, 2015.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties