IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BLUE MOON MARKETING, LLC,

    Plaintiff,

v.                                             Case No.: 6:14-cv-2036-Orl-41TBS

SCOTT MATTHEWS, TRAVEL
EXCURSION NETWORK, LLC, 4 STAR
HOLDINGS LLC, ALLAN R. LEFFLER,
TRACY L. LEFFLER, PRESTIGE TRAVEL
SYSTEMS, INC., RON LASCALA, SUMMER
BAY RESORTS CROWN CLUB, LLC,
PHILIP BREWER, WESTGATE RESORTS,
LTD., WESTGATE RESORTS, LLC,
WESTGATE RESORTS, INC., RW
ADVERTISING, INC., and CALL SERVICES
INTERNATIONAL LLC,

    Defendants.
_____/

**MOTION FOR ENTRY OF SHOW CAUSE ORDER AS TO WHY CASE SHOULD
NOT BE DISMISSED FOR FAILURE TO PROSECUTE OR, IN THE ALTERNATIVE,
<u>FOR TELEPHONIC CASE MANAGEMENT CONFERENCE</u>**

Defendants, RW Advertising, Inc., Prestige Travel Systems, Inc., Ron LaScala, Travel Excursion Network, LLC, 4 Star Holdings, LLC, Call Services International, LLC, Allan R. Leffler, and Tracy L. Leffler, pursuant to Local Rule 3.10, move for entry of an order requiring plaintiff Blue Moon Marketing, LLC ("Blue Moon") to show cause why this case should not be dismissed for failure to prosecute. Alternatively, these defendants request that the Court convene a telephonic case management conference to address the status of the litigation.

    1.    At its core, this is a copyright infringement action by Blue Moon against defendant Scott Matthews. Blue Moon alleges that Mr. Matthews copied an "infomercial" for

travel vacations produced by Blue Moon.  Specifically, Blue Moon alleges that it developed a "unique concept whereby it would sell a specific, single travel product by creating a television program that was destination specific." (D.E. 1, para. 27).  In furtherance of that concept, Blue Moon alleges that, in April 2013, it produced a 28-minute "infomercial" featuring Carnival Cruise Lines titled "The 5 Day 5 Star Dream Vacation." (D.E. 1, para. 30).  Blue Moon alleges that Mr. Matthews, whom it had previously hired as an outside sales representative, conspired with certain defendants to form a shell company (4 Star Holdings, LLC) "for the purpose of defrauding [Blue Moon] and illegally replicating [Blue Moon's] proprietary marketing concepts by creating a long form infomercial which copied [Blue Moon's] Carnival Cruise Program." (D.E. 1, para. 36).  Blue Moon alleges that these defendants registered and promoted their infringing infomercial under the name "Travel Excursion Network, LLC," which Blue Moon alleges is confusingly similar to its tradename -- "Travel Shopping Network." (D.E. 1, para. 39).

2. The case originated in Nevada and was transferred to this Court by Order of the United Stated District Court for the District of Nevada dated December 9, 2014.

3. On January 9, 2015, this Court entered a Case Management and Scheduling Order establishing various discovery and trial deadlines.  (D.E. 140).  Currently, the discovery cut-off deadline is December 1, 2016, and trial is scheduled for the June 5, 2017 trial term. (D.E. 140).

4. On February 5, 2015, defendant Matthews filed a Suggestion of Bankruptcy. (D.E. 156).  Thereafter, on April 17, 2015, this Court entered an Order staying the case <u>only</u> as to defendant Matthews, and requiring Mr. Matthews to file a report as to the status of the bankruptcy proceedings every 180 days until resolved.  (D.E. 163).  To date, undersigned counsel is not aware that Mr. Matthews has filed with this Court any report as to the status of the bankruptcy proceedings.

5. On August 20, 2015, this Court entered an Order dismissing claims, counterclaims and cross-claims involving several of the defendants (Summer Bay Resorts Crown Club, LLC, Philip Brewer, and Summer Bay Sales and Marketing, LC), pursuant to a settlement agreement. (D.E. 168). This August 20, 2015 Order is the last activity that has occurred in the case.

6. It is the undersigned's understanding that the lead attorneys for Blue Moon listed in the Complaint (Michael Graves and Patrick C. McDonnell) are no longer affiliated with the law firm Rainey Legal Group, PLLC, and that Mr. Graves and Mr. McDonnell are no longer participating in this litigation on behalf of Blue Moon. However, neither Mr. Graves nor Mr. McDonnell have filed a motion to withdraw or taken any other steps to remove themselves as counsel of record for Blue Moon.

7. It is also the undersigned's understanding that attorney Mark A. Addington of the law firm Addington Law has been designated as local counsel by Blue Moon. (D.E. 131). Undersigned counsel spoke to Mr. Addington by telephone on April 6, 2016. At that time, Mr. Addington indicated that he would speak with his client regarding the status of the matter and get back to the undersigned. To date, Mr. Addington has not called back. The undersigned called Mr. Addington again on April 12, 2016, and left a message. Mr. Addington has not returned the call.

8. Based on the foregoing, the defendants listed above are unclear as to whether Blue Moon intends to prosecute this matter and, if so, who their attorney is. In light of the scheduling order currently in place, and the fact that the matter has not been stayed as to the above-listed defendants, it is necessary to undertake discovery and other activities geared towards getting this case ready for trial if Blue Moon intends to proceed. However, these

defendants do not want to incur the expense associated with discovery if Blue Moon does not in fact intend to proceed or, indeed, does not have counsel.

9.   Local Rule 3.10 authorizes this Court, on motion of any party or on its own motion, to enter an order to show cause why the case should not be dismissed for failure to prosecute, and if no satisfactory cause is shown, to dismiss the case.  See also Jenkins v. FMA Alliance, Ltd., Case No. 3:12-cv-627-J-12MCR, 2013 WL 314951, at *1 (M.D. Fla. June 12, 2013) (a district court may dismiss complaint for failure to prosecute or to comply with a court order pursuant to Fed. R. Civ. P. 41(b)).

10.   Blue Moon has not taken significant steps to move this case forward since it was transferred to this Court and it is not clear by whom it is represented at this point.  Moreover, the status of Mr. Matthews' bankruptcy proceeding and its impact on this litigation are also unclear.  Accordingly, it is appropriate to enter an order directing Blue Moon to show cause why the case should not be dismissed for failure to prosecute.  Alternatively, if the Court believes it would be helpful, the defendants above-listed request a brief, telephonic status conference with the Court to discuss the status of the case.

FOR RELIEF, defendants RW Advertising, Inc., Prestige Travel Systems, Inc., Ron LaScala, Travel Excursion Network, LLC, 4 Star Holdings, LLC, Call Services International, LLC, Allan R. Leffler, and Tracy L. Leffler, respectfully request that the Court grant this motion and enter its order requiring plaintiff to show cause within ten (10) days why the claims against these defendants should not be dismissed for failure to prosecute, or alternatively, scheduling a telephonic case management conference, and entering any further relief the Court deems just and appropriate.

Respectfully submitted,

AUSLEY & McMULLEN, P.A.

/s/Martin B. Sipple
Martin B. Sipple
Florida Bar No.: 0135399
Ruth E. Vafek
Florida Bar No.:  0034220
123 South Calhoun Street
P.O. Box 391 (zip 32302)
Tallahassee, Florida  32301
(850) 224-9115 – telephone
(850) 222-7560 – facsimile

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been served on all counsel of record electronically via the CM/ECF System on this 13th day of April, 2016, and in addition that a true and correct copy of the foregoing has been delivered via electronic mail ("email") the same day to:

Chaz Rainey
Rainey Legal Group PLLC
9340 W. Martin Avenue, Second Floor
Las Vegas, Nevada 89148
chaz@raineylegal.com

Mark A. Addington
Addington Law
11210-15 Old St. Augustine Road
No. 141
Jacksonville, Florida 32257
mark@addingtonlaw.com

/s/ Martin B. Sipple
Attorney