```
                IN THE UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         ORLANDO DIVISION
```

| | |
|---|---|
| BLUE MOON MARKETING, LLC,            ) | |
|       Plaintiff/ ) | |
|       Counter-Defendant, ) | Case No. 6:14-cv-02036-CEM-TBS |
| v.                                   ) | |
| SCOTT R. MATTHEWS, *et al.*,         ) | |
|       Defendant/ ) | |
|       Counter-Plaintiff. ) | |

**MOTION FOR ORDER TO SHOW CAUSE WHY SCOTT MATTHEWS'S COUNTERCLAIMS SHOULD NOT BE DISMISSED FOR LACK OF PROSECUTION**

COME NOW Plaintiff/Counter-Defendant, BLUE MOON MARKETING, LLC and Third-Party Defendants, DARYL DUPREE and BRIAN MacGREGOR, by and through their undersigned counsel, and move this Court to DISMISS Scott Matthews's counterclaims (Doc. 8) for lack of prosecution.

**I.  Legal Standard**

A motion to dismiss for lack of prosecution is governed by Rule 41(b), which provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.

Fed. R. Civ. Proc. Rule 41(b).

## II. Procedural History

On January 7, 2014, Matthews filed an answer and counterclaims against Blue Moon Marketing, LLC. (Doc. 8.)

On January 12, 2015, Matthews's then counsel, Clyde DeWitt, filed a motion to withdraw as counsel. (Doc. 142.) An order (Doc. 143) was entered on January 12, 2015, leaving Matthews pro se, which he has been ever since.

On April 17, 2015, the case was stayed as to Matthews. (Doc. 163.)

On or about October 6, 2016, in the related bankruptcy case, Matthews entered into a settlement agreement, stating he would "dismiss any counterclaims" in this case. (Doc. 198-1 at 4, ¶ 7.) (Order approving at 198-2.)

On November 22, 2016, Matthews filed a status of bankruptcy proceedings. (Doc. 197.) Therein, he wrote, "I ask the courts and the judge to review this case. I don't understand why or how this case has continued . . . ." He has not filed anything since.

On August 16, 2019, the court reopened the case and ended the stay. (Doc. 206.)

## III. Analysis

Under Rule 41(b), a district court may dismiss a complaint for failure to prosecute. *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985). Here, based on the

settlement agreement in the bankruptcy case, Matthews was required to have already dismissed his counterclaim. Based on his non-prosecution of his counterclaim and comment in Doc. 197 ("I don't understand why or how this case has continued"), it appears Matthews has no interest in pursuing his counterclaim. Therefore, the court should require him to show cause why it should not be dismissed for lack of prosecution.

WHEREFORE, Plaintiff, Blue Moon Marketing LLC, and Third-Party Defendants, DARYL DUPREE and BRIAN MacGREGOR, request this Honorable Court enter an order requiring SCOTT MATTHEWS to show cause why his counterclaim should not be dismissed for lack of prosecution.

### CERTIFICATE OF CONFERRAL

I hereby certify that on **December 17, 19,** prior to filing this motion, I called Scott Matthews to confer about the issue herein. When I told him who I was and what case I was calling about, he said that he was represented in this case by Attorney Charlie Price. I told him that I did not see a notice of appearance from Mr. Price, but did not want to speak to him if he was represented by an attorney. He confirmed that, yes, he was represented. I then attempted to call Mr. Price, but his number forwarded to another law firm, who told me Mr. Price had retired. I then called Mr. Matthews a second time

and said I had been told Mr. Price had retired. I told him that I just needed to confer because his counterclaims were still pending and I wanted to file a motion to dismiss them for lack of prosecution. He could not tell me whether he would agree with the dismissal. I told him that he should consult with an attorney.

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012

## CERTIFICATE OF SERVICE

I hereby certify that on **December 17, 19,** the date of filing this motion, a true and correct copy of the foregoing has been furnished via CM/ECF. Additionally, a copy is being mailed to Scott Matthews at 7051 Bramlea Lane, Windermere, FL 34786.

*Attorneys for Blue Moon Marketing, LLC and Daryl DuPree:*

**Cynthia Conlin & Associates**
1824 E. Robinson Street
Orlando, Florida 32803
Tel. 407-965-5519
Fax 407-545-4397
www.ConlinPA.com

/s/ Cynthia Conlin, Esq.
CYNTHIA CONLIN, ESQ.
Florida Bar No. 47012
cynthia@conlinpa.com
Secondary Email for Service:
service@conlinpa.com