# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BLUE MOON MARKETING, LLC,**

    **Plaintiff,**

**v.**                                          **Case No:   6:14-cv-2036-Orl-41LRH**

**SCOTT R. MATTHEWS, TRAVEL EXCURSION NETWORK, LLC, 4 STAR HOLDINGS LLC, ALLAN R. LEFFLER, TRACY L. LEFFLER, PRESTIGE TRAVEL SYSTEMS, INC., RON LASCALA, RW ADVERTISING, INC., CALL SERVICES INTERNATIONAL LLC and DOES 1-10,**

    **Defendants.**

## ORDER

On November 18, 2019, the Court entered an order granting the only counsel for Defendants Travel Excursion Network, LLC's, 4 Star Holdings, LLC's, Call Services International, LLC's, and RW Advertising, Inc.'s (the Corporate Defendants) leave to withdraw. (Doc. 234 (the Order)).[1] In doing so, the Court explained that corporate entities must be represented by counsel pursuant to Local Rule 2.03(e), and since they were no longer represented they were subject to default. (*Id.* at 3). The Court afforded the Corporate Defendants thirty days from the date of the Order – until December 18, 2019 – to retain substitute counsel and have that counsel appear in this case on their behalf. (*Id.*). The Court warned the Corporate Defendants that if substitute counsel did not appear

---

[1] The Court also granted counsel leave to withdraw from representing Defendants Allan R. Leffler and Tracy L. Leffler, who are now proceeding *pro se*. (Doc. 234).

on their behalf in the time provided their pleadings would be stricken and default would be entered against them. (*Id.*).

On November 19, 2019, in compliance with the Order, now-former-counsel for the Corporate Defendants, Martin B. Sipple, filed a notice stating that he mailed a copy of the Order to Sean Ryan on behalf of RW Advertising, Inc, and separately mailed copy of the Order to Allan and Tracy Leffler, who, according to counsel, control Travel Excursion Network, LLC, 4 Star Holdings, LLC, and Call Services International, LLC (*see* Doc. 221 at ¶ 1). (Doc. 235).

The deadline for substitute counsel to appear has passed, and substitute counsel has not appeared on behalf of any of the Corporate Defendants. Therefore, as the Court warned in its Order, the Corporate Defendant's answer and affirmative defenses will be stricken and clerk's default will be entered against them.

Accordingly, it is **ORDERED** that:

1. Defendants Travel Excursion Network, LLC's, 4 Star Holdings, LLC's, Call Services International, LLC's, and RW Advertising, Inc.'s operative answer and affirmative defenses (Doc. 33) is **STRICKEN**.[2]

2. The Clerk is **DIRECTED** to enter default against Defendants Travel Excursion Network, LLC, 4 Star Holdings, LLC, Call Services International, LLC, and RW Advertising, Inc.

---

[2] The striking of the answer is applicable only to Travel Excursion Network, LLC, 4 Star Holdings, LLC, Call Services International, LLC, and RW Advertising, Inc., and not as to the other Defendants named in the operative answer that have not been defaulted.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2019.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties